UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Case No. 5:15-cv-05841-EJD

IN RE KALOBIOS PHARMACEUTICALS, INC. SECURITIES LITIGATION

THIS DOCUMENT RELATES TO ALL ACTIONS

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT

WHEREAS,

(A) This Action began with the filing of multiple initial securities class action complaints in the United States District Court for the Northern District of California: (1) by Plaintiff Kang Li on December 18, 2015; (2) by Plaintiff Matthew Sciabacucchi on December 23, 2015; and (3) by Plaintiff Austin Isensee on December 31, 2015. These initial complaints named Defendants KaloBios, Shkreli, and Chris Thorn ("Thorn"). Each asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b), and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. § 240.10b-5, alleging that Defendants made material misstatements and omissions concerning KaloBios's business operations and prospects between November 18, 2015 and December 16, 2015.

(B) On December 30, 2015, KaloBios filed for Chapter 11 bankruptcy, its case proceeding as Case No. 15-12628 (LSS) (the "Bankruptcy Case") pending in the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

(C) On February 16, 2016, multiple movants, including Kaniz Fatema, Zeke Ingram, Bhaskar R. Gudlavenkatasiva and Abuhena M. Saifulislam (together, the "KaloBios Investor Group" or "Lead Plaintiffs"), filed motions and supporting papers seeking to consolidate these cases and seeking appointment by the Court to serve as lead plaintiffs.

(D) On March 29, 2016, the KaloBios Investor Group and Plaintiff Isensee (together "Plaintiffs") filed a proof of claim in KaloBios's Bankruptcy Case on their own behalf and on behalf of the putative class at issue in the Action, which estimated class-wide damages at over $20 million.

(E) On April 18, 2016, Plaintiff Isensee filed his First Amended Complaint for Violation of the Federal Securities Laws. Plaintiff Isensee's Amended Complaint removed Thorn as a named Defendant in the Action, again named KaloBios and Shkreli as Defendants, and also named Martell and Cross for the first time as Defendants in the Action. This Amended Complaint included allegations by certain confidential witnesses and also asserted claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5, alleging that Defendants made material misstatements and omissions concerning KaloBios's business operations and prospects between November 18, 2015 and December 16, 2015.

(F) On April 28, 2016, the Court entered an Order appointing the KaloBios Investor Group to serve as Lead Plaintiffs and appointing their choice of counsel, Pomerantz LLP (also counsel for Plaintiff Isensee) to serve as Lead Counsel.

(G) The deadline for Lead Plaintiffs to file a further amended pleading is July 14, 2016, as per a Joint Stipulation between Lead Plaintiffs and Defendant Shkreli, who is not a party to this Stipulation and against whom the Action will continue to be litigated, which the Court so ordered on May 26, 2016.

(H) Lead Counsel and counsel for Defendants KaloBios, Martell, and Cross (the

- 2 -

"Settling Defendants") engaged in substantial discussions and negotiations regarding a potential resolution to the Action, culminating in a verbal agreement to settle the Action as to the Settling Defendants on May 18, 2016.

(I) Plaintiffs, on their own behalf and on behalf of a proposed Settlement Class, and the Settling Defendants entered into a Memorandum of Understanding on June 2, 2016 and a Stipulation of Settlement on July 1, 2016 (the "Partial Settlement").

(J) Plaintiffs have applied to the Court pursuant to Fed. R. Civ. P. 23(e) for an order approving the Partial Settlement in accordance with the terms of the Stipulation and for complete dismissal of this Action as to the Settling Defendants.

(K) Plaintiffs' and the Settlement Class's claims against Defendant Shkreli are not encompassed within the Partial Settlement and shall continue to be litigated in this Action.

(L) The Court having reviewed and considered Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Notice to the Settlement Class (the "Motion"), as well as all papers submitted in support thereof; the terms and conditions of the proposed Partial Settlement as set forth in the Stipulation, a copy of which has been submitted with the Motion and the terms of which are incorporated herewith; and all other prior proceedings in this Action, and good cause for this Order having been shown:

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as through fully set forth herein. All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

2. This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including Settlement Class Members.

3. The Court preliminarily approves the Partial Settlement and the proposed Plan of

- 3 -

Allocation described in the Notice as fair, reasonable and adequate, pending a final settlement and fairness hearing (the "Settlement Hearing"). The Court preliminarily finds that the proposed Partial Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to the Plaintiffs or segments of the Settlement Class; and (v) warranting notice of the proposed Partial Settlement at the Settlement Hearing described below.

### **Conditional Certification of the Class**

4.  For purposes of settlement only, and pursuant to Fed. R. Civ. P. 23(a) and (b)(3), this Action is conditionally certified as a class action on behalf of the following persons (the "Settlement Class" or the "Class"):

> All persons or entities who purchased or otherwise acquired the common stock of KaloBios between November 18, 2015 and December 16, 2015, both dates inclusive, seeking to recover damages caused by the Settling Defendants' alleged violations of the federal securities laws. Excluded from the Settlement Class are Settling Defendants and their immediate family members; the Released Parties (as defined above); KaloBios's officers, directors, subsidiaries, and affiliates; KaloBios's employees, including without limitation Judy Alaura, Priyanka Ankola, Deborah Brown, Mark Camarena, Blair Evans, Jennifer Fernando, Morgan Lam, Wendy Lin, Tom Selph, Ted Shih, and Mirella Villa del Toro; Defendant Shkreli, and his immediate family members; Shkreli's affiliates and the other members of his investor group who acquired roughly 70% of KaloBios stock as announced by KaloBios: David Moradi ("Moradi"), Anthion Partners II LLC ("Anthion"), Marek Biestek ("Biestek"); and those individuals who otherwise acquired KaloBios stock and/or were appointed as KaloBios officers and directors in conjunction with Shkreli's takeover of the company, including Moradi, Biestek, Tony Chase, Tom Fernandez, and Michael Harrison

5.  The Court preliminarily finds that the prerequisites for a class action under Fed. R. Civ. P. 23 (a) and (b)(3) have been satisfied, and certifies a class solely for purposes of this Partial Settlement, finding that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the

Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. Based on the finding that Plaintiffs have fairly and adequately represented the interests of the Settlement Class, the Court conditionally appoints Plaintiffs as the class representatives for the Settlement Class. The Court finds that Lead Counsel has fairly and adequately represented the interests of the Settlement Class, and conditionally appoints Lead Counsel as class counsel pursuant to Fed. R. Civ. P. 23(g). These conditional appointments are solely for purposes of effectuating the Partial Settlement.

7. If the Stipulation is terminated or is not consummated for any reason, the foregoing conditional certification of the Class and appointment of the Class Plaintiffs and class counsel shall be void and of no further effect and the parties to the Stipulation shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Stipulation might have asserted in the Action.

8. The Court approves the appointment of The Huntington National Bank as the Escrow Agent to manage the Settlement Fund for the benefit of the Settlement Class.

9. The Court approves the appointment of Strategic Claims Services as the Settlement Administrator to supervise and administer the notice procedure and the processing of claims.

**Stay Order**

10. The Court orders the stay of any pending litigation and enjoins the initiation of any new litigation by any Settlement Class Member in any court, arbitration, or other tribunal that

includes any Settlement Class Claims against the Released Parties generally and the above-named Settling Defendants specifically.

11.   However, nothing herein shall impair Plaintiffs' ability to continue litigating their claims against Defendant Shkreli, which are not encompassed within the Partial Settlement or the Stipulation.

**Form and Timing of Notice**

12.   The Court hereby approves, as to form and content, the proposed Notice, substantially in the form of Exhibit ____B2____ [B1 or B2] to the Stipulation, and directs that as soon as practicable after entry of this Order, but no later than twenty-one (21) days after entry of this Order granting preliminary approval, the Settlement Administrator shall provide the Notice to each known Settlement Class Member via U.S. mail, postage pre-paid. KaloBios shall cooperate in the identification of Settlement Class Members by producing reasonably available information from its shareholder transfer records or transfer agent. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice.

13.   Banks, brokerage firms, institutions, and other persons who are nominees who purchased or otherwise acquired KaloBios common stock for the beneficial interest of other persons during the Settlement Class Period are directed to, within ten (10) days after receipt of the Notice: either (a) send the Notice and the Proof of Claim form to all beneficial owners of KaloBios common stock purchased or otherwise acquired during the Settlement Class Period; or (b) send a list of the names and addresses of such beneficial owners to the Settlement Administrator. The Settlement Administrator shall provide the Notice to each Settlement Class Member identified through point (b) of this Paragraph via U.S. mail, postage pre-paid, no later than sixty (60) days prior to the Settlement Hearing.

14.   The cost of providing the Notice to the Settlement Class as specified in this Order

shall be paid as set forth in the Stipulation.

15. The Court hereby approves, as to form and content, the proposed form Publication Notice, substantially in the form of Exhibit C to the Stipulation, and directs that no more than twenty-one days after entry of this Order granting preliminary approval Lead Counsel shall cause such Publication Notice to be published on a national business Internet newswire. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Publication Notice.

16. The Court approves the proposed Proof of Claim substantially in the form of Exhibit D to the Stipulation.

17. This Court preliminarily finds that the distribution of the Notice and the publication of the Publication Notice, and the notice methodology, contemplated by the Stipulation and this Order:

    (a) Constitute the best practicable notice to Settlement Class Members under the circumstances of this Action;

    (b) Are reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Partial Settlement of this Action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Partial Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not excluded themselves from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons not excluded from the Settlement Class;

    (c) Is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d) Fully satisfies all applicable requirements of the Federal Rules of Civil Procedure (including Fed. R. Civ. P. 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

**Participation and Opt Out**

18. Class Members who wish to participate in the Partial Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained in the Notice. Unless the Court orders otherwise, all Proofs of Claim and Release must be submitted no later than April 6, 2017, ~~2016~~. Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Settlement Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

19. Any person falling within the definition of the Settlement Class may seek to be excluded from the Settlement Class by submitting to the Settlement Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements set forth in the Notice and is postmarked no later than twenty-one (21) days prior to the date of the Settlement Hearing. All persons who submit valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Stipulation or the Judgment. However, a Settlement Class Member may submit a written revocation of a Request for Exclusion up until five (5) days prior to the date of the

Settlement Hearing and still be eligible to receive payments pursuant to the Stipulation provided the Settlement Class Member also submits a valid Proof of Claim prior to the Settlement Hearing (the "Bar Date").

**Settlement Hearing; Right to Appear and Object**

20. The Settlement Hearing shall take place before the undersigned, United States District Judge Edward J. Davila, in Courtroom 4, 5th Floor, San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, on May 11, 2017, ~~2016,~~ at ____9____:00 a.m./~~p.m.~~, to determine:

    (a) Whether the Partial Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable, and adequate;

    (b) Whether the Action should be dismissed on the merits and with prejudice as to the Settling Defendants;

    (c) Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action;

    (d) Whether the application for attorneys' fees and expenses to be submitted by Lead Counsel should be approved;

    (e) Whether the Plan of Allocation is fair and reasonable to the Settlement Class;

    (f) Whether the application for a compensatory award to be submitted by Plaintiffs should be approved; and

    (g) Such other matters as the Court may deem necessary or appropriate.

21. The Court may finally approve the Stipulation at or after the Settlement Hearing with any modifications agreed to by the parties and without further notice to the Settlement Class Members.

22. Any Settlement Class Member and any other interested person may appear at the Settlement Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection to such matters, unless no later than twenty one (21) days before the Settlement Hearing, such person files with the Court a statement of objection setting forth: (i) whether the person is a Settlement Class Member; (ii) to which part of the Stipulation the Settlement Class Member objects; (iii) the specific reason(s), if any, for such objection including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of such objection. Such Settlement Class Member shall also provide documentation sufficient to establish the amount of publicly traded KaloBios common stock purchased and sold during the Class Period on the NASDAQ, or by other means involving transactions in the United States, and the prices and dates of such transactions. Objection materials must be sent to the following:

| *for* Lead Counsel: | *for* Defendants' Counsel: |
|---|---|
| Matthew L. Tuccillo<br>Pomerantz LLP<br>600 Third Avenue<br>New York, NY 10016 | J. Christopher Mitchell (Bar No. 215639)<br>HOGAN LOVELLS US LLP<br>80 South Eighth Street, Suite 1225<br>Minneapolis, Minnesota 55402<br>Telephone: (612) 402-3000<br>Facsimile: (612) 402-3001<br>chris.mitchell@hoganlovells.com |
| Court:<br>Clerk of the Court<br>United States District Court<br>Robert F. Peckham Federal Building<br>280 South 1st Street<br>Room 2112<br>San Jose, CA 95113 | *Attorneys for Settling Defendant KaloBios Pharmaceuticals, Inc.*<br><br>Susan S. Muck<br>FENWICK & WEST LLP<br>555 California Street, 12th Floor<br>San Francisco, California 94104<br>Telephone: (415) 875-2300<br>Facsimile: (415) 281-1350<br><br>*Attorneys for Settling Defendants Herb Cross and Ronald Martell* |

- 10 -

23. Lead Counsel shall file all papers, including memoranda or briefs in support of the Stipulation, no later than twenty-eight (28) days prior to the Settlement Hearing.

24. Lead Counsel shall file any motion for an award of attorneys' fees and reimbursement of expenses no later than twenty-eight (28) days prior to the Settlement Hearing.

25. Lead Counsel shall file any response to objections (if any are received) by no later than fourteen (14) days prior to the Settlement Hearing.

26. The Court may adjourn the Settlement Hearing, including the consideration of the motion for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Settlement Hearing or any adjournment thereof.

27. If the Partial Settlement is approved, all Settlement Class Members will be bound by the terms of the Partial Settlement as set forth in the Stipulation, and by any judgment or determination of the Court affecting the Settlement Class, regardless of whether or not a Class Member submits a Proof of Claim. Any member of the Settlement Class who fails to opt out of the Settlement Class or who fails to object in the manner prescribed therein shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, or which otherwise were at issue in the Action.

**Other Provisions**

28. Upon payment of the Settlement Consideration to the Escrow Account by the Settling Defendants and AIG, the Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed pursuant to the Stipulation and/or further order of this Court. There shall be no distribution of any part of the Net Settlement Fund to the Settlement Class until the Plan of

Allocation is finally approved and the Court issues the Settlement Fund Distribution Order and until the Order and Final Judgment becomes Final.

29. Except for the obligation to cooperate in the production of reasonably available information with respect to the identification of Settlement Class Members from KaloBios's shareholder transfer records, in no event shall the Settling Defendants or any of the Released Parties have any responsibility for the administration of the Partial Settlement, and neither the Settling Defendant nor any of the Released Parties shall have any obligation or liability to the Plaintiffs, Lead Counsel, or the Settlement Class in connection with such administration.

30. No Person shall have any claim against Plaintiffs, Lead Counsel, other plaintiffs' counsel who worked on the Action, the Settlement Class Members, the Settlement Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Partial Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct. No person shall have any claim under any circumstances against the Released Parties, based on any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.

31. The Settling Defendants have denied, and continue to deny, any and all allegations and claims asserted in the Action and have represented that they entered into the Partial Settlement solely in order to eliminate the burden, expense, and uncertainties of further litigation. This Order and the Stipulation, whether the Partial Settlement contemplated by the Stipulation is consummated or not, and any statements made or proceedings taken pursuant to them are not, shall not be deemed to be, and may not be argued to be or offered or received:

(a) Against any of the Settling Defendants as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Settling Defendants with

respect to the truth of any fact alleged by the Plaintiffs in this Action or the validity of any claim that has been or could have been asserted against any of the Settling Defendants in this Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by any of the Settling Defendants.

      (b)    Against any of the Settling Defendants as evidence of, or construed as evidence of any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Settling Defendants, or against the Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of any infirmity of the claims alleged by the Plaintiffs in the Action.

      (c)    Against any of the Settling Defendants, the Plaintiffs, or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Settling Defendants, the Plaintiffs, or any Settlement Class Member with respect to any liability, negligence, fault, or wrongdoing as against any of the Settling Defendants, the Plaintiffs, or any Settlement Class Member in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, the Settling Defendants, the Plaintiffs, and any Settlement Class Member may refer to it to effectuate the liability protection granted them hereunder;

      (d)    Against any of the Settling Defendants as evidence of, or construed as evidence of any presumption, concession, or admission by any of them that the Settlement Consideration represents the amount which could or would have been received after trial of the Action against them;

      (e)    Against the Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Plaintiffs or

any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by Defendant Shkreli, the Settling Defendants, or any former defendants in the Action have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund, or will not yet exceed it as the Action continues to be litigated against Defendant Shkreli; and

(f)  As evidence of, or construed as evidence of any presumption, concession, or admission that class certification is appropriate in this Action, except for purposes of this Partial Settlement.

32.  In the event that the Partial Settlement does not become effective in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the Partial Settlement, and without prejudice to the rights of the parties to the Stipulation before it was executed.

In accordance with the above, the Parties are ordered to comply with the Schedule for Final Approval, summarized and attached below.

**SO ORDERED** in the Northern District of California on January 20, 2017, ~~2016~~.



THE HON. EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE

- 14 -

Attachment to Order Granting Preliminary Approval Of Partial Settlement in 15-cv-5841-EJD

The Parties are hereby ordered to comply with the following schedule for Final Approval of the Settlement.

| | |
|---|---|
| Date for Settlement Hearing. | **9:00 a.m on May 11, 2017** Preliminary Approval Order ¶ 20 |
| Deadline for Mailing of Notice and Proof of Claim and Release. | No later than **February 10, 2017** (21 calendar days after the entry of this Order.) Id. at ¶ 12 |
| Deadline for Publication of Summary Notice. | No later than **February 10, 2017** (21 calendar days after the entry of this Order.) Id. at ¶ 15 |
| Deadline for Class Members who wish to participate in the Settlement to Submit the Proof of Claim and Release form. | No later than **April 6, 2017** (7 calendar days prior to the deadline for Plaintiffs to file and serve papers in support of the Settlement.) Id. at ¶ 18 |
| Deadline for Filing Requests for Exclusion. | Postmarked no later than **April 20, 2017** (21 calendar days prior to the Final Settlement Hearing.) Id. at ¶ 19 |
| Deadline for Plaintiffs to file and serve papers in support of Settlement, the Plan of Allocation, and Application for Attorneys' Fees and Reimbursement of Expenses. | No later than **April 13, 2017** (28 calendar days prior to the Final Settlement Hearing.) Id. at ¶¶ 23-24 |
| Deadline for Filing Objections. | **April 20, 2017** (21 calendar days prior to the Final Settlement Hearing.) Id. at ¶ 22 |
| Deadline for Plaintiffs to file Reply in support Settlement, the Plan of Allocation, and Application for Attorneys' Fees and Reimbursement of Expenses. | **April 27, 2017** (14 calendar days prior to the Final Settlement Hearing.) Id. at ¶ 25 |

Case No.: 5:15-cv-05841-EJD
ORDER GRANTING PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT