Jennifer Pafiti (SBN 282790)
**POMERANTZ LLP**
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (818) 532-6449
Email: jpafiti@pomlaw.com

Marc I. Gross
Jeremy A. Lieberman
Matthew L. Tuccillo
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: migross@pomlaw.com
jalieberman@pomlaw.com
mltuccillo@pomlaw.com

*Counsel for Plaintiffs and*
*Proposed Lead Counsel for the Settlement Class*
[Additional Counsel Listed On Signature Page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE KALOBIOS PHARMACEUTICALS, INC. SECURITIES LITIGATION | Case No. 5:15-cv-05841-EJD |
| | **CLASS ACTION** |
| THIS DOCUMENT RELATES TO ALL ACTIONS | **PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND MEMORANDUM OF LAW IN SUPPORT** |
| | Date: **March 29, 2018** Time: 9:00 a.m. Courtroom: 4 – 5th Floor Judge: Hon. Edward J. Davila |

# TABLE OF CONTENTS

I.      INTRODUCTION, PROCEDURAL HISTORY, AND OVERVIEW OF THE
        PROPOSED SETTLEMENT AND HOW IT WAS ACHIEVED ...................................... 3

II.     PRELIMINARY APPROVAL OF THE FINAL SETTLEMENT IS WARRANTED ....... 7

        A.      Preliminary Approval Standards ........................................................................ 7

        B.      The Proposed Settlement Resulted From Arm's Length Negotiations ................... 8

        C.      The Proposed Settlement Has No Obvious Deficiencies And Falls Within The
                Range For Approval ......................................................................................... 10

        D.      The Risk, Expense And Complexity Of The Action .......................................... 11

        E.      The Proceedings Are Sufficiently Advanced To Permit Preliminary Approval
                Of The Proposed Settlement ............................................................................ 12

III.    CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE ..................... 13

        A.      The Proposed Settlement Class Meets The Prerequisites For Class Certification
                Under Rule 23 .................................................................................................. 13

                1.      Numerosity ........................................................................................... 15

                2.      Commonality ........................................................................................ 16

                3.      Typicality ............................................................................................. 17

                4.      Adequacy ............................................................................................. 18

                5.      Common Questions Of Law Predominate And A Class Action Is The
                        Superior Method Of Adjudication .......................................................... 18

        B.      The Proposed Plan And Method For Notice Meets All Requirements ................. 20

        C.      Proposed Schedule For Final Approval .............................................................. 22

IV.     CONCLUSION ......................................................................................................... 23

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

5

*Alfus v. Pyramid Tech. Corp.*,
    764 F. Supp. 598 (N.D. Cal. 1991) ........................................................................17

6

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997) .................................................................................14, 17, 19

7

8

*Athale v. Sinotech Energy Ltd.*,
    No. 11-CV-05831, 2013 WL 11310685 (S.D.N.Y. Sept. 4, 2013) ...........................13

9

*Bautista-Perez v. Holder*,
    No. C 07-4192 TEH, 2009 WL 2031759 (N.D. Cal. July 9, 2009) ..........................16

10

11

*Churchill Vill., L.L.C. v. Gen. Elec.*,
    361 F.3d 566 (9th Cir. 2004)..................................................................................11

12

*Class Plaintiffs v. City of Seattle*,
    955 F.2d 1268 (9th Cir. 1992)..................................................................................7

13

14

*Erica P. John Fund, Inc. v. Halliburton Co.*,
    563 U.S. 804, 131 S. Ct. 2179, 180 L. Ed. 2d 24 (2011) .........................................18

15

16

*Gittin v. KCI USA, Inc.*,
    No. 09-CV-05843 RS, 2011 WL 1467360 (N.D. Cal. Apr. 12, 2011) .....................20

17

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998)......................................................................7, 13, 18

18

19

*Harris v. Palm Springs Alpine Estates, Inc.*,
    329 F.2d 909 (9th Cir. 1964)..................................................................................15

20

*Hodges v. Akeena Solar, Inc.*,
    274 F.R.D. 259 (N.D. Cal. 2011) .....................................................................14, 18

21

22

*In re Adobe Sys., Inc. Sec. Litig.*,
    139 F.R.D. 150 (N.D. Cal. 1991) ...........................................................................14

23

24

*In re Apollo Group, Inc. Sec. Litig.*,
    No CV 04-2147-PHX, 2008 WL 3072731 (D. Ariz. Aug. 4, 2008)..........................12

25

*In re Apple Computer Sec. Litig.*,
    No. 84-20148-JW, 1991 WL 238298 (N.D. Cal. Sept. 6, 1991)...............................12

26

27

28

*In re Cooper Cos. Inc. Sec. Litig.*,
254 F.R.D. 628 (C.D. Cal. 2009) ....................................................................14, 18, 19, 20

*In re Emulex Corp., Sec. Litig.*,
210 F.R.D. 717 (C.D. Cal. 2002) ...............................................................................17, 20

*In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*,
No. MDL 901, 1992 WL 226321 (C.D. Cal. June 10, 1992) ..............................................9

*In re Heritage Bond Litig.*,
No. 02–ML–1475 DT, 2005 WL 1594403 (C.D. Cal. June 10, 2005) ..................................10

*In re Initial Pub. Offering Sec. Litig.*,
260 F.R.D. 81 (S.D.N.Y. 2009) .........................................................................................19

*In re Inter-Op Hip Prosthesis Liab. Litig.*,
204 F.R.D. 330 (N.D. Ohio 2001) .....................................................................................19

*In re KaloBios Pharmaceuticals, Inc.*,
Case No. 15-12628-LSS (Bankr. D. Del.) ........................................................................4, 5

*In re LDK Solar*,
255 F.R.D. 519 (N.D. Cal. 2009) ......................................................................................19

*In re Marsh & McLennan Sec. Litig.*,
No. 04 Civ. 8144(CM), 2009 WL 5178546 (S.D.N.Y. Dec. 23, 2009) ..............................22

*In re Mego Fin. Corp. Sec. Litig.*,
213 F.3d 454 (9th Cir. 2000), *as amended* (June 19, 2000) ..............................................12

*In re Omnivision Techs., Inc.*,
559 F. Supp. 2d 1036 (N.D. Cal. Jan. 11 2008) ...........................................................8, 10

*In re Portal Software, Inc. Sec. Litig.*,
No. C 03 5138 VRW, 2007 WL 1991529 (N.D. Cal. June 30, 2007) ................................22

*In re Seagate Tech. II Sec. Litig.*,
843 F. Supp. 1341 (N.D. Cal. 1994) ..................................................................................14

*In re Tableware Antitrust Litig.*,
484 F. Supp. 2d 1078 (N.D. Cal. 2007) ...............................................................................9

*In re UTStarcom, Inc. Sec. Litig.*,
No. C 04-04908 JW, 2010 WL 1945737 (N.D. Cal. May 12, 2010) ....................13, 16, 17, 20

*In re VeriSign, Inc. Sec. Litig.*,
No. C 02-02270-JW, 2005 WL 7877645 (N.D. Cal. Jan. 13, 2005) ..................................17

*In re Wireless Facilities, Inc. Sec. Litig. II,*
 253 F.R.D. 607 (S.D. Cal. 2008)................................................................8

*Isensee v. KaloBios Pharmaceuticals, Inc., et al.,*
 Case No. 15-cv-06331-EJD (N.D. Cal.) .............................................4, 15

*Knight v. Red Door Salons, Inc.,*
 No. 08-1520, 2009 WL 248367 (N.D. Cal. Feb. 2, 2009) .................10, 12

*Lerwill v. Inflight Motion Pictures, Inc.,*
 582 F.2d 507 (9th Cir. 1978)................................................................18

*Linney v. Cellular Alaska P'ship,*
 151 F.3d 1234 (9th Cir. 1998).................................................................7

*Mazza v. Am. Honda Motor Co.,*
 666 F.3d 581 (9th Cir. 2012).................................................................16

*Murillo v. Pac. Gas & Elec. Co.,*
 266 F.R.D. 468 (E.D. Cal. 2010) .........................................................19

*Nguyen v. Radient Pharm. Corp.,*
 287 F.R.D. 563 (C.D. Cal. 2012) .........................................................16

*Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco,*
 688 F.2d 615 (9th Cir. 1982)................................................................10

*Rannis v. Recchia,*
 380 Fed. App'x. 646 (9th Cir. May 27, 2010) ....................................15

*Rosenburg v. Int'l Bus. Mach. Corp.,*
 No. CV 06-00430-PJH, 2007 WL 128232 (N.D. Cal. Jan. 11, 2007) .................7, 22

*Satchell v. Fed. Express Corp.,*
 No. C-03-2878-SI, 2007 WL 1114010 (N.D. Cal. Apr. 13, 2007) ............7

*Schleicher v. Wendt,*
 618 F.3d 679 (7th Cir. 2010)................................................................20

*Schwartz v. Harp,*
 108 F.R.D. 279 (C.D. Cal. 1985) .........................................................15

*U.S. v. Shkreli,*
 Case No. 15-CR-637 (KAM) (E.D.N.Y. Mar. 5, 2018)....................6, 9, 12

*Vathana v. EverBank,*
 No. C-09-02338 RS, 2010 WL 934219 (N.D. Cal. Mar. 15, 2010).........19

Unopposed Motion and Memorandum of Law in
Support of Preliminary Approval of Settlement
  - iv -  CASE NO. 5:15-CV-05841-EJD

*Welling v. Alexy*,
   155 F.R.D. 654 (N.D. Cal. 1994) ........................................................................................15

*West v. Circle K Stores, Inc.*,
   No. CIV-S-04-0438-WBS-GGH, 2006 WL 1652598 (E.D. Cal. June 13, 2006).....7, 10, 17, 22

*Yamner v. Boich*,
   No. C-92-20597 RPA, 1994 WL 514035 (N.D. Cal. Sept. 15, 1994) ......................................16

*Ybarrondo v. NCO Fin. Sys., Inc.*,
   No. 05 cv 2057-L(JMA), 2009 WL 3612864 (S.D. Cal. Oct. 28, 2009) ..................................19

**Statutes**

15 U.S.C. § 78j(b) .........................................................................................................................3

15 U.S.C. §78t(a) ...........................................................................................................................3

15 U.S.C. § 78u-4(a)(7) ...............................................................................................................22

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................. *passim*

**Other Authorities**

17 C.F.R. § 240.10b-5...................................................................................................................3

*NEWBERG ON CLASS ACTIONS*, § 11.25(1992) ..........................................................................7

4 *NEWBERG ON CLASS ACTIONS* § 13:18 (5th ed. 2012) ..........................................................14

Unopposed Motion and Memorandum of Law in
Support of Preliminary Approval of Settlement
- v -
CASE NO. 5:15-CV-05841-EJD

1
2

TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

3
4
5
6
7
8
9
10
11
12
13
14
15

PLEASE TAKE NOTICE that on March 29, 2018, at 9:00 a.m., or as soon thereafter as the matter may be heard, Lead Plaintiffs Kaniz Fatema, Zeke Ingram, Bhaskar R. Gudlavenkatasiva, and Abuhena M. Saifulislam (the "Lead Plaintiffs") and Plaintiff Austin Isensee (collectively the "Plaintiffs") will, and hereby do, move the Honorable Edward J. Davila, located in Courtroom 4, 5th Floor, 280 South 1st Street, San Jose, CA 95113, for an order: (1) granting preliminary approval of the proposed settlement (the "Settlement"), which provides a recovery of one million five hundred thousand dollars ($1,500,000.00) as documented within the March 21, 2018 Stipulation and Agreement of Settlement and exhibits thereto (collectively the "Stipulation"); [1] (2) preliminarily certifying the Settlement Class, appointing Plaintiffs as representatives of the Settlement Class (the "Class Representatives"), and appointing Lead Counsel as counsel for the Settlement Class ("Class Counsel"); (3) approving the form and manner of giving notice of the proposed Settlement to the Settlement Class; and (4) setting a hearing date for final approval thereof (the "Settlement Hearing") and a schedule for various deadlines relevant thereto.

16
17
18
19
20
21
22
23

As demonstrated herein, Plaintiffs respectfully submit that the proposed Settlement for a further recovery of one million five hundred thousand dollars ($1,500,000.00) in cash is an excellent result for the Settlement Class[2] under the circumstances, is fair, reasonable and adequate under the governing standards within the Ninth Circuit, and warrants the approval of this Court. This sum is above and beyond the previous settlement for one million five hundred thousand dollars ($1,500,000.00) in cash and three hundred thousand (300,000) shares of KaloBios Pharmaceuticals, Inc. ("KaloBios") common stock (the "Partial Settlement") obtained as to Defendants KaloBios,

24
25
26

[1]      All capitalized terms, unless otherwise defined herein, have the same meaning as set forth in the Stipulation. A true and correct copy of the Stipulation and its exhibits are altogether attached as Exhibit 1 to the Declaration of Matthew L. Tuccillo, Esq. in Support of Preliminary Approval of Settlement (the "Tuccillo Decl.").

27
28

[2]      The Settlement Class means all Persons, save for those expressly exempted as set forth in the Stipulation, who purchased or otherwise acquired the Shares of KaloBios between November 19, 2015, and December 16, 2015, dates inclusive.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ronald Martell ("Martell"), and Herb Cross ("Cross") (altogether the "Non-Shkreli Defendants"), which this Court approved on June 23, 2017 in an order revised on July 24, 2017 (Dkt. No. 101).

In support of this Motion, Plaintiffs submit herewith the below Memorandum, the Tuccillo Declaration and exhibits thereto, including the proposed Order Granting Preliminary Approval of Settlement (the "Preliminary Approval Order").  This Motion, along with supporting papers, are substantially the same as those previously submitted, considered, and approved by the Court for the prior-approved Partial Settlement.  The only material differences are that the prior-approved Partial Settlement included shares of KaloBios stock as part of the settlement consideration and that the proposed notice program, claims process, and settlement administration for the instant Settlement incorporates certain efficiencies to be drawn from the settlement administration work already done for the Partial Settlement, so as to reduce costs and to expedite the approval and distribution processes attendant to the Settlement.  Plaintiffs respectfully request that the Court address preliminary approval of this additional settlement during the same March 29, 2017 hearing – currently telephonic – as it set for consideration of the distribution motion on the original Partial Settlement and that, during such hearing, it grant preliminary approval to the current Settlement.

1

## **MEMORANDUM**

2

### **I.     INTRODUCTION, PROCEDURAL HISTORY, AND OVERVIEW OF THE PROPOSED SETTLEMENT AND HOW IT WAS ACHIEVED**

3

4
Plaintiffs submit this in support of their Motion for Preliminary Approval of Settlement (the

5
"Motion"). The proposed Settlement, as embodied within the Stipulation, provides a cash recovery

6
of one million five hundred thousand dollars ($1,500,000.00) to resolve the remaining claims in

7
this action (the "Action") and resolved the litigation of the Action as to its last remaining Defendant,

8
Martin Shkreli ("Shkreli").

9
The Settlement, as detailed herein, is the direct result of the significant efforts undertaken

10
by Plaintiffs' counsel in prosecuting and investigating this Action.  Such work began with

11
investigation of the relevant claims asserted in the Action and the filing of multiple complaints in

12
December 2015.  These initial complaints named KaloBios, Defendant Shkreli, and Chris Thorn as

13
Defendants and asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of

14
1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b), and 78t(a), and Rule 10b-5 promulgated

15
thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. § 240.10b-5, alleging

16
that Defendants made material misstatements and omissions between November 19, 2015 and

17
December 16, 2015.  Defendant Shkreli denies the allegations in these complaints.

18
On December 30, 2015, KaloBios filed for Chapter 11 bankruptcy, its case proceeding as

19
Case No. 15-12628 (LSS) (the "Bankruptcy Case") in the U.S. Bankruptcy Court for the District

20
of Delaware (the "Bankruptcy Court").

21
On February 16, 2016, multiple movants, including Lead Plaintiffs, filed motions asking

22
the Court to consolidate these cases and appoint lead plaintiffs and lead counsel.

23
On March 29, 2016, Lead Plaintiffs (even before their formal appointment) and Plaintiff

24
Isensee filed a proof of claim in KaloBios's Bankruptcy Case shortly before the bar date for filing

25
such claims on their own behalf and on behalf of the putative class of investors they sought to

26
represent in the Action, thereby protecting their rights to seek recovery from the limited resources

27
of the bankrupt company.

28

Unopposed Motion and Memorandum of Law in
Support of Preliminary Approval of Settlement

- 3 -

CASE NO. 5:15-CV-05841-EJD

On April 18, 2016, Plaintiff Isensee, represented by Lead Counsel, filed his first amended complaint on his own unconsolidated docket, which removed Thorn as a named Defendant in the Action, again named KaloBios and Shkreli as Defendants, and also named Martell and Cross for the first time as Defendants.  *See* Dkt. No. 20, *Isensee v. KaloBios Pharmaceuticals, Inc., et al.*, No. 15-cv-06331-EJD (N.D. Cal.).   This complaint, which included allegations by certain confidential witnesses, asserted claims under Exchange Act §§10(b) and 20(a) and Rule 10b-5, alleging that Defendants made material misstatements and omissions between November 18, 2015 and December 16, 2015.  Defendant Shkreli denies the allegations in this complaint.

By Order dated April 28, 2016 (Dkt. No. 40), this Court appointed Kaniz Fatema, Zeke Ingram, Bhaskar R. Gudlavenkatasiva, and Abuhena M. Saifulislam as Lead Plaintiffs, and approved the selection of Pomerantz LLP ("Pomerantz") to serve as Lead Counsel.

In light of KaloBios's bankruptcy, Lead Counsel engaged in extensive resolution-oriented discussions and negotiations with counsel for Defendants KaloBios, Martell, and Cross, both telephonically and during in-person meetings, including a full-day session on May 3, 2016, attended by their counsel and representatives from their insurance carriers.  During this time period, Lead Counsel also engaged with Shkreli's counsel, both telephonically and in person, in unsuccessful early attempts to settle the Action as regards him.

An understanding in principal was reached to partially settle the Action as to KaloBios, Martell, and Cross on May 18, 2016.  After frequent discussions, Lead Counsel and counsel for those former Defendants negotiated a Memorandum of Understanding executed on June 2, 2016, and the Bankruptcy Court was notified.  The Bankruptcy Court entered an order approving the settlement with the Non-Shkreli Defendants and KaloBios's plan of reorganization and Chapter 11 exit plan, including the settlement with the Non-Shkreli Defendants.  *See In re KaloBios Pharmaceuticals, Inc.*, Case No. 15-12628-LSS (Bankr. D. Del.), Dkt. No. 570.  Lead Plaintiffs and the Non-Shkreli Defendants then negotiated the terms of a stipulation, which was submitted to the Bankruptcy Court in near-final form.  The Bankruptcy Court entered an order approving the settlement and KaloBios's plan of reorganization and Chapter 11 exit plan, which included that

settlement with the Non-Shkreli Defendants.  *See In re KaloBios Pharmaceuticals, Inc.*, Case No. 15-12628-LSS (Bankr. D. Del.), Dkt. No. 581.

A stipulation of settlement was finalized and executed on July 1, 2016 by Plaintiffs and the Non-Shkreli Defendants (Dkt. No. 58-1).  Plaintiffs filed a motion for preliminary approval of the settlement on August 8, 2016 (Dkt. No. 57).  On January 20, 2017, the Court entered an Order granting preliminary approval of the partial settlement as to KaloBios, Martell, and Cross (Dkt. No. 75).  Following class-wide notice, Plaintiffs filed their motion for final approval of that settlement on May 11, 2017 (Dkt. No. 82), with reply papers filed on May 25, 2017 (Dkt. No. 87).  On June 23, 2017, the Court entered an Order granting that settlement final approval, which it revised on July 24, 2017 (Dkt. No. 93).  After the claims administration process completed, Plaintiffs filed their motion seeking the Court's permission to distribute the net settlement fund from the Partial Settlement (Dkt. No. 114).  A telephonic hearing on such motion is scheduled for March 29, 2018 (*see* Dkt. No. 118).

The stipulation of settlement as to the Non-Shkreli Defendants, the bankruptcy orders approving such settlement, and this Court's orders preliminarily and finally approving such settlement all expressly preserved Lead Plaintiffs' right to continue litigating against Defendant Shkreli.

Thus, during the settlement process as to the Non-Shkreli Defendants, the litigation against Defendant Shkreli continued.  On July 14, 2016, Lead Plaintiffs, along with Plaintiff Isensee, filed their First Consolidated Amended Complaint for Violation of the Federal Securities Laws ("FAC") (Dkt. No. 55) against Defendants KaloBios, Martell, Cross, and Defendant Shkreli asserting claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5, arising from alleged misstatements and omissions between November 19, 2015 and December 16, 2015.   Defendant Shkreli denies the allegations in this complaint.

Shkreli filed his motion to dismiss the FAC on August 16, 2016 (Dkt. No. 61).  Plaintiffs opposed on September 21, 2016 (Dkt. No. 65), and Shkreli filed his reply on October 26, 2016 (Dkt. No. 68).   On January 19, 2017, Lead Counsel and Shkreli's counsel argued the merits of his

motion to dismiss before the Court.  On June 23, 2017, the court entered an Order (Dkt. No. 94) granting Shkreli's motion to dismiss the FAC, without prejudice.

Defendant Shkreli's criminal trial, *U.S. v. Shkreli*, Case No. 15-CR-637 (KAM) (E.D.N.Y. Mar. 5, 2018) ("Shkreli's Criminal Trial"), began on June 26, 2017.  So as to have sufficient time to monitor the trial and review trial transcripts, witness statements, and other evidence potentially pertinent to an amended pleading, Plaintiffs requested an extension to file their second amended complaint (Dkt. No. 95).  On July 18, 2017, this Court entered an Order granting Plaintiffs' request, over Defendant Shkreli's objection (Dkt. No. 100).

On August 25, 2017, Plaintiffs filed the Second Consolidated Amended Class Action Complaint (the "SAC") (Dkt. No. 104).  Defendant Shkreli moved to dismiss the SAC on September 29, 2017 (Dkt. No. 107).  Plaintiffs filed their opposition on October 26, 2017 (Dkt. No. 112). On November 9, 2017, Defendant Shkreli filed a rely (Dkt. No. 113).  On January 9, 2018, Plaintiffs filed a Statement of Recent Decision and Request for Judicial Notice, informing the Court of the criminal conviction of Evan Greebel, Retrophin's outside counsel (Dkt. Nos. 119 and 119-1).  The Court set February 8, 2018, as the hearing date for Shkreli's motion to dismiss (*see* Dkt. No. 107).

In advance of that hearing, Plaintiffs and Defendant Shkreli agreed to mediate before JAMS Mediator Jed Melnick, Esq.  On January 16, 2018, Plaintiffs and Defendant Shkreli exchanged and submitted to the Mediator detailed mediation statements which addressed the issues of liability and damages.  On January 30, 2018, they engaged in a full-day mediation session, which resulted in an oral agreement in principle to settle the Action.  Plaintiffs and Shkreli executed a Memorandum of Understanding ("MOU") on February 6, 2018.  Thereafter, they negotiated, finalize, and executed the Stipulation and its exhibits on March 21, 2018.

As a result of these extensive efforts, Plaintiffs Lead Counsel secured a Settlement with Defendant Shkreli of one million five hundred thousand dollars ($1,500,000.00) in cash.  This sum, when added to the Partial Settlement, makes the total gross settlement recovery in this Action three million dollars ($3,000,000.00) plus an additional two hundred fifty-four thousand seven hundred

1
2
3
4

twenty-two dollars and seventy-three cents ($254,722.73) in proceeds from the sale of three hundred thousand (300,000) shares of stock in the reorganized, post-exit company.  As discussed below, these figures compare very favorably against the twenty million dollar ($20,000,000.00) class-wide proof of claim that Plaintiffs filed in KaloBios's Bankruptcy Case.

5
6

## II.   PRELIMINARY APPROVAL OF THE FINAL SETTLEMENT IS WARRANTED

### A.   Preliminary Approval Standards

7
8
9
10
11
12
13
14
15
16

Fed. R. Civ. P. 23(e) requires Court approval for a class action settlement. The Ninth Circuit maintains a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998)); *West v. Circle K Stores, Inc.*, No. CIV-S-04-0438-WBS-GGH, 2006 WL 1652598, at *1 (E.D. Cal. June 13, 2006). Approval of a proposed class action settlement is within the broad scope of authority of the district court consistent with this long-standing policy favoring settlements. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998).  The class action settlement approval process involves two steps: first, preliminary approval, followed by notice to the class; and second, final approval.   The court in *West* explained the procedure as follows:

17
18
19
20
21
22

> If the proposed settlement appears to be the product of serious, informed, non-collusive negotiation, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the court should direct that notice be given to the class members of a formal fairness hearing…MANUAL FOR COMPLEX LITIGATION, Second § 30.44 (1985). In addition, '[t]he court may find the settlement proposal contains some merit, is within the range of reasonableness required for a settlement offer, or is presumptively valid.'

23
24
25
26
27
28

*West*, 2006 WL 1652598, at *2 (quoting *NEWBERG ON CLASS ACTIONS*, § 11.25(1992)); *see also Rosenburg v. Int'l Bus. Mach. Corp.*, No. CV 06-00430-PJH, 2007 WL 128232, at *5 (N.D. Cal. Jan. 11, 2007) (preliminary approval granted where "[s]ettlement has no obvious defects and is within the ranges of possible Settlement approval such that notice to the Class is appropriate"); *Satchell v. Fed. Express Corp.*, No. C-03-2878-SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13,

1
2

2007) (preliminarily approving non-collusive settlement that had no obvious defects and was within
the range of fairness).

3

### B.     The Proposed Settlement Resulted From Arm's Length Negotiations

4
5
6
7
8
9
10
11
12
13
14
15
16
17

There is an initial presumption of fairness for a proposed settlement that results from arm's-
length negotiations. *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. Jan. 11
2008); *In re Wireless Facilities, Inc. Sec. Litig. II*, 253 F.R.D. 607, 610 (S.D. Cal. 2008).  Here, the
proposed Settlement is the product of arm's length negotiations over a 20-month period between
Plaintiffs, through Lead Counsel, and the Settling Defendant, through his counsel and his insurer
XL Specialty Insurance Company ("XL").  These parties first attempted to negotiate a resolution,
unsuccessfully, in April – May 2016, when Plaintiffs were negotiating what became the Partial
Settlement with the Non-Shkreli Defendants.  These efforts included both telephonic discussions
and participation in a full-day session on May 3, 2016.  After continued litigation, including
multiple complaint amendments and motions to dismiss, Plaintiffs and Defendant Shkreli revisited
resolution-oriented discussions in January 2018, when they prepared detailed mediation statements
and participated in an in-person mediation session with an accomplished JAMS Mediator, Mr.
Melnick.  This latter attempt proved successful, and resulted in the parties agreeing to the
Settlement that was later memorialized in the MOU and the Stipulation.

18
19
20
21
22
23
24
25
26
27

As a result of the effort and discussion between Settling Parties, Lead Counsel was able to
negotiate a fair settlement, taking into account the costs and risks of continued litigation, including
the substantial risk that the claims of Plaintiffs and the Settlement Class against Defendant Shkreli
would be dismissed by the Court if it were to grant Shkreli's second motion to dismiss or that, even
if the Court denied such motion, Plaintiffs and the Settlement Class would be unable to collect any
recovery due to the rapidly evaporating personal resources of Defendant Shkreli.  For example, he
had asked the judge overseeing Shkreli's Criminal Trial to release half his bail money ($3 million)
to pay unpaid monies owed to the IRS, to his defense counsel, and to accountants addressing his
tax problems.  *See* SAC 52(c).  Shkreli's criminal trial counsel stated that he "doesn't have any
cash," has no bank accounts, and has a net worth comprised mostly of an illiquid stake in a

28

privately-held company. *Id.* Most recently, at the beginning of March 2018, Shkreli was forced to forfeit over $7.3 million dollars in valuable assets. *See U.S. v. Shkreli*, Case No. 15-CR-637 (KAM), Dkt. No. 541, slip op. at 15 (E.D.N.Y. Mar. 5, 2018). Indeed, had Plaintiffs not reached this significant settlement now, Plaintiffs strongly believe that the cost of further litigation would have substantially depleted existing insurance coverage while Shkreli's own resources continued to diminish as he begins his 7-year prison sentence.

The settlement negotiations undertaken in connection with the proposed Settlement produced a result that the Settling Parties believe to be within their respective best interests. Plaintiffs and Lead Counsel believe that they have come to an agreement that will provide significant and appropriate compensation for the Settlement Class in light of the costs and risks of continued litigation. Counsel for the parties are highly experienced in this category of complex litigation, and the opinion of well-informed and experienced counsel in support of a class action settlement should be given significant weight. *See, e.g.*, *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007); *In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, No. MDL 901, 1992 WL 226321, at *2 (C.D. Cal. June 10, 1992).

Plaintiffs and Lead Counsel believe their claims meritorious, but not without risk, concluding it was in the Settlement Class's best interests to settle with Defendant Shkreli in light of these factors, among others: (1) the immediate benefits of the significant cash consideration of the Settlement; (2) the risks and uncertainties in complex litigation, particularly given the Court's prior Order dismissing the FAC, as well as the risks of recovery given the limited insurance coverage and the status of Defendant Shkreli's diminishing personal resources; (3) the cost and time necessary to prosecute the Action through trial and appeal, potentially before this Court and appellate court(s); (4) the challenges asserted by and available to Defendant Shkreli that could reduce claimed damages; (5) the avoidance of the uncertainties, burden, risk, and expense of further litigation; and (6) the outstanding value obtained for the Settlement Class.

C.   **The Proposed Settlement Has No Obvious Deficiencies And Falls Within The Range For Approval**

"[A]t this preliminary approval stage, the court need only 'determine whether the proposed settlement is within the range of possible approval.'"   *West*, 2006 WL 1652598, at *11 (citation omitted); J. Moore, et al., MOORE'S FED. PRAC., ¶23.8102-1, at 23-479 (2d ed. 1993). Per the Settlement, XL, on behalf of Shkreli, will make a cash payment of one million five hundred thousand dollars ($1,500,000.00).  This sum, when added to the prior Partial Settlement with the Non-Shkreli Defendants, makes the total gross settlement recovery three million dollars cash ($3,000,000.00) plus an additional two hundred fifty-four thousand seven hundred twenty-two dollars and seventy-three cents ($254,722.73) in proceeds from the sale of the three hundred thousand (300,000) shares of stock in the reorganized, post-exit company.  These numbers compare very favorably against the $20 million class-wide proof of claim that Plaintiffs and Lead Counsel filed in KaloBios's Bankruptcy Case.  Indeed, the gross recovery achieved via the Partial Settlement and the instant proposed Settlement equate to 16.27% of that $20 million figure, an excellent result for the Settlement Class.  *See In re Omnivision*, 559 F. Supp. 2d at 1042 (approving 6% recovery of maximum damages) (citing *In re Heritage Bond Litig.*, No. 02–ML–1475 DT, 2005 WL 1594403, at *8-*9 (C.D. Cal. June 10, 2005) (average recovery between 2% to 3% of maximum damages)).  S*ee also Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 628 (9th Cir. 1982) ("It is well settled law that a cash settlement amounting to only a fraction of the potential recovery will not *per se* render the settlement inadequate or unfair"); *Knight v. Red Door Salons, Inc*., No. 08-1520, 2009 WL 248367, at *3 (N.D. Cal. Feb. 2, 2009) ("The immediacy and certainty of the settlement award justifies a recovery smaller than the Class Members could seek in the case").[3]

It is difficult to compare the proposed Settlement to the theoretical amount that the

---

[3]     The value of the shares that the Settlement Class received was even higher when Lead Counsel agreed to accept them.  On May 18, 2016, the day Plaintiffs verbally agreed to the Partial Settlement, KaloBios's shares, which were trading Over-The-Counter, closed at $3.26, valuing the 300,000 shares, at that time, at $978,000.00.  In turn, the entire Partial Settlement would have been valued at $2,478,000.00 that day.

Settlement Class could potentially have recovered if Plaintiffs were successful in defeating Shkreli's then-pending second motion to dismiss and his anticipated motion for summary judgment and in establishing liability at trial.  Shkreli denies that he had made any material misstatements or omissions of fact, that he did so with the required state of mind, that the price of KaloBios shares was artificially inflated due to any alleged fraud, and that Settlement Class suffered any damages proximately caused by his actions.  No doubt, if Plaintiffs' claims survived his motion to dismiss, Shkreli would have continued to raise such challenges at every opportunity, in a motion for summary judgement, and at trial, making successful prosecution and recovery uncertain.

Plaintiffs and Lead Counsel are confident that even if they were to prevail on class certification and on liability and damages at trial, Defendant Shkreli would appeal these decisions and any eventual verdict.  At best, the entire process would take many years to complete, all the while depleting any available insurance coverage.  At worst, the Settlement Class might receive no recovery at all, due not only to the inherent and material litigation risks they faced, but also due to the reality that any recovery would become increasingly difficult to collect, given insurance depletion, diminishment of Shkreli's resources, and Shkreli's incarceration. This Settlement allows the Settlement Class to recover now, and without incurring any additional risks, costs, or delays.

**D.      The Risk, Expense And Complexity Of The Action**

The fairness of the proposed Settlement is further evidenced when the obstacles the Settlement Class faced in succeeding on the merits, as well as the expense and likely duration of the litigation, are considered.  *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 576 (9th Cir. 2004).   Shkreli has vigorously argued that Plaintiffs would not be able to establish falsity, materiality, scienter, loss causation, or damages – and the Court agreed with him once before. Although Plaintiffs believe that Shkreli's arguments lack merit, a substantial risk exists that he would prevail on his second motion to dismiss, at summary judgment, or ultimately at trial.[4]  The

---

[4]      Even if Plaintiffs prevailed at trial, substantial risks would remain. Any jury verdict would be subject to this Court's evaluation and, as such, could be overturned. *See, e.g.*, *In re Apple Computer Sec. Litig.*, No. 84-20148-JW, 1991 WL 238298 (N.D. Cal. Sept. 6, 1991) (judgment notwithstanding the verdict for individual defendant and a new trial ordered for corporate

1
2
3
4
5
6
7

proposed Settlement confers an immediate benefit to the Settlement Class and eliminates the risk of continued litigation where a favorable outcome is far from certain. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000), *as amended* (June 19, 2000) (affirming settlement approval because "[c]omplex litigation is inherently uncertain and Plaintiffs would have had much difficulty proving scienter"); *Red Door*, 2009 WL 248367, at *3 (settlement agreement offered immediate and certain award for class that was a superior alternative to continued litigation given uncertain risks associated with plaintiffs' claims).

8
9
10
11
12
13
14
15

Facing a multitude of creditors and potential creditors, from service professionals to the IRS to other litigants, Shkreli's evaporating personal resources and the ongoing depletion of available insurance posed an additional, material risk that, even if successful, Plaintiffs and the Settlement Class might be unable to recover.  For instance, Shkreli was recently ordered to forfeit more than $7.3 million in assets.  *See U.S. v. Shkreli*, Case No. 15-CR-637 (KAM), Dkt. No. 541, slip op. at 15.  Thus, the substantial recovery risks highlight that Plaintiffs and Lead Counsel obtained an outstanding result in the proposed Settlement, which guarantees a recovery now for the Settlement Class, while one could still be collected.

16
17

**E.**     **The Proceedings Are Sufficiently Advanced To Permit Preliminary Approval Of The Proposed Settlement**

18
19
20
21
22
23
24

Plaintiffs, through Lead Counsel, have vigorously protected the rights of the Settlement Class in this Action. Settlement negotiations took place over a period of 20 months, which involved telephonic and in-person negotiations during April – May 2016, when Plaintiffs struck the Partial Settlement with the Non-Shkreli Defendants, including an all-day in-person negotiating session on May 3, 2016 and, after continued litigation, during mediation efforts in January 2018, including preparation of detailed mediation statements and participated in an in-person mediation with JAMS Mediator Melnick.

25

Plaintiffs have filed multiple complaints supported by Lead Counsel's extensive

26
27
28

defendant); *In re Apollo Group, Inc. Sec. Litig.*, No CV 04-2147-PHX, 2008 WL 3072731 (D. Ariz. Aug. 4, 2008) (overturning trial verdict because insufficient evidence at trial to prove loss causation).  Shkreli would also initiate a lengthy, costly appeal process to challenge the verdict.

investigation and statements by confidential witnesses, including the amended complaint filed by Plaintiff Isensee on April 18, 2016, the FAC filed by Plaintiffs on July 14, 2016, and, following Shkreli's Criminal Trial, the SAC filed by Plaintiffs on August 25, 2017.  As a result, Plaintiffs and Lead Counsel are thoroughly familiar with the facts of the Action and had ample opportunity to assess its strengths and weaknesses so as to appraise the sufficiency of the settlement.  *See, e.g.*, *Athale v. Sinotech Energy Ltd.*, No. 11-CV-05831, 2013 WL 11310685 (S.D.N.Y. Sept. 4, 2013) (approving partial settlement of securities class action at parallel stage of proceedings).  After all that work, Plaintiffs and Lead Counsel firmly believe that the proposed Settlement is in the best interests of the Settlement Class.

## III.    CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE

Significantly, this Court has ***already held*** that the proposed Settlement Class, with Plaintiffs as class representatives and Lead Counsel as class counsel, meets all the requirements of Fed. R. Civ. P. 23 in its orders granting preliminary and final approval to the Partial Settlement with the Non-Shkreli Defendants.  *See* Dkt. Nos. 75 at 4-5, 101 at 2-3.  The proposed Settlement Class is nearly identical to the one at issue then, save for involving a class period that is shorter by a single day.  Thus, this Court's prior rulings carry great weight now.

### A.    The Proposed Settlement Class Meets The Prerequisites For Class Certification Under Rule 23

The Ninth Circuit has long recognized that class actions may be certified for the purpose of settlement only.  *Hanlon*, 150 F.3d at 1019. Rule 23(a) sets forth the following four prerequisites to class certification: (i) numerosity; (ii) commonality; (iii) typicality; and (iv) adequacy of representation.  In addition, the class must meet one of the three requirements of Rule 23(b).  *See* Fed. R. Civ. P. 23; *In re UTStarcom, Inc. Sec. Litig.*, No. C 04-04908 JW, 2010 WL 1945737, at *3 (N.D. Cal. May 12, 2010) (citing *Hanlon*, 150 F.3d at 1019).

Courts routinely endorse the use of the class action device to resolve claims brought pursuant to the federal securities laws. *See, e.g.*, *Hodges v. Akeena Solar, Inc.*, 274 F.R.D. 259, 266 (N.D. Cal. 2011); *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 642 (C.D. Cal. 2009). "[C]lass

1

2

3

4

5

6

7

8

actions commonly arise in securities fraud cases as the claims of separate investors are often too small to justify individual lawsuits, making class actions the only efficient deterrent against securities fraud. Accordingly, the Ninth Circuit and courts in this district hold a liberal view of class actions in securities litigation." *In re Adobe Sys., Inc. Sec. Litig.*, 139 F.R.D. 150, 152-53 (N.D. Cal. 1991) (citations omitted). *See also In re Seagate Tech. II Sec. Litig.*, 843 F. Supp. 1341, 1350 (N.D. Cal. 1994) (same); *In re Cooper*, 254 F.R.D. at 642. This Action is no exception, and Plaintiffs respectfully submit that the proposed Settlement Class satisfies each of the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3).

9

10

11

12

13

14

Moreover, when "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Indeed, "[t]he type of certification approval that courts provide with a preliminary settlement approval is accorded under a 'more relaxed' standard" than in the typical certification process. 4 *NEWBERG ON CLASS ACTIONS* § 13:18 (5th ed. 2012).

15

16

17

18

19

20

21

The Settlement Class is defined as "all persons or entities who purchased or otherwise acquired the common stock of KaloBios between November 19, 2015 and December 16, 2015, both dates inclusive," subject to extensive exclusions that Defendant Shkreli will help identify under the terms of the Stipulation, which mirror those that the Court previously approved as part of the Partial Settlement with the Non-Shkreli Defendants and which are designed to ensure that the Settlement Fund is delivered only to those investors who were unaffiliated with Defendants.[5]

22

23

24

25

26

27

28

---

[5]     Specifically, as set forth in the Stipulation, the Settlement Class definition excludes all of the following: Settling Defendant Shkreli and his immediate family members; former Defendant KaloBios and its successors, assigns, officers, directors, subsidiaries, affiliates, and employees, including without limitation Ted W. Love, Denise Gilbert, Laurie Smaldone Alsup, Gary Lyons, Robert A. Baffi, Raymond M. Withy, Charles Democko, Don Joseph, Geoffrey Yarranton, Judy Alaura, Priyanka Ankola, Deborah Brown, Mark Camarena, Blair Evans, Jennifer Fernando, Morgan Lam, Wendy Lin, Tom Selph, Ted Shih, and Mirella Villa del Toro; former Defendants Martell and Cross and their immediate family members; Shkreli's affiliates and the other members of his investor group who acquired roughly 70% of KaloBios stock as announced by KaloBios: David Moradi ("Moradi"), Anthion Partners II LLC, Marek Biestek ("Biestek"); and those individuals who otherwise acquired KaloBios stock and/or were appointed as KaloBios officers

- 14 -

1
2
3
4

*See* Stipulation at ¶1(v).  Thus, in accord with this Court's previous holdings regarding the prior Partial Settlement, the proposed Settlement Class meets the prerequisites for Rule 23 class certification, particularly under the "more relaxed" standard that is applied when considering preliminary approval of a settlement.  *See* Dkt. Nos. 75 at 4-5, 101 at 2-3.

5

### 1.    Numerosity

6
7
8
9
10
11
12
13
14
15
16
17
18

Fed. R. Civ. P. 23(a)(1) requires that the class be so numerous that joinder of all class members is impracticable. The Ninth Circuit has stated that "'impracticability' does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964) (citation omitted) (cited in *Allen v. Hyland's Inc.*, 300 F.R.D. 643, 660 (C.D. Cal. 2014)).  Indeed, classes consisting of as few as 25 members have been held to be large enough to justify certification.  *See, e.g.*, *Rannis v. Recchia*, 380 Fed. App'x. 646, 650-51 (9th Cir. May 27, 2010) (upholding class of 20).  *See also Welling v. Alexy*, 155 F.R.D. 654, 656 (N.D. Cal. 1994) (no set cut-off number for numerosity). Additionally, the exact size of the class need not be known so long as general knowledge and common sense indicate that the class is large. *Id.*; *see also Schwartz v. Harp*, 108 F.R.D. 279, 281-82 (C.D. Cal. 1985) ("A failure to state the exact number in the proposed class does not defeat class certification, and plaintiff's allegations plainly suffice to meet the numerosity requirement of Rule 23.") (citations omitted).

19
20
21
22
23
24
25
26

Here, KaloBios shares traded on the NASDAQ with more than 4 million shares of common stock outstanding during the Class Period. *See Isensee v. KaloBios Pharmaceuticals, Inc., et al.*, Case No. 15-cv-06331-EJD (N.D. Cal.), Dkt. No. 20 (amended complaint) at ¶75; *see also* Tuccillo Decl. ¶5 and Exhibit 2 thereto.  Even with the exclusion of Defendant Shkreli's investor group, over one million shares remain in the Settlement Class, so the proposed Settlement Class consists of at least hundreds, and perhaps thousands, of investors who purchased KaloBios shares during the Class Period.  A class of this size is sufficiently numerous to make individual joinder

27
28

and directors in conjunction with Shkreli's takeover of the company, including Moradi, Biestek, Tony Chase, Tom Fernandez, and Michael Harrison.  *See* Stipulation ¶1(v).

- 15 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

impracticable, so that the numerosity prong of Rule 23 is satisfied.  *See In re UTStarcom*, 2010 WL 1945737, at \*4; *Yamner v. Boich*, No. C-92-20597 RPA, 1994 WL 514035, at \*3 (N.D. Cal. Sept. 15, 1994).   Thus, in accord with this Court's previous holdings regarding the prior Partial Settlement, the numerosity requirement is met.  *See* Dkt. Nos. 75 at 4-5, 101 at 2-3.

### 2. Commonality

Fed. R. Civ. P. 23(a)(2) is satisfied where the proposed class representatives share at least one question of fact or law with the claims of the prospective class.  *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012).  Commonality exists even if there are varying fact situations among individual class members, so long as the claims of the plaintiffs and other class members are based on the same legal or remedial theory.   *Bautista-Perez v. Holder*, No. C 07-4192 TEH, 2009 WL 2031759, at \*6 (N.D. Cal. July 9, 2009) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)); *Nguyen v. Radient Pharm. Corp.*, 287 F.R.D. 563, 569 (C.D. Cal. 2012) (citing *Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975)).

Here, common questions of fact and law include: (i) whether the federal securities laws were violated by Defendant Shkreli's alleged acts; (ii) whether his statements to the investing public during the Class Period misrepresented and/or omitted material facts; (iii) whether he acted knowingly or recklessly in issuing false and misleading public statements; (iv) whether his conduct artificially inflated the prices of KaloBios securities during the Settlement Class Period; and (v) whether the Settlement Class suffered damages as a result of his conduct and the appropriate measure for those damages. Securities actions containing common questions such as the ones listed above repeatedly have been held to be prime candidates for class certification, so just as this Court previously held as regards the Partial Settlement, *see* Dkt. Nos. 75 at 4-5, 101 at 2-3, the commonality requirement of Rule 23(a)(2) is satisfied.[6]

---

[6]    *See In re UTStarcom*, 2010 WL 1945737, at \*4 (whether defendants omitted or misrepresented material facts, whether price of securities was artificially inflated, and whether defendants caused class members to suffer economic losses were common questions of law and fact).  Here, common questions of law and fact exist because Shkreli's alleged misconduct affected all Settlement Class Members the same; *i.e.*, his alleged misstatements and omissions artificially inflated the price of KaloBios shares they purchased. *See, e.g.*, *In re VeriSign, Inc. Sec. Litig.*, No.

1

### 3.    Typicality

2        The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied when the claims or

3  defenses of the parties representing the class are typical of the claims or defenses of the other class

4  members. *See Amchem*, 521 U.S. at 625 (common issues test readily met in securities cases).

5  Differences in the amount of damage, the size or manner of purchase, the nature of the purchaser,

6  or the date of purchase are insufficient to defeat class certification.  *See Alfus v. Pyramid Tech.*

7  *Corp.*, 764 F. Supp. 598, 606 (N.D. Cal. 1991).   Thus, there is typicality even where factual

8  distinctions exist between the claims of the named representative and the other class members.

9  *West*, 2006 WL 1652598, at *5.

10        Rule 23(a)(3) typicality exists here because the claims of all Plaintiffs and all Settlement

11  Class Members derive from the same legal theories and allege the same set of operative facts.  *See*

12  *In re UTStarcom*, 2010 WL 1945737, at *5 (explaining that the test for typicality is "whether 'other

13  members have the same or similar injury, whether the action is based on conduct which is not

14  unique to the named plaintiffs, and whether other class members have been injured by the same

15  course of conduct'") (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

16  Plaintiffs, like the other Settlement Class Members, purchased KaloBios shares pursuant to the

17  same alleged fraud, *i.e.*, the same misstatements and omissions by Defendant Shkreli are alleged to

18  have artificially inflated the price of KaloBios shares.  *See In re VeriSign*, 2005 WL 7877645, at

19  *10 ("Here, the issues common to the class – namely, the nature and extent of Defendants' alleged

20  misrepresentations and the like – are predominant.").  *See also In re Emulex*, 210 F.R.D. at 721.

21  Plaintiffs are not subject to any unique defenses that could make them atypical of Settlement Class

22  Members. Thus, as this Court previously held as regards the Partial Settlement, *see* Dkt. Nos. 75 at

23  4-5, 101 at 2-3, their claims are typical of the claims of the Settlement Class.  *See Hodges*, 274

24  F.R.D. at 266-67; *In re Cooper*, 254 F.R.D. at 635-36.

25

26

---

27  C 02-02270-JW, 2005 WL 7877645, at *10 (N.D. Cal. Jan. 13, 2005); *In re Emulex Corp., Sec.*
   *Litig.*, 210 F.R.D. 717, 721 (C.D. Cal. 2002).

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 4.   Adequacy

The representative parties must satisfy Fed. R. Civ. P. 23(a)'s adequacy requirements by showing that they will fairly and adequately protect the interests of the Settlement Class. To satisfy this requirement, the proposed class representative must be free of interests that are antagonistic to the other class members, and counsel representing the class must be qualified, experienced and capable of conducting the litigation. *See Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978); *Hanlon*, 150 F.3d at 1020.

As this Court previously held in its rulings on the Partial Settlement, *see* Dkt. Nos. 75 at 4-5, 101 at 2-3, Plaintiffs' claims are typical of those of the Settlement Class.  Plaintiffs, like all Settlement Class Members, allegedly purchased KaloBios shares at artificially inflated prices resulting from Shkreli's misstatements and omissions.  Plaintiffs have retained counsel highly experienced in securities class action litigation and who have successfully prosecuted many securities and other complex class actions throughout the U.S. Plaintiffs and Lead Counsel deftly navigated KaloBios's complex, fast-paced bankruptcy to obtain the Partial Settlement, while the opportunity remained to do so.  Thus, Plaintiffs are adequate representatives of the Settlement Class, and Lead Counsel (as this Court already held) is qualified, experienced and capable of prosecuting this Action in accordance with Fed. R. Civ. P. 23(a)(4).

### 5.   Common Questions Of Law Predominate And A Class Action Is The Superior Method Of Adjudication

The Settlement also satisfies Fed. R. Civ. P. 23(b)(3), which requires that the proposed class representatives establish that common questions of law or fact predominate over individual questions and that a class action is superior to other available methods of adjudication. *See Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 131 S. Ct. 2179, 2184, 180 L. Ed. 2d 24 (2011); *Vathana v. EverBank*, No. C-09-02338 RS, 2010 WL 934219, at *2 (N.D. Cal. Mar. 15, 2010) (noting that "subsection [23(b)(3)] encompasses 'those cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons

similarly situated, without sacrificing procedural fairness or bringing about other undesirable results'") (quoting Fed. R. Civ. P. 23. advisory committee's note).

In accord with this Court's prior rulings as regards the earlier Partial Settlement, *see* Dkt. Nos. 75 at 4-5, 101 at 2-3, common questions of law and fact predominate, and a class action is clearly the superior method available to fairly and efficiently litigate this securities action. "[C]ommon issues need only predominate, not outnumber individual issues." *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 345 (N.D. Ohio 2001). When certifying a class for settlement purposes only, the standards for satisfying the class certification element of "superiority" under Rule 23(b)(3) may be relaxed because the Court does not need to consider the difficulties of managing the class in any future litigation or at trial. *See, e.g.*, *Ybarrondo v. NCO Fin. Sys., Inc.*, No. 05 cv 2057-L(JMA), 2009 WL 3612864, at *7 n.3 (S.D. Cal. Oct. 28, 2009); *Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468, 477 (E.D. Cal. 2010).[7] Further, the superiority of class actions in large securities cases is well recognized. *See Amchem*, 521 U.S. at 625 (finding common questions predominated in securities class action certified for settlement).

The common questions discussed above clearly predominate over individual questions because Defendant Shkreli's alleged conduct impacted all Settlement Class Members in the same way. *See, e.g.*, *In re Cooper*, 254 F.R.D. at 632 ("The common questions of whether misrepresentations were made and whether Defendants had the requisite scienter predominate over any individual questions of reliance and damages."). Issues relating to Defendant Shkreli's liability are common to all members of the Settlement Class. *Id.*; *see also In re LDK Solar*, 255 F.R.D. 519, 530 (N.D. Cal. 2009); *In re UTStarcom*, 2010 WL 1945737, at *9 (same); *In re Emulex*, 210 F.R.D. at 721 ("The predominant questions of law or fact at issue in this case are the alleged misrepresentation defendants made during the class period and are common to the class.").

---

[7] Indeed, courts have certified class actions for settlement purposes even where certification was or likely would have been denied for litigation purposes. *See, e.g.*, *In re Initial Pub. Offering Sec. Litig.*, 260 F.R.D. 81, 116 & n.308 (S.D.N.Y. 2009) (granting preliminary approval of settlement class that included § 11 claimants who had been excluded from the litigation class on grounds of "predominance").

1
2
3
4
5
6

Falsity, materiality, scienter, and loss causation are issues that "affect investors alike," and whose proof "can be made on a class-wide basis" because they "affect[] investors in common." *Schleicher v. Wendt*, 618 F.3d 679, 682, 685, 687 (7th Cir. 2010).  Likewise, here, Shkreli's misrepresentations during the Class Period "affect[ed] [all] investors alike" and proof of falsity, materiality, scienter, and causation will "be made on a class-wide basis."  *Id*. at 685, 687; *see also In re Cooper*, 254 F.R.D. at 641.  As a result, common questions of law and fact predominate.

7
8
9
10
11
12

Given the foregoing, all Fed. R. Civ. P. 23(a) and (b) requirements are satisfied, and there are no issues that would prevent the Court from certifying this Settlement Class for settlement purposes, appointing Plaintiffs as Class Representatives, and appointing Lead Counsel as Settlement Class Counsel – just as the Court did in its rulings on the earlier Partial Settlement.  *See* Dkt. Nos. 75 at 4-5, 101 at 2-3.  *See also, e.g.*, *Gittin v. KCI USA, Inc.*, No. 09-CV-05843 RS, 2011 WL 1467360, at *19 (N.D. Cal. Apr. 12, 2011).

13

**B.      The Proposed Plan And Method For Notice Meets All Requirements**

14
15
16
17
18
19
20

"For a class certified under Fed. R. Civ. P. 23(b)(3), the court must direct class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The proposed notice program provided under the Stipulation complies with the requirements of Fed. R. Civ. P. 23 and the Private Securities Litigation Reform Act (the "PSLRA") and is nearly identical to the one that the Court already approved in its Orders regarding the prior Partial Settlement with the Non-Shkreli Defendants.  *See* Dkt. Nos. 75 at 4-5, 101 at 2-3.

21
22
23
24
25
26
27
28

Plaintiffs and Lead Counsel will ensure that all the efforts and expense incurred for the notice program already employed for the earlier Partial Settlement with the Non-Shkreli Defendants will be drawn upon now, so as to most effectively and efficiently provide notice to the Settlement Class and administer the current proposed Settlement.  *See* Stipulation ¶¶22-23.  The Settlement Class Period at issue in this Settlement entirely falls within the class period of the Partial Settlement – indeed, it is a single day shorter – such that the Settling Parties believe that considerable efficiencies can be achieved.  *Id.*  Lead Counsel has again retained Strategic Claims Services

1
2
3
4
5
6
7

("Strategic"), an experienced claims administrator used for the Partial Settlement, to handle the notice and claims process for the proposed new Settlement. *Id.* ¶1(t).  Strategic has already mailed notices to Settlement Class Members identified by KaloBios's transfer agent records, mailed notices to brokerages and similar institutions, engaged in customary efforts to track down Settlement Class Members and to correct any bad or outdated addresses, processed claims, and is prepared to distribute funds once authorized by the Court, *Id.* ¶22, steps that should greatly simplify the notice program for the instant Settlement.

8
9
10
11
12
13
14
15
16
17
18
19
20

Plaintiffs propose to give Settlement Class Members notice through the customary three approaches: (1) the short-form notice (appended as Exhibit B2 to the Stipulation) to be sent by first-class mail, addressed to all Settlement Class Members who can reasonably be identified and located; (2) publication of notice (appended as Exhibit C to the Stipulation) on a national business Internet newswire; and (3) publication of a long-form notice (appended as Exhibit B1 to the Stipulation) on a dedicated webpage maintained by the Settlement Administrator.  In accord with the Court's preliminary approval Order for the Partial Settlement, *see* Dkt. No. 75 at 6-8, the Settlement Administrator will once again publish notice (Exhibit C) and mail the more cost-efficient short-form notice (Exhibit B2 to the Stipulation) to all Settlement Class Members who may be identified through reasonable effort, providing core information about the Settlement and directing recipients to the Settlement Administrator's webpage to download and print the Stipulation, the more fulsome long-form notice (Exhibit B1), and the Proof of Claim and Release Form (appended as Exhibit D to the Stipulation).  *See* Stipulation ¶¶22-23.

21
22
23
24
25
26
27
28

This notice program advises Settlement Class Members of the existence of the Action, defines the Settlement Class, describes the proposed plan of allocation, and apprises them of their rights with respect to the proposed Settlement, including the right to appear, object, opt out, or file a claim.  *See* Stipulation Exhibits B1, B2.  Consistent with the PSLRA, the notice also provides the relevant statement of recovery, potential outcomes of the case, awards for reimbursement sought, attorneys' fees and expenses sought, attorney information, and the reasons for the Settlement.  *Id*; *see* 15 U.S.C. § 78u-4(a)(7).  Similar forms of notice are routinely approved by courts.  *See, e.g.*,

*Rosenburg*, 2007 WL 128232, at *5-*6 (approving similar notice and finding it sufficiently informed class members of their rights); *West*, 2006 WL 1652598, at *11 (approving settlement notice that explained to class members their options).  Significantly, as another cost-cutting and burden-reducing measure, the notice program will inform Settlement Class Members who previously submitted a valid and timely proof of claim for the earlier Partial Settlement that they need not submit another proof of claim for this Settlement, because the prior-filed claim will be used again – unless they wish to be excluded from this Settlement by timely filing a proper request for exclusion.  *See* Stipulation ¶23; Stipulation Exhibits B1, B2, C.

The notice program satisfies Fed. R. Civ. P. 23, the PSLRA's statutory requirements, and due process.  *See In re Portal Software, Inc. Sec. Litig.*, No. C 03 5138 VRW, 2007 WL 1991529, at *7 (N.D. Cal. June 30, 2007) (holding that "notice by mail and publication is the 'best notice practicable under the circumstances,' as mandated by Fed. R. Civ. P. 23(c)(2)(B)"); *In re Marsh & McLennan Sec. Litig.*, No. 04 Civ. 8144(CM), 2009 WL 5178546, at *23-24 (S.D.N.Y. Dec. 23, 2009) ("easily conclud[ing]" that individual notice and publication notice satisfies due process).  It is nearly identical to the notice program already approved by this Court in conjunction with the earlier Partial Settlement with the Non-Shkreli Defendants, and it uses that prior notice program to achieve several efficiencies that will reduce burden and expenses now.

**C.    Proposed Schedule For Final Approval**

Plaintiffs propose the following schedule of events leading to the Settlement Hearing as set forth in the proposed Preliminary Order filed herewith as Stipulation Exhibit A:

| Event | Deadline for Compliance |
|---|---|
| Date for Settlement Hearing. | At least 90 days after the Court preliminarily approves the settlement |
| Mailing of Notice and Proof of Claim and Release. | No later than twenty-one (21) calendar days after the entry of Preliminary Approval Order. (Preliminary Approval Order ¶11) |
| Publication of Summary Notice. | No later than twenty-one (21) calendar days after the entry of Preliminary Approval Order (*Id.* at ¶14) |

| Deadline for requests for exclusion. | Postmarked no later than twenty-one (21) calendar days prior to the Final Settlement Hearing. (*Id.* at ¶18) |
|---|---|
| Date for Plaintiffs to file and serve papers in support of the Settlement, the Plan of Allocation and for application for attorneys' fees and reimbursement of expenses. | Twenty-eight (28) calendar days prior to the Final Settlement Hearing. (*Id.* at ¶¶23-24) |
| Filing deadline for objections. | Twenty-One (21) calendar days prior to the Settlement Hearing. (*Id.* at ¶22) |
| Date for Plaintiffs to file reply papers in support of the Settlement, the Plan of Allocation and for application for attorneys' fees and reimbursement of expenses. | Fourteen (14) calendar days prior to the Final Settlement Hearing. (*Id.* at ¶25) |

## IV.   CONCLUSION

For all these reasons, Plaintiffs respectfully request that the Court enter an Order, substantially in the form of Stipulation Exhibit A:  (1) preliminarily approving the Settlement; (2) preliminarily certifying the Settlement Class and appointing Plaintiffs as Class Representatives and Lead Counsel as Class Counsel for the Settlement Class; (3) directing that notice be given to the Settlement Class Members in the form and manner proposed herein and in the Stipulation and its exhibits; and (4) setting a date for a Settlement Hearing and deadlines for the mailing and publication of the Notices, the filing of Settlement Class Member objections, the transmission of Settlement Class Member opt-out notices, and the filing of Lead Counsel's application for an award of attorneys' fees, reimbursement of expenses, and compensatory awards to Plaintiffs for reimbursement of their time and expenses in overseeing this matter.

Unopposed Motion and Memorandum of Law in
Support of Preliminary Approval of Settlement
- 23 -
CASE NO. 5:15-CV-05841-EJD

Dated: March 21, 2018                          Respectfully submitted,

                                               **POMERANTZ LLP**

                                               By: */s/Matthew L. Tuccillo*

                                               Marc I. Gross
                                               Jeremy A. Lieberman
                                               Matthew L. Tuccillo
                                               600 Third Avenue, 20th Floor
                                               New York, New York 10016
                                               Telephone: (212) 661-1100
                                               Facsimile: (212) 661-8665
                                               Email: migross@pomlaw.com
                                               jalieberman@pomlaw.com
                                               mltuccillo@pomlaw.com

                                               Jennifer Pafiti (SBN 282790)
                                               **POMERANTZ LLP**
                                               468 North Camden Drive
                                               Beverly Hills, CA 90210
                                               Telephone: (818) 532-6449
                                               E-mail: jpafiti@pomlaw.com

                                               Patrick V. Dahlstrom
                                               **POMERANTZ LLP**
                                               10 South La Salle Street, Suite 3505
                                               Chicago, Illinois 60603
                                               Telephone: (312) 377-1181
                                               Facsimile: (312) 377-1184
                                               Email: pdahlstrom@pomlaw.com

                                               *Counsel for Plaintiffs and Proposed Lead*
                                               *Counsel for the Settlement Class*

                                               Lionel Z. Glancy
                                               Robert V. Prongay
                                               Ex Kano S. Sams II
                                               **GLANCY PRONGAY & MURRAY LLP**
                                               1925 Century Park East , Suite 2100
                                               Los Angeles, CA 90067
                                               Telephone: (310) 201-9150
                                               Facsimile: (310) 201-9160
                                               Email: lglancy@glancylaw.com
                                               rprongay@glancylaw.com
                                               esams@glancylaw.com

Unopposed Motion and Memorandum of Law in       - 24 -                     CASE NO. 5:15-CV-05841-EJD
Support of Preliminary Approval of Settlement

1

2       William B. Federman
        A. Brooke Murphy
3       **FEDERMAN & SHERWOOD**
        10205 North Pennsylvania Avenue
4       Oklahoma City, Oklahoma 73120
        Telephone: (405) 235-1560
5       Facsimile:  (405) 239-2112
        Email: wbf@federmanlaw.com
6       abm@federmanlaw.com

7
        *Additional attorneys for Plaintiffs*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
        Unopposed Motion and Memorandum of Law in          - 25 -
        Support of Preliminary Approval of Settlement                          CASE NO. 5:15-CV-05841-EJD

1

## **CERTIFICATE OF SERVICE**

2

I hereby certify that this document filed through the CM/ECF system will be sent

3

electronically to the registered participants as identified on the Notice of Electronic Filing and paper

4

copies will be sent to those indicated as non-registered participants on March 21, 2018.

5

*/s/ Matthew L. Tuccillo*

6

Matthew L. Tuccillo

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Unopposed Motion and Memorandum of Law in
Support of Preliminary Approval of Settlement

- 26 -

CASE NO. 5:15-CV-05841-EJD