EXHIBIT 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE KALOBIOS PHARMACEUTICALS, INC. SECURITIES LITIGATION | Case No. 5:15-cv-05841-EJD |
| ——————————————— | **Class Action** |
| THIS DOCUMENT RELATES TO ALL ACTIONS | **STIPULATION AND AGREEMENT OF SETTLEMENT** |
| | The Hon. Edward J. Davila |

17

       This Stipulation and Settlement Agreement dated March 21, 2018 ("Stipulation") is

18  submitted pursuant to Fed. R. Civ. P. 23 and Fed. R. Evid. 408.  Subject to the Court's approval,

19  this Stipulation is entered into between and among Lead Plaintiffs Kaniz Fatema, Zeke Ingram,

20  Bhaskar R. Gudlavenkatasiva and Abuhena M. Saifulislam (together, the "KaloBios Investor

21  Group" or "Lead Plaintiffs") and Plaintiff Austin Isensee (together with the KaloBios Investor

22  Group, the "Plaintiffs"), individually and on behalf of each member of the proposed Settlement

23  Class (defined below), and Defendant Martin Shkreli ("Shkreli," "Defendant Shkreli," or the

24  "Settling Defendant"), by and through their respective counsel, and sets forth a settlement (the

25  "Settlement") of the above-captioned consolidated action ("Action") as against Defendant

26  Shkreli.

27  **I.    THE LITIGATION**

28         This Action began with the filing of multiple initial securities class action complaints in

the United States District Court for the Northern District of California:  (1) by Plaintiff Kang Li on December 18, 2015; (2) by Plaintiff Matthew Sciabacucchi on December 23, 2015; and (3) by Plaintiff Austin Isensee on December 31, 2015.  These initial complaints named KaloBios Pharmaceuticals, Inc. ("KaloBios"), Shkreli, and Chris Thorn ("Thorn") as defendants.  Each complaint asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b), and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. § 240.10b-5, alleging that Defendants made material misstatements and omissions concerning KaloBios's business operations and prospects between November 19, 2015 and December 16, 2015.  Defendant Shkreli denies the allegations in these complaints.

On December 30, 2015, KaloBios filed for Chapter 11 bankruptcy, its case proceeding as Case No. 15-12628 (LSS) (the "Bankruptcy Case") in the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

On February 16, 2016, multiple movants, including the KaloBios Investor Group, filed motions and supporting papers seeking to consolidate these cases and seeking appointment by the Court to serve as lead plaintiffs.  On April 28, 2016, the Court entered an Order appointing the KaloBios Investor Group to serve as Lead Plaintiffs and appointing their choice of counsel, Pomerantz LLP ("Pomerantz"), also counsel for Plaintiff Isensee, to serve as Lead Counsel.

On March 29, 2016, the KaloBios Investor Group and Plaintiff Isensee filed a proof of claim in KaloBios's Bankruptcy Case on their own behalf and on behalf of the putative class at issue in the Action.

On April 18, 2016, Plaintiff Isensee, represented by Lead Counsel, filed his First Amended Complaint for Violation of the Federal Securities Laws.  Plaintiff Isensee's Amended Complaint removed Thorn as a named Defendant in the Action, again named KaloBios and Shkreli as defendants, and also named Ronald Martell ("Martell") and Herb Cross ("Cross") for the first time as defendants in the Action.  This Amended Complaint, which included allegations by certain confidential witnesses, also asserted claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5, alleging that Defendants made material misstatements and

omissions between November 18, 2015 and December 16, 2015 concerning KaloBios's business operations and prospects and Defendant Shkreli's prior misconduct.  Defendant Shkreli denies the allegations in this First Amended Complaint.

In light of KaloBios's bankruptcy, Lead Counsel engaged in extensive resolution-oriented discussions and negotiations with counsel for the Defendants KaloBios, Martell, and Cross (the "Non-Shkreli Defendants") throughout this time period, both telephonically and during in-person meetings, including a full-day session on May 3, 2016, attended by their counsel and representatives from their insurance carriers.  During this time period, Lead Counsel also engaged with Shkreli's counsel and insurance carriers, both telephonically and in person, in an unsuccessful early attempt to settle the Action as regards him.

An understanding in principal was reached to settle the Action as to the Non-Shkreli Defendants on May 18, 2016.  Thereafter, Lead Counsel and counsel for the Non-Shkreli Defendants negotiated a Memorandum of Understanding, executed on June 2, 2016, and the Bankruptcy Court was notified.  Lead Counsel also delivered alternative versions of a Class 6 bankruptcy ballot, indicating approval or rejection of KaloBios's exit plan, to counsel for KaloBios to hold in escrow pending the decision by the Bankruptcy Court as to whether to approve or reject the settlement of the Action as regards the Non-Shkreli Defendants . The Bankruptcy Court entered an order approving the settlement with the Non-Shkreli Defendants and KaloBios's plan of reorganization and Chapter 11 exit plan, including the settlement with the Non-Shkreli Defendants.  *See In re KaloBios Pharmaceuticals, Inc.*, Case No. 15-12628-LSS (Bankr. D. Del.), Dkt. No. 570.  Once the Bankruptcy Court indicated its approval of the settlement with the Non-Shkreli Defendants, Lead Counsel authorized bankruptcy counsel for KaloBios to release the escrowed vote in favor of the bankruptcy exit plan.  The parties then negotiated the terms of a stipulation, which was submitted to the Bankruptcy Court in near-final form.  The Bankruptcy Court then approved KaloBios' plan of reorganization and Chapter 11 exit plan, including the settlement with the Non-Shkreli Defendants. *See In re KaloBios Pharmaceuticals, Inc.*, Case No. 15-12628-LSS (Bankr. D. Del.), Dkt. No 581.

A stipulation was finalized on July 1, 2016, and executed by Plaintiffs and the Non-

1
2
Shkreli Defendants that day.  Plaintiffs filed a motion for preliminary approval of the settlement with the Non-Shkreli Defendants on August 8, 2016.

3
4
5
6
The stipulation of settlement with the Non-Shkreli Defendants, the bankruptcy orders which approved such settlement, and the approval motions that Plaintiffs filed with this Court, as well as its orders preliminarily and finally approving such settlement, all expressly preserved Plaintiffs' right to continue litigating against Defendant Shkreli.

7
8
9
10
11
12
Thus, the litigation against Defendant Shkreli continued.  Plaintiffs filed their First Consolidated Amended Complaint (the "FAC") on July 14, 2016 (Dkt. No. 55),  Defendant Shkreli filed his motion to dismiss on August 16, 2016 (Dkt. No. 61),  Plaintiffs opposed on September 21, 2016 (Dkt. No. 65), and Shkreli filed his reply on October 26, 2016 (Dkt. No. 68).  On January 19, 2017, Lead Counsel and Shkreli's counsel argued the merits of his motion to dismiss.

13
14
15
16
17
18
On January 20, 2017, the Court granted preliminary approval of the settlement with the Non-Shkreli Defendants.  Following class-wide notice, Plaintiffs filed their motion for final approval of that settlement on May 11, 2017, with reply papers filed on May 25, 2017.  On June 23, 2017, the Court granted final approval of the settlement with the Non-Shkreli Defendants, in an order that it revised on July 24, 2017.  Each of these Orders preserved Plaintiffs' ability to continue litigating against Defendant Shkreli.

19
20
21
On June 23, 2017, the Court also entered an Order (Dkt. No. 94) granting Shkreli's motion to dismiss the FAC, without prejudice.  On July 13, 2017, Plaintiffs filed a motion to extend the deadline for further pleadings until Shkreli's criminal trial ended, which the Court granted.

22
23
24
25
26
27
Plaintiffs filed their Second Consolidated Amended Complaint (Dkt. No. 104) ("SAC") on August 25, 2017.  On September 29, 2017, Shkreli again moved to dismiss (Dkt. No. 107).  On October 26, 2017, Plaintiffs filed their opposition (Dkt. No. 112).  On November 9, 2017, Shkreli filed his reply (Dkt. No. 113).  On January 9, 2018, Plaintiffs filed a statement of recent decision (Dkt. No. 119).  The Court set February 8, 2018, as the hearing date for Shkreli's motion to dismiss.

28
While briefing was ongoing, Plaintiffs and Shkreli discussed the possibility of mediation,

STIPULATION AND AGREEMENT OF
SETTLEMENT
CASE NO. 5:15-CV-05841-EJD

and they agreed to mediate before JAMS mediator Jed Melnick, Esq., on January 30, 2018.  In advance, on January 16, 2018, Plaintiffs and Shkreli simultaneously submitted written mediation statements, which they exchanged.  Plaintiffs and Shkreli conducted a mediation on January 30, 2018, which resulted in their oral agreement to settle the Action for $1.5 million, subject to execution of this Stipulation.  Plaintiffs and Shkreli executed a Memorandum of Understanding on February 6, 2018.

## II.   PLAINTIFFS' CLAIMS AND BENEFITS OF SETTLEMENT

Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit.  However, Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Settling Defendant through trial and appeal.  Based on their investigation and discovery, Plaintiffs are entering into this Settlement in view of, among other things, the significant cash benefits it will provide to Settlement Class Members and the avoidance of the uncertainties, burden, risk, and expense of further litigation against the Settling Defendant.  Plaintiffs and Lead Counsel are mindful of the inherent problems of proof of, and possible defenses to, the federal securities law violations asserted in the Action, including, but not limited to, proof of the Settling Defendant's state of mind, causation, and damages, particularly in light of the Court's prior Order dismissing the Action as it had been previously alleged in the FAC and the arguments raised in Shkreli's pending motion to dismiss the SAC.  Based on the forgoing, Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation confer substantial benefits upon the Settlement Class; are fair, reasonable and adequate to the Settlement Class; and that it is in the best interests of the Settlement Class to settle the claims raised in the Action, as they were alleged against Defendant Shkreli, pursuant to the terms and provisions of this Stipulation.

## III.   SETTLING DEFENDANT'S DENIALS OF LIABILITY

The Settling Defendant has denied and continues to deny that he has violated the federal securities laws or any other laws or has otherwise misled investors as alleged in the Action.  He has denied and continues to deny specifically each and all of the claims alleged in the Action; all charges of wrongdoing or liability against him arising out of any of the conduct, statements, acts

or omissions alleged, or that could have been alleged, in the Action; the allegations that he made any material misstatements or omissions; that any Settlement Class Member has suffered damages; that the prices of KaloBios securities were artificially inflated by reason of the alleged misrepresentations or omissions by him; that the Settlement Class Members were harmed by the conduct alleged in the Action; or that he knew of or was reckless with respect to the alleged misconduct.  In addition, the Settling Defendant maintains that he has meritorious defenses to all claims alleged in the Action.

Nonetheless, taking into account the uncertainty, risks, and costs inherent in any litigation, especially in complex cases such as this Action, the Settling Defendant has concluded that further conduct of the Action could be protracted, burdensome, expensive, and distracting.  He has, therefore, determined that it is desirable and beneficial to him that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.  As set forth in ¶44, below, and pursuant to the Federal Rules of Evidence, this Stipulation shall in no event be construed as or deemed to be evidence of an admission or concession by the Settling Defendant with respect to any claim of any fault or liability or wrongdoing or damage.

## IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (for themselves and all Settlement Class Members), on the one hand, and the Settling Defendant, on the other hand, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, in consideration of the benefits flowing to them from the Settlement set forth herein, the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice upon and subject to these terms and conditions set forth herein:

### DEFINITIONS

1.      In addition to the other defined terms herein, the following definitions shall apply in this Stipulation:

(a)      "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim form to the Settlement Administrator, in accordance with the

requirements established by the Court, which is approved for payment from the Settlement Fund.

(b)    "Claimant" means a Settlement Class Member who submits a Proof of Claim to the Settlement Administrator seeking to share in the proceeds of the Settlement Fund.

(c)    "Defendant Claims" means any and all actual and potential claims, counterclaims, and bases for relief, whether known or Unknown Claims, that the Settling Defendant could have raised in the Action against the Plaintiffs or Lead Counsel including but not limited to claims arising under Fed. R. Civ. P. 11 or any other claims seeking reimbursement of costs, expenses, or attorneys' fees, but excepting claims to enforce this Settlement.

(d)    "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in ¶39 below.

(e)    "Escrow Account" means the escrow account or accounts established in a federally chartered bank designated by Lead Counsel to be controlled by such bank as the Escrow Agent for the benefit of the Settlement Class, and to which the Settlement Consideration shall be wired, transferred, or otherwise paid pursuant to ¶7 below.

(f)    "Escrow Agent" means The Huntington National Bank.

(g)    "Final" means an order or judgment as to which there is no pending appeal, stay, motion for reconsideration or motion to vacate or similar request for relief, and as to which the period of time for a party to seek any such appeal, stay, motion for reconsideration, or motion to vacate or similar request for relief has expired, or if any such appeal, stay, motion for reconsideration, or motion to vacate or similar request has been filed, after such appeal, stay, motion for reconsideration, or motion to vacate or similar request has been denied and the order or judgment has been upheld in all material respects and is no longer subject to review.

(h)    "Judgment" means the Judgment and Order of Final Approval to be entered by the Court following the settlement fairness hearing ("Settlement Hearing") approving the Settlement, certifying the Settlement Class for settlement purposes only, approving the release of the Settled Claims, and dismissing the Settled Claims with prejudice and without costs to any party, in the form attached hereto as Exhibit E or in similar form adopted by the Court.

(i)    "MOU" means the Memorandum of Understanding executed by the

STIPULATION AND AGREEMENT OF
SETTLEMENT
CASE NO. 5:15-CV-05841-EJD

parties on February 6, 2018.

(j)      "Net Settlement Fund" means the Settlement Fund, less all fees and expenses awarded by the Court to Lead Counsel (or any other counsel designated by Lead Counsel), any award to the Plaintiffs, any Taxes, and any notice and administration costs.

(k)      "Notice" means the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Notice of Settlement Fairness Hearing, in all material respects in the form attached hereto as Exhibit B1 (long form), to which Settlement Class Members will be directed for viewing on the Settlement Administrator's website, and Exhibit B2 (short form), which mirrors the short form notice previously approved by the Court in conjunction with the settlement with the Non-Shkreli Defendants  and which is to be sent to Settlement Class Members.

(l)      "Plan of Allocation" means the plan for allocating the Net Settlement Fund, as set forth in Exhibit B, or such other plan of allocation as the Court may approve.

(m)     "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court that will, for the limited purposes of this Settlement, approve this Action to proceed as a class action, preliminarily approve the Settlement and direct notice to be provided to the Settlement Class.

(n)      "Proof of Claim" means the Proof of Claim and Release Form in all material respects in the form attached hereto as Exhibit D.

(o)      "Publication Notice" means the Summary Notice of Pendency and Proposed Settlement of Action and Settlement Hearing, substantially in the form attached as Exhibit C.

(p)      "Recognized Claim" means the amount of an Authorized Claimant's loss that is determined by the Settlement Administrator to be compensable under the Plan of Allocation.

(q)      "Released Parties" means Defendant Shkreli, his immediate family members, his successors and assigns, and his insurers.

(r)      "Settled Claims" means the Settlement Class Claims and the Defendant

Claims.

(s)     "Settlement" means the settlement contemplated by this Stipulation.

(t)     "Settlement Administrator" means the firm of Strategic Claims Services which shall administer the Settlement, including sending a short-form mailed Notice to Settlement Class Members in the form of Exhibit B2 hereto, arranging for publication of Notice in the form of Exhibit C hereto, arranging for a dedicated webpage on which will be posted the Stipulation of Settlement and all its Exhibits including the long-form Notice in the form of Exhibit B1 and the Proof of Claim in the form of Exhibit D, processing claims, and performing such other administrative functions as are required under this Stipulation.

(u)     "Settlement Administration Account" means an interest bearing account to be maintained by the Settlement Administrator for payment of the expenses of administering the Settlement.

(v)     "Settlement Class" means, for purposes of this Settlement only, all persons or entities who purchased or otherwise acquired the common stock of KaloBios between November 19, 2015 and December 16, 2015, both dates inclusive, seeking to recover damages caused by the Settling Defendant's alleged violations of the federal securities laws.  Excluded from the Settlement Class are the Settling Defendant and his immediate family members; former Defendant KaloBios and its successors, assigns, officers, directors, subsidiaries, affiliates, and employees, including without limitation Ted W. Love, Denise Gilbert, Laurie Smaldone Alsup, Gary Lyons, Robert A. Baffi, Raymond M. Withy, Charles Democko, Don Joseph, Geoffrey Yarranton, Judy Alaura, Priyanka Ankola, Deborah Brown, Mark Camarena, Blair Evans, Jennifer Fernando, Morgan Lam, Wendy Lin, Tom Selph, Ted Shih, and Mirella Villa del Toro; former Defendants Martell and Cross and their immediate family members; Shkreli's affiliates and the other members of his investor group who acquired roughly 70% of KaloBios stock as announced by KaloBios: David Moradi ("Moradi"), Anthion Partners II LLC, Marek Biestek ("Biestek"); and those individuals who otherwise acquired KaloBios stock and/or were appointed as KaloBios officers and directors in conjunction with Shkreli's takeover of the company, including Moradi, Biestek, Tony Chase, Tom Fernandez, and Michael Harrison.  The Settling

- 9 -

Defendant shall assist in identifying the members of his immediate family to be excluded from the Settlement Class.

(w)    "Settlement Class Claims" means any and all claims, both known and Unknown Claims, alleged or which could have been alleged or pled or which could have been pled in the Action against the Settling Defendant or any of the Released Parties, for any alleged injury to a Settlement Class Member arising from the facts and circumstances at issue in the Action or related in any way to Shkreli's tenure at KaloBios, alleged misstatements or omissions made by Shkreli, and transactions by any Settlement Class Member in KaloBios stock, whether known or Unknown Claims, whether direct or for indemnification, contribution or otherwise, and whether arising under state, federal, or common law, and including any claim for recovery of liability to the Settlement Class or its members for any costs, expenses or attorneys' fees, but excepting claims to enforce this Settlement.  "Settlement Class Member" means a person or entity that is a member of the Settlement Class that does not exclude himself, herself or itself by filing a request for exclusion in accordance with the requirements set forth in the Notice.

(x)    "Settlement Class Period" means the period of November 19, 2015 through December 16, 2015 (both dates inclusive).

(y)    "Settlement Consideration" means one million five hundred thousand dollars ($1,500,000.00) to be funded by XL Specialty Insurance Company ("XL") on behalf of the Settling Defendant within fifteen business (15) days after the Court grants preliminary approval of the Settlement.  For the avoidance of doubt, other than the Settlement Consideration, no other funds for a settlement of the Action shall be forthcoming under any circumstances from Settling Defendant and/or his insurance carriers, including but not limited to XL.

(z)    "Settlement Fund" means the Settlement Consideration plus any and all interest accrued thereon in the Escrow Account.

(aa)    "Settlement Fund Distribution Order" means the order approving the Settlement Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted herein; approving of any fees and expenses not previously applied for, including the fees and expenses of the Settlement Administrator; and directing distribution of the

- 10 -

1    Net Settlement Fund to the Authorized Claimants.

2              (bb)    "Settling Defendant" means Defendant Shkreli.

3              (cc)    "Settling Parties" means Plaintiffs, on behalf of themselves and the

4    Settlement Class Members, and the Settling Defendant.

5              (dd)    "Taxes" means: (i) all federal, state, and/or local taxes of any kind on

6    any income earned by the Settlement Fund; and (ii) the reasonable and necessary costs and

7    expenses incurred in connection with determining the amount of, and paying, any taxes owed by

8    the Net Settlement Fund (including, without limitation, the reasonable and necessary costs and

9    expenses of tax attorneys and accountants).

10             (ee)    "Unknown Claims" means (i) any and all Settlement Class Claims that

11   Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her, or its

12   favor at the time of the release of the Released Parties and the Settling Defendant, which if known

13   by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement;

14   and (ii) and any and all Defendant Claims that the Settling Defendant does not know or suspect to

15   exist in his favor, which if known by him might have affected his decision(s) with respect to the

16   Settlement.  With respect to the Settled Claims, the Settling Parties stipulate and agree that upon

17   the Effective Date, the Plaintiffs and the Settling Defendant shall expressly waive, and each

18   Settlement Class Member shall be deemed to have waived, and by operation of the Judgment

19   shall have expressly waived any and all provisions, rights and benefits conferred by any law of

20   any state or territory of the United States or principle of common law, that is similar, comparable,

21   or equivalent to Cal. Civ. Code § 1542, which provides:

22        **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE**

23        **CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER**

24        **FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF**

25        **KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS**

26        **OR HER SETTLEMENT WITH THE DEBTOR.**

27   The Settling Parties acknowledge, and Settlement Class Members by operation of law shall be

28   deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition

of Settlement Class Claims and Defendant Claims was separately bargained for and was a key element of the Settlement.

## CAFA NOTICE

2.      Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) calendar days after the Stipulation is filed with the Court, counsel for the Settling Defendant shall serve proper notice of the Settlement upon the United States Attorney General and each State Attorney General.  Simultaneously, the Settling Defendant shall provide a copy of such notice as well as proof of service of such notice to Lead Counsel.

## CLASS CERTIFICATION

3.      For the sole purpose of the Settlement, the Settling Defendant stipulates, agrees, and consents to: (i) certification of the Action as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3); (b) appointment of Plaintiffs as class representatives; and (c) appointment of Lead Counsel as class counsel pursuant to Fed. R. Civ. P. 23(g).  Following execution of this Stipulation, Plaintiffs, with the consent of the Settling Defendant, shall apply to the Court for entry of the Preliminary Approval Order in the form attached as Exhibit A hereto, which will certify the Action to proceed as a class action for settlement purposes only.  The Settling Defendant shall have the right to withdraw from the Stipulation (specifically including the provisions in this Paragraph regarding class certification and appointment of class representatives and class counsel) in the event that the Settlement does not become Final, in which case and at which point the parties would revert to their positions in the Action immediately preceding their execution of the MOU, as if the MOU, this Stipulation, and the Settlement had never occurred, and the parties hereto shall work together to arrive at a mutually agreeable schedule for resuming litigation of the Action in light of such developments.

## RELEASE OF CLAIMS

4.      The Settlement obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action as to the Settling Defendant, and shall fully and finally release any and all Settled Claims.  The Settlement shall resolve all outstanding claims in the Action.

5.      Upon the Effective Date of this Settlement, Plaintiffs and Settlement Class

Members (whether or not they submit a Proof of Claim or share in the Settlement Fund), on behalf themselves and their heirs, executors, administrators and assigns, and any person(s) they represent, shall be deemed by this Settlement to, and shall, release, waive, dismiss, and forever discharge the Settlement Class Claims, and shall be deemed by this Settlement to, and shall be forever enjoined from prosecuting each and every one of the Settlement Class Claims.  It is an important element to the Settling Defendant's participation in this Settlement that he and the Released Parties obtain the broadest possible release from liability to any Plaintiff or Settlement Class Member relating to the Settlement Class Claims, and it is the intention of the Settling Parties that any liability of the Settling Defendant and the Released Parties relating to the Settlement Class Claims be eliminated.

6.      Upon the Effective Date of this Settlement, the Settling Defendant, on behalf of himself and his heirs, executors, administrators, successors and assigns, and any person(s) they represent, shall be deemed by this Settlement to, and shall release, waive, dismiss, and forever discharge the Defendant Claims, and shall be deemed by this Settlement to, and shall be forever enjoined from prosecuting each and every one of the Defendant Claims.  It is likewise an important element to Plaintiffs' and Lead Counsel's participation in this Settlement that they, the Settlement Class members, and their attorneys, agents, experts, and investigators obtain the broadest possible release from liability to the Settling Defendant relating to the Defendant Claims, and it is the intention of the Settling Parties that any such liability relating to the Defendant Claims be eliminated.

## THE SETTLEMENT CONSIDERATION

7.      In full and complete settlement of the Settlement Class Claims, the Settling Defendant shall cause XL to pay on behalf of the Settling Defendant, the Settlement Consideration to the Escrow Account, as follows:  one million five hundred thousand dollars ($1,500,000.00) within fifteen business (15) days after the Court grants preliminary approval of the Settlement.  The Escrow Agent shall provide complete wire transfer or other similar instructions to the Settling Defendant 's counsel at least fifteen (15) business days prior to the date of such payment.  Lead Counsel or the Escrow Agent shall provide the name, address and

STIPULATION AND AGREEMENT OF
SETTLEMENT
CASE NO. 5:15-CV-05841-EJD

telephone number of both the payee and the recipient of the Settlement Consideration and a properly completed Form W-9 for the payee as soon as practicable after the execution of this Agreement, but in no event later than fifteen (15) business days prior to the date of such payment.

8.     The Settlement Fund shall be used to pay fees and expenses awarded by the Court to Lead Counsel for distribution by Lead Counsel in its discretion among itself and other plaintiffs' counsel involved in the Action, any compensatory award to the Plaintiffs, any Taxes, and any notice and administration costs (subject to the limits set forth in ¶16).  The remaining balance shall be the Net Settlement Fund and shall be distributed to Authorized Claimants as provided herein in ¶¶27-30.

9.     The obligations incurred pursuant to this Stipulation shall be in full and final disposition and settlement of all Settled Claims and shall resolve all claims pled in the Action. All payments made to Authorized Claimants pursuant to the Plan of Allocation as approved by the Court, the fees and expenses awarded by the Court to Lead Counsel for distribution by Lead Counsel in its discretion among itself and other plaintiffs' counsel involved in the Action, and any compensatory award to the Plaintiffs as awarded by the Court, and all administrative and other approved expenses of the Settlement, including Taxes, shall be paid from the Settlement Fund. The Settlement Consideration is the only monetary responsibility under the Settlement, and members of the Settlement Class who do not timely seek to exclude themselves from the Settlement Class shall look solely to the Net Settlement Fund for satisfaction of any and all Settled Claims as against the Settling Defendant and/or his insurance carriers (including XL).

10.     The Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed pursuant to this Stipulation and/or further order of the Court.  Until such time as the Settlement and Judgment become Final, the Settlement Fund may only be invested in United States Treasury Bills with a maturity of 90 days or less in an account held at a nationally recognized financial institution.  Once the Settlement and Judgment become final, there shall be no reversion whatsoever of any of the Settlement Consideration to the Settling Defendant or XL.

**USE AND ADMINISTRATION OF THE ESCROW ACCOUNT**

11. The Escrow Account will, to the extent possible, be a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1. The Escrow Agent shall be solely responsible for ensuring that the Escrow Account complies with the requirements and regulations governing Qualified Settlement Funds, for filing any tax returns for the Settlement Fund, and for paying all Taxes owed with respect to the Settlement Fund.

12. The Escrow Agent will bear all responsibility and liability for managing the Settlement Fund for the benefit of the Settlement Class, and cannot assign or delegate its responsibilities without approval of Lead Counsel. Statements of account will be provided to Lead Counsel on a monthly basis until the Judgment becomes Final.

13. All interest on the Settlement Fund will accrue for the benefit of the Settlement Class, so long as the Settlement becomes Final, until distribution of the Net Settlement Fund is made to the Settlement Class after the Judgment becomes Final, and none of the Released Parties, the Settling Defendant, XL, or their counsel shall have any supervisory authority or responsibility with respect to the Escrow Account.

14. After the Judgment becomes Final, all costs and Taxes shall be paid out of the Escrow Account, and neither the Settling Defendant nor any of the Released Parties and XL, nor their counsel, shall have any supervisory authority or responsibility with respect to such payments. Any remaining reasonable and necessary costs of administration, notice to the Settlement Class, and Taxes shall be paid out of the Settlement Administration and Escrow Accounts without further order of the Court. Under no circumstances shall Plaintiffs or Lead Counsel have any responsibility for such costs.

15. In the event the Settlement and Judgment do not become Final or the Settlement is terminated as provided herein, within ten (10) business days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, all monies then held in the Escrow Account, including interest earned but less any actual notice costs and related administrative expenses paid or incurred before notice of termination or non-approval, shall be returned to XL. Under those circumstances, Lead Counsel and its partners shall undertake to return those amounts by taking all steps necessary to cause the Escrow Agent to make the

- 15 -

foregoing repayments.  Plaintiffs and the Settlement Class shall have no responsibility for the return of such consideration.  Once the Settlement is approved by the Court and such approval is not subject to further review on appeal, none of the Settlement Consideration shall be paid to XL or the Settling Defendant.

### USE AND ADMINISTRATION OF SETTLEMENT ADMINISTRATION ACCOUNT

16.     Upon deposit in the Escrow Account of the Settlement Consideration, the Escrow Agent may transfer one hundred fifty thousand dollars ($150,000.00) from the Escrow Account to the Settlement Administration Account in order to pay reasonable and necessary notice and administration costs related to the Settlement.  No other disbursements from the Escrow Account related to the Settlement will occur until the Judgment becomes Final absent agreement of the Settling Parties and approval from the Court.

17.     After the Judgment becomes Final, any remaining monies in the Settlement Administration Account shall be transferred back to the Escrow Account.  In the event the Settlement and Judgment do not become Final or the Settlement is terminated as provided herein, within ten (10) business days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, all monies then held in the Settlement Administration Account, including interest earned, shall be returned to XL, except for any monies paid for administration costs, including notice costs and Taxes.   Under those circumstances, Lead Counsel and its partners shall undertake to return those amounts by taking take all steps necessary to cause the Escrow Agent to make the foregoing repayments.  Plaintiffs and the Settlement Class shall have no responsibility for the return of such consideration.  Once the Settlement becomes Final, no monies shall revert to XL or the Settling Defendant.

18.     Without prior approval from the Court, the Settlement Administrator may pay from the Settlement Administration Account the reasonable and necessary costs and expenses associated with administering the Settlement, including without limitation identifying and notifying members of the Settlement Class.

### PLAN OF ALLOCATION

19.     The Settlement Administrator shall administer the Settlement subject to the

- 16 -

1    jurisdiction of the Court and pursuant to this Stipulation and the Plan of Allocation.  The

2    Plaintiffs and Lead Counsel shall be solely responsible for formulation of the Plan of Allocation.

3        20.    The Plan of Allocation proposed in the Notice, as set forth in Exhibit B1 hereto

4    and as accessible via the information provided in Exhibit B2 hereto, is not a necessary term of

5    this Stipulation or the Settlement, and any change, modification, or alteration to the Plan of

6    Allocation by the Court shall not be grounds for termination of the Settlement.  The Plan of

7    Allocation is to be considered by the Court separately from its determination of the fairness,

8    reasonableness, and adequacy of the Settlement as set forth in the Stipulation.

9                    **ADMINISTRATION OF THE SETTLEMENT**

10       21.    Any Settlement Class Member who does not submit a timely and valid Proof of

11   Claim will not be entitled to receive any of the proceeds from the Net Settlement Fund, but will

12   otherwise be bound by all of the terms in this Stipulation and the Settlement, including the terms

13   of the Judgment to be entered in the Action and the releases provided for herein, and will be

14   barred from bringing any action against the Released Parties concerning the Settled Class Claims.

15       22.    The Settling Parties believe that considerable efficiencies can be achieved in the

16   administration of this Settlement, both to reduce costs and to expedite the approval and

17   distribution processes attendant to the Settlement.  The Settlement Class Period at issue in this

18   Settlement entirely falls within the class period of the previous partial settlement in this Action

19   with the Non-Shkreli Defendants – indeed, it is a single day shorter.  Former Defendant KaloBios

20   previously produced its available information with respect to the identification of Settlement

21   Class Members from its shareholder transfer records.  The Settlement Administrator already

22   mailed notices to brokerages and similar institutions and engaged in customary efforts to track

23   down Settlement Class Members and to correct any bad or outdated addresses.  The foregoing

24   steps should greatly simplify the Settlement Administrator's job in identifying and notifying

25   Settlement Class Members for the instant Settlement.   The Settling Defendant shall otherwise

26   assist in identifying the members of his immediate family who are to be excluded from the

27   Settlement Class per the terms of the MOU and this Stipulation.  The Settling Defendant and the

28   Released Parties shall otherwise not have any responsibility for the administration of the

STIPULATION AND AGREEMENT OF
SETTLEMENT
CASE NO. 5:15-CV-05841-EJD

Settlement.

23.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions (subject to Court order) shall apply:

(a)     Each Settlement Class Member will be informed of this Settlement through the mailed short-form Notice (Exhibit B2), the Publication Notice (Exhibit C), and the website-posted long-form Notice (Exhibit B1) and will be informed that all proofs of claim previously submitted in conjunction with the partial settlement between Plaintiffs and the Non-Shkreli Defendants will be deemed to have submitted a timely and valid Proof of Claim for this Settlement and they need not take further action, unless they wish to be excluded from this Settlement by timely filing a proper request for exclusion.  For all such Settlement Class Members, the Settlement Administrator must simply examine the prior-filed claim and exclude from the calculation of Recognized Loss any potential damages derived from purchases of KaloBios stock on November 18, 2015 (the one non-overlapping day between the Settlement Class Period at issue in this Settlement and the prior class period at issue in the previous settlement with the Non-Shkreli Defendants).

(b)     Otherwise, any Settlement Class Member who did not already submit a proof of claim in the prior settlement between Plaintiffs and the Non-Shkreli Defendants shall be required to submit a valid Proof of Claim, in the form attached hereto as Exhibit D, supported by such documents as are designated therein, including proof of the transactions claimed and the losses incurred thereon, or such other documents or proof as the Settlement Administrator, in its discretion, may deem acceptable.  All new Proofs of Claim must be submitted by the date specified in the Notice.  Any Settlement Class Member who did not previously submit a proof of claim in the prior partial settlement with the Non-Shkreli Defendants (as addressed by the preceding paragraph (a)) and who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to the Settlement and this Stipulation, but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be

- 18 -

barred from bringing any action against the Released Parties concerning the Settled Class Claims. Provided that it is received before the motion for the Settlement Fund Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by First-Class mail and addressed in accordance with the instructions provided in the Notice.  In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Settlement Administrator.

(c)        Each Proof of Claim, including those Proofs of Claims previously submitted, shall be reviewed by the Settlement Administrator, who shall determine in accordance with this Stipulation the extent, if any, to which each Claimant is an Authorized Claimant.  As regards the prior-submitted proofs of claim in the earlier settlement with the Non-Shkreli Defendants, which shall be deemed timely submitted as per paragraph (a) above, the Settlement Administrator need only re-examine them to verify that no portion of their Recognized Loss is based on trades made on November 18, 2015 (the one non-overlapping date between the prior settlement with the Non-Shkreli Defendants and this Settlement) and, if necessary, to exclude stock purchases made on November 18, 2015 from consideration and to recalculate the Recognized Loss now.

(d)        The administrative determinations of the Settlement Administrator accepting or rejecting claims shall be presented to the Court on notice to the Settling Parties, for approval by the Court in the Settlement Fund Distribution Order.

24.        Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity of the amount of the Claimant's claim.  No discovery shall be allowed on the merits of the Action or Settlement in conjunction with the processing of the Proofs of Claim.

25.        Payment pursuant to this Stipulation shall be deemed final and conclusive against all Settlement Class Members.  All Settlement Class Members whose claims are not approved by the Court shall be barred from participating in the distribution from the Settlement Fund, but

- 19 -

otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settlement Class Claims.

26. All proceedings with respect to the administration, processing, and determination of claims and all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of this Court.

## **DISTRIBUTION OF THE SETTLEMENT**

27. The Settlement Administrator shall determine and allocate to each Authorized Claimant that Authorized Claimant's proportionate share of the Settlement Fund based on each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants. The Settling Defendant and the Released Parties shall have no involvement in reviewing, challenging, or approving the Proofs of Claim or in distributing the Net Settlement Fund.

28. After the Effective Date, Lead Counsel shall apply to the Court, on notice to the Parties, for the Settlement Fund Distribution Order.

29. The Settlement Fund shall be distributed to the Authorized Claimants, pursuant to the Settlement Fund Distribution Order, only after the Effective Date and after:

(a) All Claims have been processed;

(b) All matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court, and such resolution by the Court is Final; and

(c) All costs of administration have been paid.

30. The Settlement Administrator will use its best efforts to administer and distribute the entirety of the Net Settlement Fund to the extent that it is equitably and economically feasible. If there is any balance remaining in the Net Settlement Fund after the initial distribution of the Net Settlement Fund, such remaining balance shall then be donated to an appropriate non-profit organization selected by Lead Counsel, in which Lead Counsel shall not have any financial interest or other affiliation. Under no circumstances shall the Settling Defendant or XL have any

- 20 -

interest whatsoever in such remaining balance.

## ATTORNEYS' FEES AND EXPENSES

31.     Lead Counsel will apply to the Court for an award of attorneys' fees, as well as reimbursement of expenses, in amounts to be determined by Lead Counsel as described in the Notice attached as Exhibit B1 hereto or via the information accessible via the Notice attached as Exhibit B2 hereto and via the Publication Notice attached as Exhibit C hereto.

32.     Upon Court approval of an award of attorneys' fees and expenses, such award (the "Fee and Expense Award") shall be paid to Lead Counsel, for distribution by Lead Counsel in its discretion among itself and other plaintiffs' counsel that were involved in the Action, solely from the Settlement Fund.  Such award shall be paid ten (10) calendar days after entry of (a) the Court's order granting the Fee and Expense Award and (b) the Judgment.

33.     If the Effective Date does not occur or if this Stipulation is terminated, then any Fee and Expense Award is no longer payable.  In the event that any portion of the Fee and Expense Award has already been paid from the Settlement Fund, Lead Counsel and all other plaintiffs' counsel to whom Lead Counsel has distributed payments shall within ten (10) business days from the event which precludes the Effective Date from occurring or the termination of the Stipulation, refund to the Settlement Fund the Fee and Expense Award paid to Lead Counsel and, if applicable, distributed to other plaintiffs' counsel.

34.     If the Fee and Expense Award is reduced or reversed on appeal, Lead Counsel and all other plaintiffs' counsel to whom Lead Counsel has distributed payments shall within ten (10) business days from the date of a Final order by the Court of Appeals or the Supreme Court directing such reduction or reversal, make such refunds as are required by such Final order, and such funds shall be distributed by the Escrow Agent to the Settlement Class in the manner directed in the Final order.

35.     The procedure for and the allowance or disallowance by the Court of any application by Lead Counsel for attorneys' fees and expenses to be paid out of the Settlement Consideration is not a necessary term of the Settlement or this Stipulation and it is not a condition of this Stipulation that any particular application for attorneys' fees or expenses be approved.

Moreover, the provisions in ¶¶31-35 herein, and in particular the figures for attorneys' fees and expenses in ¶31, were agreed to after all other substantive provisions were finalized.

**TERMS OF ORDER FOR NOTICE AND HEARING AND ENTRY OF JUDGMENT**

36.     Promptly after this Stipulation has been fully executed, Lead Counsel shall apply to the Court for entry of the Preliminary Approval Order by submitting the fully executed Stipulation together with its Exhibits to the Court and shall request that the Court enter the Preliminary Approval Order, substantially in the form of Exhibit A, approve the mailing of the Notice, publication of the Publication Notice, and website posting of the long-form Notice, substantially in the form of Exhibits A, B2, and B1, respectively.

37.     Any Settlement Class Member who fails to comply with any of the provisions of ¶¶21, 23-25 of this Stipulation shall waive and forfeit any and all rights he, she or it may otherwise have to appear separately at the Settlement Hearing and/or to object to the Settlement or to this Stipulation, and shall be bound by all the terms of the Settlement and this Stipulation, and by all proceedings, orders and judgments in the Action.

**TERMS OF ORDER AND JUDGMENT**

38.     If the Settlement contemplated by this Stipulation is approved by the Court, counsel for the Settling Parties shall request that the Court enter the Judgment.

**EFFECTIVE DATE OF SETTLEMENT, WAIVER, OR TERMINATION**

39.     The Effective Date of Settlement shall be the date when all of the following shall have occurred:

(a)     Approval by the Court of the Settlement, following the period set forth for notice under CAFA, and following notice to the Settlement Class and the Settlement Hearing, as prescribed by Fed. R. Civ. P. 23;

(b)     Entry by the Court of the Judgment, which has become Final, or in the event that the Court enters an order of judgment not in all material respects in the form of the Judgment and none of the Settling Parties elects to terminate this Settlement, the date that such alternative judgment becomes Final.

40.     Each of the Settling Parties shall have the right to terminate its participation in this

Settlement by providing written notice of its election to do so ("Termination Notice") to counsel

for the other Settling Parties hereto within thirty (30) days of any of the following:

(a)     The Court's declining to enter the Preliminary Approval Order in any

material respect;

(b)     The Court's refusal to approve this Stipulation in any material respect;

(c)     The Court's declining to enter the Judgment in any material respect;

provided, however, that this Settlement is expressly not conditioned on the Court's approval of

the proposed Plan of Allocation, nor on the Court's approval of Lead Counsel's application for

attorneys' fees or expenses, nor on the Court's approval of any compensatory award to Plaintiffs,

and any change in the Judgment relating to these items shall not be considered a material change;

or

(d)     The Judgment does not become Final.

41.     In the event of a termination (whether under ¶40 or ¶42), the Stipulation and

releases provided for therein shall become null and void and of no further force and effect (except

for ¶¶15, 17, 33, 34, 40, 42, 44, 58, and 59, which shall survive the termination), and the Settling

Parties shall be deemed to have reverted to their respective positions as they existed prior to the

execution of the MOU, the execution of the Stipulation, and the entry of any orders pursuant to

the Stipulation. The Parties shall thereafter proceed in all respects as if the Stipulation and any

related orders had not been entered and shall jointly ask the Court to reschedule the oral argument

on Defendant Shkreli's second motion to dismiss, which they had asked the Court to vacate in

light of the Settlement.

**<u>OPT-OUT TERMINATION RIGHT, CONFIDENTIALITY</u>**

42.     The Settling Parties, by and through their respective counsel, previously executed

the MOU, which in ¶11 sets forth certain conditions under which this Stipulation may be

withdrawn or terminated at the sole discretion of the Settling Defendant if the number of shares

held by members of the Settlement Class who opt-out of the Settlement exceeds a minimum

threshold, with such minimum threshold identified therein. The MOU shall not be filed with the

Court, except that the substantive contents of its ¶11 may be brought to the attention of the Court,

*in camera*, in the event of a dispute between the Settling Parties or if so requested or as otherwise ordered by the Court.

43.     The Settling Parties will otherwise keep the terms of ¶11 of the MOU in the strictest confidentiality.

## USE OF THIS STIPULATION

44.     This Stipulation, whether or not consummated, and any statements made or proceedings taken pursuant to it are not, shall not be deemed to be, and may not be argued to be or offered or received:

(a)     Against the Settling Defendant as evidence of, or construed as evidence of any presumption, concession, or admission by the Settling Defendant with respect to the truth of any fact alleged by the Plaintiffs in this Action or the validity of any claim that has been or could have been asserted against the Settling Defendant in this Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by the Settling Defendant.

(b)     Against the Settling Defendant as evidence of, or construed as evidence of any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Settling Defendant, or against the Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of any infirmity of the claims alleged by the Plaintiffs in the Action.

(c)     Against the Settling Defendant, the Plaintiffs, or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by the Settling Defendant, the Plaintiffs, or any Settlement Class Member with respect to any liability, negligence, fault, or wrongdoing as against the Settling Defendant, the Plaintiffs, or any Settlement Class Member in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, the Settling Defendant, the Plaintiffs, and any Settlement Class Member may refer to it to effectuate the liability protection granted them hereunder;

STIPULATION AND AGREEMENT OF
SETTLEMENT
CASE NO. 5:15-CV-05841-EJD

(d)      Against the Settling Defendant as evidence of, or construed as evidence of any presumption, concession, or admission by any of them that the Settlement Consideration represents the amount which could or would have been received after trial of the Action against him;

(e)      Against the Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by the Settling Defendant or any former defendants in the Action have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund; and

(f)      As evidence of, or construed as evidence of any presumption, concession, or admission that class certification is appropriate in this Action, except for purposes of this Settlement.

## **MISCELLANEOUS PROVISIONS**

45.     All of the Exhibits attached hereto are hereby incorporated herein by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event of a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit attached hereto, the terms of this Stipulation shall prevail.

46.     The Settling Parties intend the Settlement to be a final and complete resolution of all disputes which have been asserted, could have been asserted, or could be asserted by Plaintiffs or the Settlement Class Members against the Settling Defendant and all Released Parties concerning the Settled Class Claims and against the Plaintiffs and Settlement Class Members by the Settling Defendant concerning the Defendant Claims.  Accordingly, Settling Parties agree not to assert in any forum that the litigation was brought by Plaintiffs or defended by the Settling Defendant in bad faith or without a reasonable basis.  The Settling Parties shall assert no claims of any violation of Fed. R. Civ. P. 11 relating to the prosecution, defense, or settlement of this Action.  Moreover, none of the Settling Parties shall seek any cost-shifting claims against the other.  The Settling Parties agree that the Settlement Consideration and the other terms of the Settlement were negotiated at arm's length in good faith by the Settling Parties, including during

STIPULATION AND AGREEMENT OF
SETTLEMENT
CASE NO. 5:15-CV-05841-EJD

numerous telephonic and face-to-face sessions, as described herein above, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

47.    This Stipulation may not be modified or amended except by a writing signed by all signatories hereto or their successors-in-interest, nor may a Settling Party be deemed to have waived any provision (including this provision) except by a writing signed by that Settling Party or its successor-in-interest.

48.    Neither the Settlement Class Members nor the Settling Defendant shall be bound by the Stipulation if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Settlement Class Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Settlement Class Members, or the Plan of Allocation is modified on appeal.  Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to the distribution of the Net Settlement Fund.  Nor shall it be a basis to terminate the Stipulation if the Court denies, in whole or in part, Lead Counsel's application for attorneys' and expenses.

49.    Lead Counsel, on behalf of the Settlement Class, is expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which it deems appropriate.

50.    Plaintiffs and Lead Counsel represent and warrant that none of Plaintiffs' claims or causes of action referred to in this Action or this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

51.    Each counsel or other person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants and represents that such person has the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

52.    The headings herein are used for the purpose of convenience only and are not

STIPULATION AND AGREEMENT OF
SETTLEMENT
CASE NO. 5:15-CV-05841-EJD

1    meant to have legal effect.

2           53.    The administration and consummation of the Settlement as embodied in this

3    Stipulation shall be under the authority of the Court and the Court shall retain jurisdiction for the

4    purpose of entering orders providing for awards of attorneys' fees and expenses to Lead Counsel

5    (including for distribution among any other plaintiffs' counsel) and enforcing the terms of this

6    Stipulation.

7           54.    The waiver by one Settling Party of any breach of this Stipulation by any other

8    Settling Party shall not be deemed a waiver by the waiving Settling Party of any other prior or

9    subsequent breach of this Stipulation or a waiver by any other Settling Party of any breach of this

10    Stipulation.

11           55.    Other than the agreement set forth in ¶11 of the MOU regarding the threshold for

12    termination in the event of a high opt out rate, this Stipulation and its exhibits constitute the entire

13    agreement among the Settling Parties concerning this Settlement, and no representations,

14    warranties, or inducements have been made by any Settling Party concerning this Stipulation and

15    its exhibits other than those contained, memorialized, or referenced in such documents.

16           56.    This Stipulation may be executed in one or more counterparts, and the counterparts

17    when executed may be made into a composite which shall constitute one integrated original

18    agreement.

19           57.    This Stipulation shall be binding upon, and inure to the benefit of, the Settling

20    Parties hereto and their successors, heirs and assigns.

21           58.    The construction, interpretation, operation, effect, and validity of this Stipulation,

22    and all documents necessary to effectuate it, shall be governed by the internal laws of the State of

23    California without regard to conflicts of laws, except to the extent that federal law requires that

24    federal law govern.

25           59.    Any dispute regarding the interpretation or terms of this Stipulation shall be

26    submitted to mediator Jed Melnick, Esq. of JAMS mediation services, who shall promptly

27    mediate the resolution of such dispute. If such mediation fails to produce an agreed resolution, or

28    if the Settling Parties cannot agree upon a mediator, the dispute shall be submitted to the Court.

60.     This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's length negotiations between the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

61.     The Settling Parties warrant that, in entering into this Settlement, they relied solely upon their own knowledge and investigation, and not upon any promise, representation, warranty, or other statement by any other Settling Party, not expressly contained in this Stipulation or any of the incorporated Settlement documents.

62.     Lead Counsel and the Settling Defendant's counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order, the Stipulation and this Settlement, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

63.     No part of the Settlement Consideration shall be allocated to the settlement of any other action, including without limitation *Gregory Rea et al. v. KaloBios Pharmaceuticals, Inc.*, Adv. Case No. 16-50001-LSS (Bankr. D. Del.) (the "PIPES Litigation"), any derivative action, or any other current or future lawsuit arising from the facts and circumstances at issue in the Action, nor shall any part of the Settlement Consideration be paid to any counsel in such actions.  Neither shall any part of the Settlement Consideration be used to pay Defendant Shkreli's debts or monies owed, whether to his litigation or trial counsel, to government tax authorities, to other secured or unsecured creditors, or otherwise.

64.     No person shall have any claim against Plaintiffs, Lead Counsel, other plaintiffs' counsel who performed work on the Action, the Settlement Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct.  No person shall have any claim under any circumstances against the Settling Defendant or the

- 28 -

Released Parties, based on any distributions, determinations, claim rejections or the design, terms or implementation of the Plan of Allocation.

65.     The parties hereto request that the Action be and remain stayed against the Settling Defendant, including any obligations to present oral argument on his second motion to dismiss, until such time as this Court rules on Plaintiffs' motion for final approval.  All dollar amounts in this Stipulation are in U.S. dollars.

66.     The construction, interpretation, operation, effect and validity of this Stipulation and any ancillary documents necessary to effectuate it shall be governed by, construed, and enforced in accordance with the internal, substantive laws of the State of California without giving effect to that State's choice or conflicts-of-laws principles, except to the extent that federal law requires that federal law governs.  Subject to the provisions of ¶¶58-59 any dispute relating to this Stipulation shall be brought exclusively in the United States District Court for the Northern District of California, and each of the Parties agrees not to contest subject matter jurisdiction, personal jurisdiction or assert that such forum is inconvenient for any such dispute brought in this Court.  This is a mandatory forum selection clause.

67.     If any Settling Party is required to give notice to any other Settling Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand-delivery, overnight courier, emailed PDF, or facsimile transmission with confirmation of receipt.  Notice shall be provided as follows:

If to Lead Counsel                         Mathew L. Tuccillo
                                           POMERANTZ LLP
                                           600 Third Avenue
                                           New York, NY 10016
                                           Tel:  (212)-661-1100
                                           Fax: (212)-661-8665
                                           mltuccillo@pomlaw.com

STIPULATION AND AGREEMENT OF
SETTLEMENT
CASE NO. 5:15-CV-05841-EJD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

If to Counsel for Settling Defendant:

Scott L. Vernick
William H. Stassen
Peter C. Buckley
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Telephone: (215) 299-2000
Facsimile: (215) 299-2150
svernick@foxrothschild.com
wstassen@foxrothschild.com
pbuckley@foxrothschild.com

*Attorneys for Settling Defendant Martin Shkreli*

Dated: March  21, 2018

POMERANTZ LLP

By: _____

Marc I. Gross
Jeremy A. Lieberman
Matthew L. Tuccillo
600 Third Avenue
New York, New York 10016
Tel: (212)-661-1100
Fax: (212)-661-8665
migross@pomlaw.com
jalieberman@pomlaw.com
mltuccillo@pomlaw.com

*Counsel for Lead Plaintiffs and Plaintiff
Isensee and Lead Counsel for the
Settlement Class*

FOX ROTHSCHILD LLP

By: _____

Scott L. Vernick
William H. Stassen
Peter C. Buckley
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Telephone: (215) 299-2000
Facsimile: (215) 299-2150
svernick@foxrothschild.com
wstassen@foxrothschild.com
pbuckley@foxrothschild.com

*Attorneys for Settling Defendant Martin Shkreli*

- 30 -

STIPULATION AND AGREEMENT OF
SETTLEMENT
CASE NO. 5:15-CV-05841-EJD

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Case No.  5:15-cv-05841-EJD

IN RE KALOBIOS
PHARMACEUTICALS, INC.
SECURITIES LITIGATION

_____

THIS DOCUMENT RELATES TO
ALL ACTIONS

**[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL
OF SETTLEMENT**

WHEREAS,

(A)    This Action began with the filing of multiple initial securities class action complaints in the United States District Court for the Northern District of California: (1) by Plaintiff Kang Li on December 18, 2015; (2) by Plaintiff Matthew Sciabacucchi on December 23, 2015; and (3) by Plaintiff Austin Isensee on December 31, 2015.  These initial complaints named Defendants KaloBios, Shkreli, and Chris Thorn ("Thorn").  Each asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b), and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. § 240.10b-5, alleging that Defendants made material misstatements and omissions concerning KaloBios's business operations and prospects between November 18, 2015 and December 16, 2015.

(B)    On December 30, 2015, KaloBios filed for Chapter 11 bankruptcy, its case proceeding as Case No. 15-12628 (LSS) (the "Bankruptcy Case") pending in the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

(C)     On February 16, 2016, multiple movants, including Kaniz Fatema, Zeke Ingram, Bhaskar R. Gudlavenkatasiva and Abuhena M. Saifulislam (together, the "KaloBios Investor Group" or "Lead Plaintiffs"), filed motions and supporting papers seeking to consolidate these cases and seeking appointment by the Court to serve as lead plaintiffs.

(D)     On March 29, 2016, the KaloBios Investor Group and Plaintiff Isensee (together "Plaintiffs") filed a proof of claim in KaloBios's Bankruptcy Case on their own behalf and on behalf of the putative class at issue in the Action, which estimated class-wide damages at over $20 million.

(E)     On April 18, 2016, Plaintiff Isensee filed his First Amended Complaint for Violation of the Federal Securities Laws.  Plaintiff Isensee's Amended Complaint removed Thorn as a named Defendant in the Action, again named KaloBios and Shkreli as Defendants, and also named Ronald Martell ("Martell") and Herb Cross ("Cross") for the first time as Defendants in the Action.  This Amended Complaint included allegations by certain confidential witnesses and also asserted claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5, alleging that Defendants made material misstatements and omissions concerning KaloBios's business operations and prospects between November 18, 2015 and December 16, 2015.

(F)     On April 28, 2016, the Court entered an Order appointing the KaloBios Investor Group to serve as Lead Plaintiffs and appointing their choice of counsel, Pomerantz LLP (also counsel for Plaintiff Isensee) to serve as Lead Counsel.

(G)     On June 23, 2017, the Court granted final approval of a partial settlement (the "Partial Settlement") with former Defendants KaloBios, Martell, and Cross, in an order that it revised on July 24, 2017.  The Court's Orders preserved Plaintiffs' ability to continue litigating against Defendant Shkreli.

(H)     On June 23, 2017, the Court also entered an Order granting Shkreli's motion to

- 2 -

dismiss the First Amended Complaint, without prejudice.  Plaintiffs filed their Second Consolidated

Amended Complaint on August 25, 2017, which Shkreli moved to dismiss on September 29, 2017.

(I)     While briefing was ongoing, Plaintiffs and Shkreli discussed the possibility of

mediation, and they agreed to mediate on January 30, 2018, which resulted in a verbal agreement

to settle the Action as to Shkreli.  Plaintiffs, on their own behalf and on behalf of a proposed

Settlement Class, and Shkreli entered into a Memorandum of Understanding on February 6, 2018

and a Stipulation of Settlement on March 21, 2018 (the "Settlement").

(J)     Plaintiffs have applied to the Court pursuant to Fed. R. Civ. P. 23(e) for an order

approving the Settlement in accordance with the terms of the Stipulation and for complete dismissal

of this Action as to the Settling Defendant.

(K)     The Court having reviewed and considered Plaintiffs' Unopposed Motion for

Preliminary Approval of Class Action Settlement and Notice to the Settlement Class (the

"Motion"), as well as all papers submitted in support thereof; the terms and conditions of the

proposed Settlement as set forth in the Stipulation, a copy of which has been submitted with the

Motion and the terms of which are incorporated herewith; and all other prior proceedings in this

Action, and good cause for this Order having been shown:

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1.     The provisions of the Stipulation, including definitions of the terms used therein,

are hereby incorporated by reference as through fully set forth herein.  All capitalized terms used

herein have the meanings set forth and defined in the Stipulation.

2.     This Court has jurisdiction over the subject matter of this Action and over all parties

to this Action, including Settlement Class Members.

3.     The Court preliminarily approves the Settlement and the proposed Plan of

Allocation described in the Notice as fair, reasonable and adequate, pending a final settlement and

fairness hearing (the "Settlement Hearing").   The Court preliminarily finds that the proposed

Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive

negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no

obvious deficiencies; (iv) not improperly granting preferential treatment to the Plaintiffs or

segments of the Settlement Class; and (v) warranting notice of the proposed  Settlement at the

Settlement Hearing described below.

### **Conditional Certification of the Class**

4.     For purposes of settlement only, and pursuant to Fed. R. Civ. P. 23(a) and (b)(3),

this Action is conditionally certified as a class action on behalf of the following persons (the

"Settlement Class" or the "Class"):

> All persons or entities who purchased or otherwise acquired the common stock
> of KaloBios between November 19, 2015 and December 16, 2015, both dates
> inclusive, seeking to recover damages caused by the Settling Defendant's
> alleged violations of the federal securities laws.  Excluded from the Settlement
> Class are Settling Defendant; his immediate family members, his successors and
> assigns, and his insurers (the "Released Parties"); KaloBios and its successors,
> assigns, officers, directors, subsidiaries, affiliates, and employees during the
> Settlement Class Period, including, but not limited to, Ted W. Love, Denise
> Gilbert, Laurie Smaldone Alsup, Gary Lyons, Robert A. Baffi, Raymond M.
> Withy, Charles Democko, Don Joseph, Geoffrey Yarranton, Judy Alaura,
> Priyanka Ankola, Deborah Brown, Mark Camarena, Blair Evans, Jennifer
> Fernando, Morgan Lam, Wendy Lin, Tom Selph, Ted Shih, and Mirella Villa
> del Toro; former Defendants Martell and Cross and their immediate family
> members; Shkreli's affiliates and the other members of his investor group who
> acquired roughly 70% of KaloBios stock as announced by KaloBios: David
> Moradi ("Moradi"), Anthion Partners II LLC, Marek Biestek ("Biestek"); and
> those individuals who otherwise acquired KaloBios stock and/or were appointed
> as KaloBios officers and directors in conjunction with Shkreli's takeover of the
> company, including Moradi, Biestek, Tony Chase, Tom Fernandez, and Michael
> Harrison

5.     The Court preliminarily finds that the prerequisites for a class action under Fed. R.

Civ. P. 23 (a) and (b)(3) have been satisfied, and certifies a class solely for purposes of this

Settlement, finding that: (a) the number of Settlement Class Members is so numerous that joinder

of all members thereof is impracticable; (b) there are questions of law and fact common to the

Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6.     Based on the finding that Plaintiffs have fairly and adequately represented the interests of the Settlement Class, the Court conditionally appoints Plaintiffs as the class representatives for the Settlement Class.  The Court finds that Lead Counsel has fairly and adequately represented the interests of the Settlement Class, and conditionally appoints Lead Counsel as class counsel pursuant to Fed. R. Civ. P. 23(g).  These conditional appointments are solely for purposes of effectuating the Settlement.

7.     If the Stipulation is terminated or is not consummated for any reason, the foregoing conditional certification of the Class and appointment of the Class Plaintiffs and class counsel shall be void and of no further effect and the parties to the Stipulation shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Stipulation might have asserted in the Action.

8.     The Court approves the appointment of The Huntington National Bank as the Escrow Agent to manage the Settlement Fund for the benefit of the Settlement Class.

9.     The Court approves the appointment of Strategic Claims Services as the Settlement Administrator to supervise and administer the notice procedure and the processing of claims.

## Stay Order

10.     The Court orders the stay of any pending litigation and enjoins the initiation of any new litigation by any Settlement Class Member in any court, arbitration, or other tribunal that includes any Settlement Class Claims against the Released Parties generally and the above-named

Settling Defendant specifically.

### Form and Timing of Notice

11.     The Court hereby approves, as to form and content, the proposed short-form Notice, substantially in the form of Exhibit B2 to the Stipulation, and directs that as soon as practicable after entry of this Order, but no later than twenty-one (21) days after entry of this Order granting preliminary approval, the Settlement Administrator shall provide the Notice to each known Settlement Class Member via U.S. mail, postage pre-paid guided by efforts to locate class members already undertaken as regards to the Partial Settlement, which comprises of a substantially similar class period as this Settlement.  The Settlement Administrator shall also post the proposed long-form Notice, substantially in the form of Exhibit B1 to the Stipulation, on its website.  Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice.

12.     Banks, brokerage firms, institutions, and other persons who are nominees who purchased or otherwise acquired KaloBios common stock for the beneficial interest of other persons during the Settlement Class Period are directed to, within ten (10) days after receipt of the Notice: either (a) send the Notice and the Proof of Claim form to all beneficial owners of KaloBios common stock purchased or otherwise acquired during the Settlement Class Period; or (b) send a list of the names and addresses of such beneficial owners to the Settlement Administrator.  The Settlement Administrator shall provide the Notice to each Settlement Class Member identified through point (b) of this Paragraph via U.S. mail, postage pre-paid, no later than sixty (60) days prior to the Settlement Hearing.

13.     The cost of providing the Notice to the Settlement Class as specified in this Order shall be paid as set forth in the Stipulation.

14.     The Court hereby approves, as to form and content, the proposed form Publication

Notice, substantially in the form of Exhibit C to the Stipulation, and directs that no more than twenty-one (21) days after entry of this Order granting preliminary approval Lead Counsel shall cause such Publication Notice to be published on a national business Internet newswire.  Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Publication Notice.

15.     The Court approves the proposed Proof of Claim substantially in the form of Exhibit D to the Stipulation.  The Settlement Administrator shall post the Proof of Claim on its website for Settlement Class Members to view and download.

16.     This Court preliminarily finds that the distribution of the Notice and the publication of the Publication Notice, and the notice methodology, contemplated by the Stipulation and this Order:

(a)     Constitute the best practicable notice to Settlement Class Members under the circumstances of this Action;

(b)     Are reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons not excluded from the Settlement Class;

(c)     Is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d)     Fully satisfies all applicable requirements of the Federal Rules of Civil

Procedure (including Fed. R. Civ. P. 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

### **Participation and Opt Out**

17.     For Settlement Class Members who previously submitted a valid and timely Proof of Claim for the Partial Settlement, they will not be required to re-submit their claims, and the Settlement Administrator shall use the prior Proofs of Claim for this Settlement while reviewing them to exclude any damages based on KaloBios stock purchases on November 18, 2015 (the one date at issue in the prior Partial Settlement that is not within the Settlement Class Period for the instant Settlement). Settlement Class Members who did not already submit a valid and timely Proof of Claim for the Partial Settlement and who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained in the Notice. Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked no later than _____, 2018. Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Settlement Administrator for this Settlement only so long as distribution of the Net Settlement Fund is not materially delayed thereby.

18.     Any person falling within the definition of the Settlement Class may seek to be excluded from the Settlement Class by submitting to the Settlement Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements set forth in the Notice

and is postmarked no later than twenty-one (21) days prior to the date of the Settlement Hearing. All persons who submit valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Stipulation or the Judgment. However, a Settlement Class Member may submit a written revocation of a Request for Exclusion up until five (5) days prior to the date of the Settlement Hearing and still be eligible to receive payments pursuant to the Stipulation provided the Settlement Class Member also submits a valid Proof of Claim prior to the Settlement Hearing (the "Bar Date").

19.     The Request for Exclusion submitted by Anastasia M. Dorrius for the Partial Settlement will be honored for this Settlement per the terms of the request which sought exclusion from future class actions involving KaloBios, unless Ms. Dorrius submits a written revocation of the Request for Exclusion up until five (5) days prior to the date of the Settlement Hearing.

**Settlement Hearing; Right to Appear and Object**

20.     The Settlement Hearing shall take place before the undersigned, United States District Judge Edward J. Davila, in Courtroom 4, 5th Floor, San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, on _____, 2018, at _____:00 a.m./p.m., to determine:

(a)     Whether the Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable, and adequate;

(b)     Whether the Action should be dismissed on the merits and with prejudice as to the Settling Defendant;

(c)     Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action;

(d)     Whether the application for attorneys' fees and expenses to be submitted by Lead Counsel should be approved;

- 9 -

      (e)    Whether the Plan of Allocation is fair and reasonable to the Settlement Class;

      (f)    Whether the application for a compensatory award to be submitted by Plaintiffs should be approved; and

      (g)    Such other matters as the Court may deem necessary or appropriate.

21.    The Court may finally approve the Stipulation at or after the Settlement Hearing with any modifications agreed to by the parties and without further notice to the Settlement Class Members.

22.    Any Settlement Class Member and any other interested person may appear at the Settlement Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection to such matters, unless no later than twenty one (21) days before the Settlement Hearing, such person files with the Court a statement of objection setting forth: (i) whether the person is a Settlement Class Member; (ii) to which part of the Stipulation the Settlement Class Member objects; (iii) the specific reason(s), if any, for such objection including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of such objection. Such Settlement Class Member shall also provide documentation sufficient to establish the amount of publicly traded KaloBios common stock purchased and sold during the Class Period on the NASDAQ, or by other means involving transactions in the United States, and the prices and dates of such transactions. Objection materials must be sent to the following:

| *for* Lead Counsel: | *for* Defendant's Counsel: |
|---|---|
| Matthew L. Tuccillo | Scott L. Vernick |
| Pomerantz LLP | William H. Stassen |
| 600 Third Avenue | Peter C. Buckley |
| New York, NY 10016 | FOX ROTHSCHILD LLP |

- 10 -

2000 Market Street, 20th Floor
Philadelphia, PA 19103

Court:
Clerk of the Court
United States District Court
Robert F. Peckham Federal Building
280 South 1st Street
Room 2112
San Jose, CA  95113

23.     Lead Counsel shall file all papers, including memoranda or briefs in support of the Stipulation, no later than twenty-eight (28) days prior to the Settlement Hearing.

24.     Lead Counsel shall file any motion for an award of attorneys' fees and reimbursement of expenses no later than twenty-eight (28) days prior to the Settlement Hearing.

25.     Lead Counsel shall file any response to objections (if any are received) by no later than fourteen (14) days prior to the Settlement Hearing.

26.     The Court may adjourn the Settlement Hearing, including the consideration of the motion for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Settlement Hearing or any adjournment thereof.

27.     If the Settlement is approved, all Settlement Class Members will be bound by the terms of the Settlement as set forth in the Stipulation, and by any judgment or determination of the Court affecting the Settlement Class, regardless of whether or not a Class Member submits a Proof of Claim.  Any member of the Settlement Class who fails to opt out of the Settlement Class or who fails to object in the manner prescribed therein shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, or which otherwise were at issue in the Action.

**Other Provisions**

28.     Upon payment of the Settlement Consideration to the Escrow Account by XL

- 11 -

Specialty Insurance Company on behalf of the Settling Defendant, the Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed pursuant to the Stipulation and/or further order of this Court.  There shall be no distribution of any part of the Net Settlement Fund to the Settlement Class until the Plan of Allocation is finally approved and the Court issues the Settlement Fund Distribution Order and until the Order and Final Judgment becomes Final.

29.     Except for the obligation to cooperate in identifying the members of his immediate family who are to be excluded from the Settlement Class per the terms of the Stipulation, in no event shall the Settling Defendant or any of the Released Parties have any responsibility for the administration of the Settlement, and neither the Settling Defendant nor any of the Released Parties shall have any obligation or liability to the Plaintiffs, Lead Counsel, or the Settlement Class in connection with such administration.

30.     No Person shall have any claim against Plaintiffs, Lead Counsel, other plaintiffs' counsel who worked on the Action, the Settlement Class Members, the Settlement Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct.  No person shall have any claim under any circumstances against the Released Parties, based on any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.

31.     The Settling Defendant has denied, and continues to deny, any and all allegations and claims asserted in the Action and have represented that he entered into the Settlement solely in order to eliminate the burden, expense, and uncertainties of further litigation.  This Order and the Stipulation, whether the Settlement contemplated by the Stipulation is consummated or not, and

any statements made or proceedings taken pursuant to them are not, shall not be deemed to be, and may not be argued to be or offered or received:

(a) Against the Settling Defendant as evidence of, or construed as evidence of any presumption, concession, or admission by the Settling Defendant with respect to the truth of any fact alleged by the Plaintiffs in this Action or the validity of any claim that has been or could have been asserted against any the Settling Defendant in this Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by the Settling Defendant.

(b) Against the Settling Defendant as evidence of, or construed as evidence of any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Settling Defendant, or against the Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of any infirmity of the claims alleged by the Plaintiffs in the Action.

(c) Against the Settling Defendant, the Plaintiffs, or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by the Settling Defendant, the Plaintiffs, or any Settlement Class Member with respect to any liability, negligence, fault, or wrongdoing as against the Settling Defendant, the Plaintiffs, or any Settlement Class Member in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, the Settling Defendant, the Plaintiffs, and any Settlement Class Member may refer to it to effectuate the liability protection granted them hereunder;

(d) Against the Settling Defendant as evidence of, or construed as evidence of any presumption, concession, or admission by him that the Settlement Consideration represents the

- 13 -

amount which could or would have been received after trial of the Action against him;

(e)     Against the Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by Defendant Shkreli, or any former defendants in the Action have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund; and

(f)     As evidence of, or construed as evidence of any presumption, concession, or admission that class certification is appropriate in this Action, except for purposes of this Settlement.

32.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the Settlement, and without prejudice to the rights of the parties to the Stipulation before it was executed.


**SO ORDERED** in the Northern District of California on _____, 2018.


                                        _____
                                        THE HON. EDWARD J. DAVILA
                                        UNITED STATES DISTRICT JUDGE

# EXHIBIT B-1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE KALOBIOS PHARMACEUTICALS, INC. SECURITIES LITIGATION | Case No. 5:15-cv-05841-EJD |
| | **NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND SETTLEMENT FAIRNESS HEARING** |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

**IF YOU PURCHASED OR OTHERWISE ACQUIRED SHARES OF KALOBIOS PHARMACEUTICALS, INC. ("KALOBIOS") COMMON STOCK BETWEEN NOVEMBER 19, 2015, AND DECEMBER 16, 2015, INCLUSIVE, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

Your legal rights are affected whether you act or don't act. Read this Notice carefully.

### SUMMARY OF KEY PROVISIONS AND REASONS FOR SETTLEMENT

- The Settlement will provide for a new gross settlement fund of one million five hundred thousand dollars ($1,500,000.00) (the "Settlement Fund"). If approved by the Court, the Settlement will settle claims, as against Defendant Martin Shkreli ("Shkreli" or "Settling Defendant"), from investors who bought or otherwise acquired KaloBios shares between November 19, 2015, and December 16, 2015 (the "Settlement Class Period').

- The Settlement resolves all remaining claims in the securities fraud class action lawsuit (the "Action") over allegations that KaloBios and certain of its officers and directors misled its shareholders during the Settlement Class Period about KaloBios's operations and business prospects, as well as prior alleged misconduct by Defendant Shkreli, who assumed control of KaloBios at the outset of the Settlement Class Period and was arrested the day after it ended.

- Claims against former Defendants KaloBios, Ronald Martell ("Martell") (its former Executive Chairman), and Herb Cross ("Cross") (its former Chief Financial Officer) were already resolved as part of a partial settlement (the "Partial Settlement") for one million five hundred thousand dollars ($1,500,000.00) and three hundred thousand (300,000) shares in the reorganized, bankruptcy post-exit KaloBios. This new Settlement with Shkreli will resolve all remaining claims pled in the Action, and together with the Partial

Settlement, represents a total aggregate gross recovery of three million dollars ($3,000,000.00) cash plus an additional two hundred fifty-four thousand seven hundred twenty-two dollars and seventy-three cents ($254,722.73) in proceeds derived from the sale of the three hundred thousand (300,000) shares of stock received as part of the prior Partial Settlement.

- The Court did not ultimately decide the Action in favor of the Plaintiffs or the Settling Defendant. Instead, both sides agreed to aSettlement at an interim point in the litigation. This permits these settling parties to avoid the cost, delay, and uncertainty of a trial, and permits eligible Settlement Class Members who submit valid claims to receive some compensation rather than risk ultimately receiving nothing. Both the Plaintiffs and the Settling Defendants have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as the Action. The Plaintiffs and their attorneys believe theSettlement is best for all Settlement Class Members. The Settling Defendant, while denying the allegations and maintaining he did nothing wrong, has concluded that further defense of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation of Settlement (the "Stipulation"). The two sides disagree on how much money could have been won if the investors won at trial.

- Lead Counsel for the Class will ask the Court for up to 25% of the Settlement Fund in attorneys' fees, and reimbursement of up to fifty thousand dollars ($50,000.00) for litigation costs. Lead Counsel will also ask the Court to pay Lead Plaintiffs Kaniz Fatema, Zeke Ingram, Bhaskar R. Gudlavenkatasiva and Abuhena M. Saifulislam, and initial Plaintiff Austin Isensee (altogether "Plaintiffs") up to five hundred dollars ($500.00) each for their contributions to this lawsuit.

- The Court in charge of this case still has to decide whether to approve the Settlement. The Court has set a Settlement Hearing for _____, 2018 at __:__ a.m/p.m. to consider whether to approve the Settlement. Payments will be made if the Court approves the Settlement, orders distribution of such monies, and all appeals are resolved. Please be patient.

- If the proposed Settlement is approved after the Settlement Hearing, the Court will enter a Judgment and Order of Final Approval (the "Judgment"). The Judgment will dismiss with prejudice, release, and forever discharge both the Settlement Class Claims against the Settling Defendants and the Released Parties and the Defendant Claims against the Plaintiffs, Lead Counsel and other Plaintiffs' counsel, and any Settlement Class Members. The terms of the releases, including the meaning of the terms "Settlement Class Claims" and "Defendant Claims" are set forth in the Proof of Claim and Release form that can be viewed and downloaded from the Settlement Administrator's website described in question #23 below.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS PARTIAL SETTLEMENT | | |
|---|---|---|
| ACTION | DEADLINE | SIGNIFICANCE |
| SUBMIT A PROOF OF | Postmarked no later than _____, 2018 [45 DAYS | The only way to get a payment.If you have not already submitted a valid and |

| CLAIM FORM IF NOT PREVIOUSLY SUBMITTED FOR THE PARTIAL SETTLEMENT | PRIOR TO SETTLEMENT HEARING] | timely Proof of Claim and Release Form ("Proof of Claim") as part of the Partial Settlement, you must do so now in order to be eligible to receive a distribution from this Settlement.<br><br>If you previously submitted a valid and timely Proof of Claim for the Partial Settlement, you do not need to do so again.  Your prior valid and timely Proof of Claim will be used again unless you opt out of this Settlement as described below.  If you are unsure whether you previously submitted a timely and valid, Proof of Claim, please contact the **Settlement Administrator**. |
|---|---|---|
| EXCLUDE YOURSELF | Postmarked no later than _____, 2018 [21 DAYS PRIOR TO SETTLEMENT HEARING] | Get no Payment. This is the only option that allows you to ever be part of any other lawsuit against Shkreli and other Released Parties about the legal claims that were at issue in this case. |
| OBJECT | Filed and served no later than _____, 2018 [21 DAYS PRIOR TO SETTLEMENT HEARING] | Write to the Court about why you do not like the Settlement. |
| GO TO A HEARING | _____, 2018 | Ask to speak in Court about the fairness of the Settlement. |
| DO NOTHING | | If you have already submitted a valid and timely Proof of Claim for the prior Partial Settlement and do nothing, the claim form will be used again to determine whether you receive a payment from this Settlement.<br><br>If you have never submitted a claim form for the Partial Settlement or did not submit a claim form that was valid and timely and do nothing now, you will get no payment, while giving up your rights to bring an individual action. |

- You may submit a claim if you have not previously submitted a valid and timely claim form or object, or do both, or do nothing.

- If you have already submitted a valid and timely claim as part of the Partial Settlement, you do not need to submit any further information to participate in the Settlement.  If you are unsure whether you previously submitted a timely and valid, Proof of Claim, please

contact the **Settlement Administrator**. If you submit a Proof of Claim for this Settlement now, it will only be used for this Settlement and not for the prior Partial Settlement because the claim submission deadline for the Partial Settlement has already passed.

- You may also exclude yourself.  However, if you timely exclude yourself that is the **only** thing you can do: you cannot then also object in writing, appear at the Settlement Hearing to state any objections, or submit a claim.

- If you object rather than request exclusion, you will remain a Settlement Class Member, and if the Court approves the Settlement, you will be bound by the terms of the Settlement in the same way as Settlement Class Members who do not object.

- Unless you timely request exclusion from the Settlement Class, or unless the Court rejects the proposed Settlement, you are bound by the Stipulation, whether or not you submit a claim or object.

- These rights and options are explained in this Notice.  ***Please take careful note of the deadlines to exercise them, set forth above.***

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION

1.    Why Did I Receive This Notice Package?
2.    What Is This Lawsuit About?
3.    Why Is This A Class Action?
4.    Why Is There A Settlement?

WHO IS IN THE SETTLEMENT

5.    How Do I Know if I Am Part of the Settlement?
6.    What Are the Exceptions to Being Included?
7.    I Am Still Not Sure if I Am Included.

THE SETTLEMENT BENEFITS – WHAT YOU GET

8.    What Does the Settlement Provide?
9.    How Much Will My Payment Be?

HOW YOU GET A PAYMENT

10.    How Can I Obtain A Payment?
11.    When Will I Receive My Payment?
12.    What Am I Giving Up to Receive A Payment?

EXCLUDING YOURSELF FROM THE SETTLEMENT

13.    How Do I Get Out of the Settlement Class?
14.    If I Do Not Exclude Myself, Can I Sue the Settling Defendant or the Released Parties for the Same Thing Later?
15.    If I Exclude Myself, Can I Receive Money from the Net Settlement Fund?

THE LAWYERS REPRESENTING YOU

16.    Do I Have A Lawyer in This Case?
17.    How Will the Lawyers Be Paid?

OBJECTING TO THE SETTLEMENT

18.    How Do I Tell the Court that I Do Not Like the Settlement?

THE COURT'S SETTLEMENT HEARING

19.    When and Where Will the Court Decide Whether to Approve the Settlement?
20.    Do I Have to Come to the Hearing?
21.    May I Speak at the Hearing?

IF YOU DO NOTHING

22.    What Happens if I Do Nothing at All?

GETTING MORE INFORMATION

23.    Are There More Details About the Settlement?

UNDERSTANDING YOUR PAYMENT

## BASIC INFORMATION

### 1.    Why Did I Receive This Notice Package?

You or someone in your family may have purchased or otherwise acquired KaloBios Pharmaceuticals, Inc. ("KaloBios") common stock between November 19, 2015, and December 16, 2015, inclusive, and incurred damages.

This Notice was sent because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement, after any objections or appeals are resolved, the Settlement Administrator appointed by the Court will make the payments to those persons who timely submit claims in the manner described below.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, U.S. District Judge Edward J. Davila presiding, and the case is known as *In re KaloBios Pharmaceuticals, Inc. Securities Litigation*, Case No. 5:15-cv-05841. Kaniz Fatema, Zeke Ingram, Bhaskar R. Gudlavenkatasiva and Abuhena M. Saifulislam are called the Lead Plaintiffs, and they along with original Plaintiff Austin Isensee (altogether, "Plaintiffs") oversaw the litigation to this point. The Settling Defendant is Martin Shkreli, KaloBios's former Chief Executive Officer., The Lead Plaintiffs, Plaintiff Isensee, and the Settling Defendant are referred to together as the "Settling Parties."

## 2.    What Is This Lawsuit About?

This Action alleges violations of the Federal Securities Laws (specifically Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §78j(b) and 78(t)(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5) against the Defendants.

KaloBios is a publicly-traded pharmaceuticals company which, during the Settlement Class Period, traded on the NASDAQ under the ticker symbol "KBIO." In mid-November 2015, an investor group led by Defendant Shkreli purchased 70% of KaloBios's outstanding shares. Shortly thereafter, KaloBios received Defendant Shkreli's proposal to assume operational control.

Plaintiffs allege that Defendants made material misrepresentations and omissions, knowingly and recklessly, concerning KaloBios business operations and prospects and prior alleged misconduct by Defendant Shkreli at other companies. On November 18, 2015, KaloBios issued a press release listing Mr. Cross as the company contact stating that KaloBios was "in discussions with Mr. Shkreli regarding possible direction for the company to continue in operation." It also quoted Mr. Martell as saying, "We received communications from Mr. Shkreli informing us of his group's ownership position, and a proposal to continue the company's operations. Our board of directors is prepared to entertain any constructive proposal, which we will act upon promptly." Plaintiffs allege that these statements were knowingly or recklessly false or misleading by misrepresenting that KaloBios and its Board were vetting Defendant Shkreli's leadership proposals and making an informed decision about whether to hand him operational control.

By November 19, 2015, Defendant Shkreli had been appointed CEO of KaloBios and elected as Chairman of its Board of Directors, after which Mr. Cross and Mr. Martell were no longer associated with the Company. Plaintiffs allege that over the ensuing weeks, KaloBios and Defendant Shkreli issued a series of public statements touting Defendant Shkreli's qualifications and those of his business associates to lead KaloBios, the financing options he was lining up, and the "permanent access to capital and M&A deal flow" that his leadership would provide. Plaintiffs allege that these statements were knowingly or recklessly false and misleading by misrepresenting these facts and simultaneously failing to disclose Defendant Shkreli's alleged misconduct at his prior companies and business ventures.

The Settlement Class Period ends on December 16, 2015. The next day, Defendant Shkreli was arrested and charged in a federal indictment and a Securities and Exchange Commission complaint alleging misconduct at his prior companies and business ventures.

Trading in KaloBios's stock was immediately halted, its stock was delisted, and when trading resumed over-the-counter, it did so at steeply reduced prices. As a result, Plaintiffs allege that the Defendants' conduct at issue in this litigation had inflated KaloBios's stock price and that, when the truth was revealed, investors suffered injury. The Settling Defendant denies all of these allegations.

**3.     Why Is This A Class Action?**

Classes are generally used in lawsuits that affect a large number of individuals. The class action consolidates into a single action all of the claims of individuals allegedly harmed by the same conduct or course of conduct in the same period of time, thus removing the need for members of the class to file their own individual lawsuits to separately seek to recover for the harm alleged. Once the class is certified, the Court is empowered to resolve all issues on behalf of members of the class, except for those members of the class, if any, who specifically choose to exclude themselves from the class.

As part of the preliminary approval process, Plaintiffs will ask the Court to certify a class for settlement purposes only. The proposed Settlement Class will consist of all persons or entities that purchased or otherwise acquired KaloBios common stock between November 19, 2015 and December 16, 2015 (both dates inclusive).

Excluded from the Settlement Class are the Settling Defendant and his immediate family members, his successors and assigns, and his insurers (the "Released Parties"); former Defendant KaloBios and its successors, assigns, officers, directors, subsidiaries, affiliates, and employees, including, but not limited to, Ted W. Love, Denise Gilbert, Laurie Smaldone Alsup, Gary Lyons, Robert A. Baffi, Raymond M. Withy, Charles Democko, Don Joseph, Geoffrey Yarranton, Judy Alaura, Priyanka Ankola, Deborah Brown, Mark Camarena, Blair Evans, Jennifer Fernando, Morgan Lam, Wendy Lin, Tom Selph, Ted Shih, and Mirella Villa del Toro; former Defendants Martell and Cross and their immediate family members; Shkreli's affiliates and the other members of his investor group who acquired roughly 70% of KaloBios stock as announced by KaloBios: David Moradi, Anthion Partners II LLC, and Marek Biestek; and those individuals who otherwise acquired KaloBios stock and/or were appointed as KaloBios officers and directors in conjunction with Shkreli's takeover of the company, including Tony Chase, Tom Fernandez, and Michael Harrison. Per the terms of the Stipulation, the Settling Defendant shall assist in identifying the persons and entities to be excluded from the Settlement Class.

**4.     Why Is There A Settlement?**

The Court has not decided in favor of Plaintiffs or the Settling Defendant. Rather, Plaintiffs and the Settling Defendant have chosen to enter into the Settlement.

Plaintiffs and Lead Counsel believe that the Settlement is in the Settlement Class Members' best interest and provides the Settlement Class Members with a substantial benefit now, in lieu of engaging in years of further litigation against the Settling Defendant – including the second motion to dismiss, summary judgment motions, a contested class certification motion, a contested trial and likely appeals, and attempts to enforce any judgment – all with the

possibility of no recovery at all.  Moreover, by settling with Defendant Shkreli now, Plaintiffs and the Settlement Class avoid the risk of securing no recovery at all from Shkreli, due to potential subordination and/or extinguishment of their claims and/or the diminishment of Defendant Shkreli's insurance or other resources.  By settling the Action with the Settling Defendant at this point, Plaintiffs are not admitting that the Action lacked merit, or that the Settlement Class's ultimate recovery would not have been greater than the Settlement Consideration.  Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Plaintiffs or the Settlement Class Members that any of their claims are without merit; that any defenses asserted by Defendant Shkreli have any merit; or that damages recoverable in the Action would not have exceeded the Settlement Fund.

The Settling Defendant denies all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, by Plaintiffs. Nonetheless, the Settling Defendant has concluded that further conduct of the Action could be protracted and expensive, and that it is desirable that the Action, to the extent brought  against him, be fully and finally settled in the manner and upon the terms and conditions set forth in the parties' Stipulation in order to limit further expense, inconvenience and distraction, and to dispose of the burden of protracted litigation.  The Settling Defendant has also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Action. The Settling Defendant has, therefore, determined that it is desirable and beneficial that the Action be settled, as regards claims against him, in the manner and upon the terms and conditions set forth in the Stipulation.  The Settling Defendant entered into the Stipulation without in any way admitting to or acknowledging any fault, liability, or wrongdoing of any kind, nor has he admitted that the Action has merit or that Settlement Class Members ultimately would have recovered any damages.  There has been no adverse determination by any court against the Settling Defendant or anyone else on the merits of the claims asserted in the Action. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Settling Defendant of the merit or truth of any of the allegations or wrongdoing of any kind on his part, nor shall they be offered as evidence in the Action or in any pending or future civil, criminal, or administrative action against the Settling Defendant, except as expressly set forth in the Stipulation.

The Settlement must be compared to the risk of no recovery after contested dispositive motions, trial, and likely appeals.  A trial is a risky proposition.  The claims in the Action involve numerous complex legal and factual issues, many of which would require expert testimony.  The Settling Parties disagree on both liability and damages, and do not agree on the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to have prevailed on each claim alleged against the Settling Defendant.  Among their many other disagreements are: (1) whether the Settling Defendant violated the securities laws or otherwise engaged in wrongdoing; (2) whether the misrepresentations and omissions alleged by the Plaintiffs were material, false, misleading or otherwise actionable; (3) the extent (if any) that the alleged misrepresentations and omissions influenced KaloBios's common stock price during the Settlement Class Period; and (4) the method for determining whether, and the extent to which, purchasers of KaloBios stock suffered injury and damages that could be recovered at trial.

## WHO IS IN THE SETTLEMENT

To see if you will receive money and stock from this Settlement, you first have to determine if you are a possible Settlement Class Member.

**5.      How Do I Know if I Am Part of the Settlement?**

The potential Settlement Class includes all persons or entities that purchased or otherwise acquired KaloBios common stock between November 19, 2015, and December 16, 2015, inclusive.

**6.      What Are the Exceptions to Being Included?**

You are not a member of the Settlement Class if you did not purchase KaloBios common stock on or between the dates listed above.  If you purchased KaloBios stock some other time, or did not purchase it at all, you are not included within the Settlement Class.

You are also not a member of the Settlement Class if you are one of the list of persons and entities that are specifically excluded from it, per question 3 above.

**7.      I Am Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help.  You can contact the Settlement Administrator at Strategic Claims Services, 600 North Jackson Street, Suite 3, Media, PA 19063, Tel:  866-274-4004, for more information.  Or you can fill out and return the claim form described in question 10 to see if you qualify.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

**8.      What Does the Settlement Provide?**

The Settlement will result in a gross fund of one million five hundred thousand dollars ($1,500,000.00).  The balance of this fund, after payment of Court-approved attorneys' fees and expenses; the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing notice; and any compensatory award granted to the Plaintiffs (the "Net Settlement Fund"), will be divided among all eligible Settlement Class Members who send in or have previously submitted valid and timely claim forms according to the Plan of Allocation set forth herein.

**9.      How Much Will My Payment Be?**

Your share of the Net Settlement Fund will depend on the number of valid claim forms that Settlement Class Members send in, the number of shares of KaloBios common stock you purchased during the Settlement Class Period, and the timing of your purchases and sales.  You will not receive a payment, however, if your proportionate share of the Net Settlement Fund is

less than ten dollars ($10.00).

You can calculate your Recognized Loss in accordance with the formula shown below in the Plan of Allocation.  After all Settlement Class Members have sent in their Proof of Claim and Release forms, the payment you receive will reflect your Recognized Loss in relation to the Recognized Losses of all persons submitting valid Proof of Claim forms.  The Recognized Loss is not the amount of the payment that you can expect, but is used to determine how the Net Settlement Fund is to be allocated among all persons submitting claims.

## HOW YOU OBTAIN A PAYMENT

### 10.    How Can I Obtain A Payment?

Settlement Class Members who have not already submitted a valid and timely Proof of Claim and Release Form as part of the Partial Settlement, must timely send in a valid Proof of Claim and Release form by the deadline, and properly document your claim as requested in the Claim Form.   You may obtain a Proof of Claim and Release form on the internet at www.strategicclaims.net/kalobios.   Read the instructions carefully, fill out the Proof of Claim and Release form, include the documents required by that form, sign it, and mail it so that it is postmarked no later than _____, 2018.

### 11.    When Will I Receive My Payment?

The Court will hold a hearing on _____, 2018, to decide whether to approve the Settlement.  If the Court approves the Settlement, there may be an appeal of such approval. It is always uncertain whether there will be an appeal and when any appeal will be resolved, and resolving an appeal can take time, perhaps more than a year.  Even if no appeals are filed, it will take several months for the Settlement Administrator to process all of the Proof of Claim and Release forms and determine the ultimate distribution amounts.  Please be patient.

### 12.    What Am I Giving Up to Receive A Payment?

As a Settlement Class Member, you will be giving up certain rights that you currently have if the Court approves the Settlement.   Unless you timely exclude yourself from the Settlement Class by the _____, 2018 deadline, you are a Settlement Class Member and will be bound by the Release of claims against the Settling Defendant and the Released Parties. That means that you cannot sue, continue to sue, or be part of any other lawsuit against the Released Parties about the Settlement Class Claims in this Action.  It also means that all of the Court's orders will apply to you and legally bind you, and you will release your claims in this Action against the Settling Defendant and the Released Parties.  The terms of the Release are included in the Proof of Claim and Release form that can be found on the Settlement Administrator website indicated in question 10.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from the Settlement, but you want to keep the right to sue or continue to sue the Settling Defendant on your own for the Settlement Class Claims, then you must take steps to get out of the Settlement Class.  This is called excluding yourself, or is sometimes referred to as "opting out" of the class.

### 13.      How Do I Get Out of the Settlement Class?

You cannot exclude yourself on the phone or by e-mail.  To exclude yourself from the Settlement Class, you must send a letter by mail stating that you want to be excluded from *In re KaloBios Pharmaceuticals, Inc. Securities Litigation*, Case No. 5:15-cv-05841 (EJD). You must include your name; address; telephone number; your signature; the number of shares of NASDAQ-listed KaloBios common stock you purchased or acquired between November 19, 2015 and December 16, 2015, inclusive; the number of shares of KaloBios common stock sold during this same time period, if any; the dates of such purchases and/or sales; and the price paid or received per share for each purchase or sale.  You must mail your exclusion request postmarked no later than _____, 2018 to:

*KaloBios Pharmaceuticals, Inc. Securities Litigation*
c/o Strategic Claims Services
600 North Jackson Street, Suite 3
Media, PA 19063
Tel:  866-274-4004

If you ask to be excluded, and your request is processed, you are not eligible to receive any settlement payment, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in the Action.

### 14.      If I Do Not Exclude Myself, Can I Sue the Settling Defendant or the Released Parties for the Same Thing Later?

No.  Unless you exclude yourself from the Settlement Class, you give up any right to sue the Settling Defendant or the Released Parties for the Settlement Class Claims in the Settlement. If you have a pending lawsuit against the Settling Defendant, speak to your lawyer in that case immediately.  Remember, the exclusion deadline is _____, 2018. [21 days prior to the Settlement Hearing]

### 15.      If I Exclude Myself, Can I Receive Money from the Net Settlement Fund?

No.  If you exclude yourself, do not send in a Proof of Claim and Release form.

## THE LAWYERS REPRESENTING YOU

### 16.      Do I Have A Lawyer in This Case?

The Court appointed the law firm Pomerantz LLP to represent you and other Settlement Class Members.  These lawyers are called Lead Counsel.  They can be reached by contacting Matthew L. Tuccillo, Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016, (212) 661-1100.  You will not be personally liable for the fees and expenses incurred by these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17.     How Will the Lawyers Be Paid?

Lead Counsel will ask the Court for attorneys' fees of up to 25% of the Settlement Fund and for reimbursement of expenses up to $50,000.00 which were advanced in connection with the Action up to the point of the Settlement.  Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

Lead Counsel shall file a formal motion with the District Court for approval of the Settlement, the Plan of Allocation, the request for attorneys' fees and reimbursement of expenses, and the request for compensatory awards to the Plaintiffs of up to $500.00 per Plaintiff no later than _____, 2018. [28 days prior to the Settlement Hearing]

Lead Counsel believes that the requested attorney fees are warranted in light of its efforts, and those of other plaintiffs' counsel in support, on a wholly contingent basis, to investigate the underlying claims, to work with a private investigator and a damages analyst, to file initial and amended complaints, defend against multiple motions by Defendants to dismiss the Action, to reach the Settlement, and to seek its approval by the court overseeing this class action.  Lead Counsel's motion will argue that the requested fees are well within the range of fees awarded to class counsel under similar circumstances in other cases of this type.  The Court determines what counsel should receive from the Settlement Fund for fees and expenses, and may award less than this amount.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 18.     How Do I Tell the Court that I Do Not Like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it, including the Plan of Allocation or the request for attorneys' fees.  You can state the reasons why you think the Court should not approve it, and the Court will consider your views.  To object, you must send a letter saying that you object to the Settlement in *In re KaloBios Pharmaceuticals, Inc. Securities Litigation*, Case No. 5:15-cv-05841 (EJD). Be sure to include your name; address; telephone number; your signature; the number of shares of KaloBios common stock purchased between November 19, 2015 and December 16, 2015, inclusive; the precise dates and prices of any such transactions; and the reasons you object. If you object to either the Settlement, requested attorneys' fees, or Plaintiffs' compensatory award, you subject yourself to the jurisdiction of the Court in this matter and Plaintiffs will have the right to take

your deposition prior to the Settlement Hearing. If you refuse to have your deposition testimony taken upon Plaintiffs' request, your objection will be deemed invalid. The motions in support of the Settlement and the request for attorneys' fees will be filed no later than _____, 2018 [28 days prior to the Settlement Hearing], and they will be available from Lead Counsel, the Settlement Administrator or the Court.  (The Settlement Administrator's contact information is listed in Section 23, below.)  Any objection must be mailed or delivered such that it is received by **each** of the following no later than _____, 2018 [21 days prior to the Settlement Hearing]:

> *Court*:
> Clerk of the Court
> United States District Court
> Northern District of California
> Robert F. Peckham Federal Building
> 280 South 1st Street
> Room 2112
> San Jose, CA  95113
>
> *Lead Counsel:*
> Matthew L. Tuccillo, Esq.
> Pomerantz LLP
> 600 Third Avenue, 20th Floor
> New York, NY 10016
>
> *Counsel for Settling Defendant Martin Shkreli*
> Scott L. Vernick
> William H. Stassen
> Peter C. Buckley
> FOX ROTHSCHILD LLP
> 2000 Market Street, 20th Floor
> Philadelphia, PA 19103

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the Settlement.  You may attend and you may ask to speak, but you do not have to do so.

### 19.   When and Where Will the Court Decide Whether to Approve the Partial Settlement?

The Court will hold a Settlement Hearing at __:__ a.m./p.m. on _____, 2018, at the courthouse for the United States District Court, Northern District of California, Courtroom 4, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will also consider how much money will be

allocated to pay Lead Counsel and other plaintiffs' counsel for their work on the Action and to reimburse their expenses, up to the point of the Settlement; whether to grant a compensatory award to Plaintiffs; and whether the Plan of Allocation is fair, reasonable and adequate.  The Court may decide these issues at the hearing or take them under consideration for a later decision.

**20.      Do I Have to Come to the Hearing?**

No.  Lead Counsel will answer questions the Court may have.  But you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it, though you are welcome to do so.  You may also pay your own lawyer to attend, but it is not necessary.

**21.      May I Speak at the Hearing?**

You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must send a letter saying that it is your intention to appear in *In re KaloBios Pharmaceuticals, Inc. Securities Litigation*, Case No. 5:15-cv-05841 (EJD).  Be sure to include your name, address, telephone number, your signature, and the number of NASDAQ-listed shares of KaloBios common stock you purchased between November 19, 2015 and December 16, 2015, inclusive, and the precise dates and prices of any such transactions.  Your notice of intention to appear must be received no later than _____, 2018, by the Clerk of the Court, Lead Counsel and the Settling Defendant's Counsel, at the addresses listed in question 18.

## IF YOU DO NOTHING

**22.      What Happens if I Do Nothing at All?**

If you have not already submitted a valid and timely Proof of Claim for the Partial Settlement and do nothing, all of your claims against the Settling Defendant and the Released Parties will be released, but you will not receive any money from this Settlement, because it is necessary to submit a Proof of Claim and Release form to share in the Settlement proceeds.

## GETTING MORE INFORMATION

**23.      Are There More Details About the Partial Settlement?**

This Notice summarizes the proposed Settlement.  More details are in the Stipulation dated as of March 21, 2018.  You can obtain a copy of the Stipulation or more information about the Settlement by contacting the Settlement Administrator:

*KaloBios Pharmaceuticals, Inc. Securities Litigation*
c/o Strategic Claims Services
600 North Jackson Street, Suite 3
Media, PA  19063
Tel: 866-274-4004

or by visiting www.strategicclaims.net/kalobios.

## UNDERSTANDING YOUR PAYMENT

The Net Settlement Fund shall be distributed to Settlement Class Members who submit acceptable Proofs of Claim and Release forms ("Authorized Claimants") in the following manner:

The Settlement Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below.  The Recognized Loss formula is intended to equitably apportion the Net Settlement Fund among Authorized Claimants.  The Recognized Loss formula is not an estimate of what an Authorized Claimant would have recovered after trial; nor is it the amount that the Authorized Claimant will be paid pursuant to the Settlement.

An Authorized Claimant's actual share of the Net Settlement Fund will be determined by the ratio of the Authorized Claimant's Recognized Loss to the aggregate of the Recognized Loss of all Authorized Claimants.

The Settlement Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.  If there is any balance remaining in the Net Settlement Fund after the initial distribution of the Net Settlement Fund, such remaining balance shall then be donated to an appropriate non-profit organization selected by Lead Counsel, in which Lead Counsel shall not have any financial interest or other affiliation.

This Plan of Allocation is based on the following principles:

(1)  If you purchased KaloBios stock during the Settlement Class Period, held it as of close of markets on December 16, 2015, and sold it on December 17, 2015, your Recognized Loss will be the difference between the price you paid for your stock and the price you received for it by selling it on December 17, 2015.

(2)  If you purchased KaloBios stock during the Settlement Class Period, held it as of close of markets on December 16, 2015, and also held it until January 13, 2016, your Recognized Loss will be the difference between the price you paid for your stock and either (a) the price you received for it by selling it on January 13, 2016, or (b) if you did not sell your stock on January 13, 2016, the closing price on January 13, 2016.

(3)  As regards the prior-submitted valid and timely Proofs of Claim in the Partial Settlement, they will be re-examined now only to verify that no portion of your Recognized Loss for the current Settlement is based on trades made on November 18, 2015 (the one non-overlapping Settlement Class Period date between the prior Partial Settlement and this Settlement) and, if necessary, to exclude stock purchases made on November 18, 2015 from consideration of the Recognized Loss for this Settlement.

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

1. The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible shares of common stock that participate in the Settlement, and when those securities were purchased and sold. The number of claimants who send in claims varies widely from case to case.

2. A purchase or sale of KaloBios common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

3. Acquisition by Gift, Inheritance, or Operation of Law: If a Class Member acquired KaloBios common stock during the Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that KaloBios common stock was originally purchased prior to commencement of the Settlement Class Period, the Recognized Loss for that acquisition shall be deemed to be zero dollars ($0.00).

4. Notwithstanding any of the above, receipt of KaloBios common stock during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of KaloBios common stock.

5. The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against the common stock held as of the close of trading on November 18, 2015 (the last day before the Settlement Class Period begins) and then against the purchases during the Settlement Class Period.

6. The Recognized Loss with respect to a purchase or acquisition of KaloBios common stock is calculated by multiplying the number of shares by the appropriate Recognized Loss per share, as described above.

7. No Authorized Claimant whose proportionate share of cash distributions from the Net Settlement Fund is less than $10.00 shall receive a distribution from the Settlement Fund.

8. Settlement Class Members who do not submit a timely request for exclusion and do not submit an acceptable Proof of Claim by the deadline for submitting claims will not share in the recovery, but nevertheless will be bound by the Settlement and the Judgment of the Court dismissing this Action.

9. Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.

### *DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE*

### SPECIAL NOTICE TO NOMINEES

The Court has ordered that if you held any KaloBios common stock purchased or acquired between November 18, 2015, and December 16, 2015, inclusive, as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such beneficial owners; or (2) provide a list of

the names and addresses of such beneficial owners to the Settlement Administrator:

> *KaloBios Pharmaceuticals, Inc. Securities Litigation*
> c/o Strategic Claims Services
> 600 North Jackson Street, Suite 3
> Media, PA  19063
> Tel:  866-274-4004

If you choose to mail the Notice and Proof of Claim and Release form yourself, you may obtain from the Settlement Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for administrative costs actually incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Settlement Administrator.

DATED: _____, 2018


_____
BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

17

# EXHIBIT B-2

*A federal court has authorized this notice. This is not a solicitation from a lawyer.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE KALOBIOS PHARMACEUTICALS, INC. SECURITIES LITIGATION | Case No. 5:15-cv-05841-EJD |
| THIS DOCUMENT RELATES TO ALL ACTIONS | **NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND SETTLEMENT FAIRNESS HEARING** |

## NOTICE OF PENDENCY OF CLASS ACTION

**PLEASE READ THIS NOTICE CAREFULLY.  IF YOU PURCHASED OR OTHERWISE ACQUIRED KALOBIOS PHARMACEUTICALS, INC. ("KALOBIOS") STOCK BETWEEN NOVEMBER 19, 2015 AND DECEMBER 16, 2015, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THIS CASE.**

**YOU ARE HEREBY NOTIFIED** that a proposed settlement (the "Settlement") has been reached in this action (the "Class Action" or "Action"). A hearing will be held on _____, 2018, at __:__ a.m., before the Honorable Edward J. Davila, United States District Judge, at the courthouse for the United States District Court, Northern District of California Courtroom 4, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113.

The purpose of the hearing will be to determine, among other things: (1) whether the proposed Partial Settlement of the Class claims against the Settling Defendant Martin Shkreli for total gross settlement consideration of one million five hundred thousand dollars ($1,500,000.00) (the "Settlement Fund") should be approved as fair, reasonable and adequate; (2) whether the Plan of Allocation is fair and reasonable and should be approved; (3) whether Plaintiffs' application for reimbursement of costs and expenses, Plaintiffs' request for compensatory awards, and Lead Counsel's application for an award of attorneys' fees, all to be paid from the Settlement Fund, should be granted; and (4) whether the Action should be dismissed with prejudice against the Settling Defendant as set forth in the Stipulation of Settlement (the "Stipulation") filed with the Court.

| **Why Am I Receiving this Notice?** |
|---|

This Notice is issued pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California (the "Court"), entered _____, 2018.  The Court has certified a class of investors for settlement purposes only (the "Settlement Class" or "Class").  You are receiving this Notice because you may be a member of the certified Class (a "Settlement Class Member").  If you are a Settlement Class Member, your rights will be affected by this lawsuit. The purpose of this Notice is to inform you of: (a) the existence of this Class Action; (b) the certification of the Settlement Class; and (c) your right to be excluded from the Settlement Class.  If you do not fall within the Settlement Class described below, this Notice does not apply to you.

## Who Is a Class Member?

The proposed Settlement Class will consist of all persons or entities that purchased or otherwise acquired KaloBios common stock between November 19, 2015 and December 16, 2015, both dates inclusive (the "Settlement Class Period"). The Settlement Class excludes the Settling Defendant and his immediate family; the other Released Parties; KaloBios; past and present KaloBios directors, officers, and employees, including former Defendants Ronald Martell ("Martell") and Herb Cross ("Cross"); KaloBios's subsidiaries and affiliates; and members of Shkreli's investor group, who acquired 70% of KaloBios stock entering the Settlement Class Period, and others who acquired KaloBios stock and/or were appointed as KaloBios officers and directors in conjunction with Mr. Shkreli's takeover of the company. Additional details are listed within the Notice, which can be obtained upon request.

## Overview And Status Of The Class Action, Lead Counsel

The case has been litigated since December 18, 2015. Plaintiffs allege that, in violation of the U.S. federal securities laws, KaloBios's stock price was inflated during the Settlement Class Period. Plaintiffs allege that, after an investor group led by Mr. Shkreli assumed control over KaloBios, Defendants made material misrepresentations and omissions, knowingly and recklessly, concerning KaloBios's business operations and prospects and prior misconduct by Defendant Shkreli at other companies. Plaintiffs allege that investors suffered substantial injury after the truth was revealed by Defendant Shkreli's arrest on December 17, 2015. The Settling Defendant denies all of these allegations and all liability arising out of the conduct alleged. Claims against former Defendants KaloBios, Martell, and Cross were already resolved as part of a prior partial settlement of the Action (the "Partial Settlement"). This Settlement with Defendant Shkreli will resolve all remaining claims alleged in the Action. Plaintiffs and the Settlement Class are represented by Lead Counsel in the Class Action: Matthew L. Tuccillo, Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016, (212) 661-1100.

## HOW YOU CAN LEARN MORE ABOUT YOUR RIGHTS

If you purchased or otherwise acquired KaloBios common stock during the Settlement Class Period, your rights may be affected by this Action and the Settlement thereof. You may obtain the detailed Notice of Proposed Settlement of Class Action, Motion For Attorneys' Fees and Expenses, and Settlement Fairness Hearing (the "Notice") and Proof of Claim and Release Form free of charge by contacting the Settlement Administrator via the information set forth below.

If you are a member of the Settlement Class and wish to share in the Settlement proceeds, you must submit a Proof of Claim, postmarked no later than _____, 2018, establishing that you are entitled to recovery. If you have already submitted a valid and timely Proof of Claim as part of the prior Partial Settlement, you do not need to submit any further information to participate in this Settlement. Your prior claim, as long as it was valid and timely, will be used again unless you ask to be excluded from this Settlement. As further described in the Notice, you will be bound by any Judgment entered in the Action, regardless of whether you submit a Proof of Claim, unless you exclude yourself from the Class, in accordance with the procedures set forth in the Notice, postmarked no later than _____, 2018. Any objections to the Settlement, Plan of Allocation or Lead Counsel's application for attorneys' fees and expenses must be filed and served, in accordance with the procedures set forth in the Notice, no later than _____, 2018.

**The Notice, Stipulation of Settlement, and Proof of Claim form can be accessed and downloaded**

**at** www.strategicclaims.net/kalobios**.**

| The Settlement Administrator |
| --- |

The name and contact information for the Settlement Administrator, from whom you can obtain a copy of the Notice, the Stipulation of Settlement, and the Proof of Claim form, are as follows:

*KaloBios Pharmaceuticals, Inc. Securities Litigation*
c/o Strategic Claims Services
600 North Jackson Street, Suite 3
Media, PA  19063
Telephone (Toll-Free): 866-274-4004
Email: info@strategicclaims.net

Website: www.strategicclaims.net/kalobios

| Please Retain Your Records And Keep Your Address Current |
| --- |

Settlement Class Members seeking payment pursuant to the Settlement will be required to document their trades in KaloBios common shares during the Settlement Class Period. *For this reason, please be sure to keep all records of your transactions in these securities.*

To ensure you receive any further notices, please inform the Settlement Administrator of any address change.  If this Notice was not sent to your current address, please provide it to the Settlement Administrator now.

| Notice To Banks, Brokers And Other Nominees |
| --- |

The Court has ordered that if, for the beneficial interest of any other person, you held any KaloBios common shares that were purchased during the Settlement Class Period, then, within ten (10) days after you receive this Notice, you must either:

(A) provide a list of the names and addresses of such beneficial owners to the Settlement Administrator, preferably in an MS Excel data file, or printed on physical mailing labels; or

(B) request sufficient copies of this Notice to send copies to all such beneficial owners, send such Notices by first class mail within ten (10) days after receipt of such copies, and confirm in writing to the Settlement Administrator that such notice has been sent. If you elect this option, you must also retain your mailing records for use in connection with any further notices that may be provided in this Class Action.

Under either option, upon full and timely compliance and submission of appropriate documentation to the Settlement Administrator, per the contact information set forth above, you may obtain reimbursement for the reasonable administrative costs of complying with the obligations above.

Dated: _____, 2018         **By Order of the Court**
                      **United States District Court, Northern District of California**

**PLEASE NOTE: INQUIRIES <u>SHOULD NOT</u> BE DIRECTED TO THE COURT, THE CLERK'S OFFICE, THE DEFENDANTS, OR DEFENDANTS' COUNSEL.**

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| IN RE KALOBIOS PHARMACEUTICALS, INC. SECURITIES LITIGATION | : : : : | |
| _____ | : | Case No. 5:15-cv-05841-EJD |
| THIS DOCUMENT RELATES TO ALL ACTIONS | : : : : : | |

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF <u>CLASS ACTION AND SETTLEMENT HEARING</u>**

**TO:**   **ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED KALOBIOS PHARMACEUTICALS, INC. ("KALOBIOS") COMMON STOCK (STOCK SYMBOL: KBIO) BETWEEN NOVEMBER 19, 2015 AND DECEMBER 16, 2015, INCLUSIVE (THE "SETTLEMENT CLASS PERIOD").**

**YOU ARE HEREBY NOTIFIED,** pursuant to Federal Rule of Civil Procedure 23 and an Order of the United States District Court for the Northern District of California, that a proposed settlement has been reached in this action.  A hearing will be held on _____, 2018, at __:__ a.m./p.m., before the Honorable Edward J. Davila, United States District Judge, at the courthouse for the United States District Court, Northern District of California Courtroom 4, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113.

The purpose of the hearing is to determine, among other things: (1) whether the proposed Settlement of the Class' claims against the Settling Defendant Martin Shkreli KaloBios Pharmaceuticals, Inc.'s ("KaloBios") former Chief Executive Officer for a total of consideration of one million five hundred thousand dollars ($1,500,000.00) should be approved as fair, reasonable and adequate; (2) whether the Plan of Allocation is fair and reasonable and should be approved; (3) whether the application by Lead Counsel for an award of attorneys' fees and expenses should be approved; (4) whether Plaintiffs' application for reimbursement of costs and expenses should be granted; (5) whether Plaintiffs' request for a compensatory award should be granted; and (6) whether the Action should be dismissed with prejudice against the Settling Defendant as set forth in the Stipulation and Agreement of Settlement (the "Stipulation") filed with the Court.

Claims against former Defendants KaloBios, Ronald Martell, and Herb Cross were already resolved as part of a partial settlement (the "Partial Settlement") for one million five hundred thousand dollars ($1,500,000.00) and three hundred thousand (300,000) shares in the reorganized, bankruptcy post-exit KaloBios.  Lead Counsel representing Plaintiffs and the Settlement Class is Matthew L. Tuccillo, Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016, (212) 661-1100.

If you purchased or otherwise acquired KaloBios common stock between November 19, 2015 and December 16, 2015, both dates inclusive (the "Settlement Class Period"), your rights may be affected by this Action and the Settlement thereof.  You may obtain the detailed Notice of Proposed Settlement of Class Action, Motion For Attorneys' Fees and Expenses, and Settlement Fairness Hearing (the "Notice") and the Proof of Claim and Release Form free of charge by contacting the Settlement Administrator via the information set forth below.

If you previously submitted a valid and timely Proof of Claim in the Partial Settlement, you do not need to do so again.  Your prior valid and timely Proof of Claim will be used again.  If you are a member of the Settlement Class, have not already submitted a valid and timely Proof of Claim as part of the Partial Settlement, and wish to share in this Settlement proceeds, you must submit a Proof of Claim, postmarked no later than _____, 2018, establishing that you are entitled to recovery.  As further described in the Notice, you will be bound by any Judgment entered in the Action, regardless of whether you submit a Proof of Claim, unless you exclude yourself from the Class, in accordance with the procedures set forth in the Notice, postmarked no later than _____, 2018.  Any objections to the Settlement, Plan of Allocation or Lead Counsel's application for attorneys' fees and expenses must be filed and served, in accordance with the procedures set forth in the Notice, no later than _____, 2018.

The Settlement Class excludes the Settling Defendant and immediate family; Released Parties; past and present KaloBios directors, officers, and employees; KaloBios subsidiaries and affiliates; Defendant Shkreli's investor group who acquired 70% of KaloBios stock entering the Settlement Class Period, and others who acquired KaloBios stock and/or were appointed as KaloBios officers and directors in conjunction with Mr. Shkreli's takeover of the company.  Additional details are listed in the Notice and the Stipulation, which can be obtained upon request.

Please direct inquiries, including requests for copies of the Notice, the Stipulation, and the Proof of Claim, to the Settlement Administrator:

*KaloBios Pharmaceuticals, Inc. Securities Litigation*
c/o Strategic Claims Services
600 North Jackson Street, Suite 3
Media, PA  19063
Tel:  866-274-4004
Email:  info@strategicclaims.net
www.strategicclaims.net/kalobios

**INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT, THE
CLERK'S OFFICE, THE DEFENDANT, OR DEFENDANT'S COUNSEL**

**DATED:  , 2018**                          **BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE NORTHERN
DISTRICT OF CALIFORNIA**

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE KALOBIOS PHARMACEUTICALS, INC. SECURITIES LITIGATION | Case No. 5:15-cv-05841-EJD |
| _____ | **CLASS ACTION** |
| THIS DOCUMENT RELATES TO ALL ACTIONS |  |

## PROOF OF CLAIM AND RELEASE FORM

### A. GENERAL INSTRUCTIONS & INFORMATION

1.   You are urged to read carefully the accompanying Notice of Pendency and Settlement of Class Action (the "Notice").  All capitalized terms used herein shall have the same meaning as defined in the Notice.

2.   If you have already submitted a valid and timely Proof of Claim and Release Form ("Proof of Claim") for the prior Partial Settlement in this Action with former Defendants KaloBios, Ronald Martell, and Herb Cross, you need not submit this form and your previous Proof of Claim will be used.  If you have not previously submitted a valid and timely Proof of Claim in this Action, and you wish to file a claim and recover under the Settlement of this Action, you must submit this Proof of Claim.  However, filing a Proof of Claim is not a guarantee that you will share in the proceeds of the Settlement in the Action.

3.   **You must mail your completed and signed Proof Of Claim postmarked on or before _____, 2018, addressed to the Settlement Administrator at:**

*KaloBios Pharmaceuticals, Inc. Securities Litigation*
c/o Strategic Claims Services
600 North Jackson Street, Suite 3
Media, PA  19063
Tel:  866-274-4004
Email:  info@strategicclaims.net

4.   If you are a member of the Settlement Class and you do not timely request exclusion, you will be bound by the terms of any judgment entered in the Action.

5.   If you are **not** a member of the Settlement Class, **do not** submit a Proof of Claim.

6.   **For help completing this Proof of Claim, please contact the Settlement Administrator.**

### B. INSTRUCTIONS FOR FILLING OUT THE PROOF OF CLAIM FORM

**Important additional information regarding the Settlement and this Proof of Claim is contained in the Notice posted on the Settlement Administrator's website, www.strategicclaims.net/kalobios.  Please refer to the Plan of Allocation set forth in the Notice for a detailed explanation of how a Claimant's Recognized Loss will be calculated.**

1.   In order to be eligible to participate in the distribution of the Net Settlement Fund, a claimant ("Claimant") must have purchased or otherwise acquired KaloBios Pharmaceuticals, Inc. ("KaloBios") common stock during the period between November 19, 2015 and December 16, 2015, inclusive (the "Settlement Class Period").

2.   The submission of a Proof of Claim does not ensure that your claim will be upheld or that you will share in any recovery. All claims are subject to verification and investigation. You may be requested to provide further information.

3.   All claims must be made by persons or entities who were beneficial owners (as opposed to record holders or nominees) of shares of KaloBios common stock. (Brokerage firms, banks and other nominees are requested to transmit copies of the Notice and Proof of Claim to their present or former customers who were such beneficial owners.) If shares of KaloBios common stock were owned jointly, all joint owners must complete and sign the Proof of Claim.

4.   Executors, administrators, guardians, conservators and trustees may complete and sign the Proof of Claim on behalf of persons or entities represented by them, but they must identify such persons or entities and provide proof of their authority (*e.g.,* powers of attorney or currently effective letters testamentary or letters of administration) to do so.

5. You must file a separate Proof of Claim for each differently named account or ownership, such as an individual account, an IRA account, a joint account, or a custodial account, etc. Joint tenants, co-owners, or custodians UGMA should file a single claim. Claimants who file one or more claims (*e.g.,* one in Claimant's name and one for an IRA or joint ownership) must identify the other claims filed.

6.   The date of purchase and/or sale of shares of KaloBios common stock is the "trade" date and not the "settlement" date.

7.   The first-in, first-out basis ("FIFO") will be applied to both purchases and sales.

8.   Exercise of option contracts will be considered to be purchases or sales of common stock. Option premiums will be incorporated into the purchase/sale price of the common stock accordingly.

9.   The date of covering a "short sale" is deemed to be the date of purchase of KaloBios common stock; and the date of a "share sale" is deemed to be the date of sale of KaloBios common stock. Shares originally sold short will have a Recognized Loss of zero.

10. No cash payment will be made on a claim where the potential distribution is less than ten dollars ($10.00).

11. You must attach to your claim form **copies** of brokerage confirmations, monthly statements or other documentation of your transactions in KaloBios common stock in order for your claim to be valid. If such documents are not available, a complete list of acceptable supporting documentation can be found on the Settlement Administrator's website: www.strategicclaims.net (click on "Cases" and then click on "KaloBios Pharmaceuticals, Inc. Securities Litigation").  Failure to provide this documentation could delay verification of your claim or could result in rejection of your claim.

12. If your trading activity during the Settlement Class Period exceeds 50 transactions, you must provide all purchase and sale information required in the Schedule of Transactions in an electronic file. For a copy of instructions and the parameters concerning an electronic submission, contact the Settlement Administrator by phone: 866-274-4004; or via the website: www.strategicclaims.net.

14. If you have questions or need additional Proofs of Claim, contact the Settlement Administrator via the information in the preceding paragraph.  You may make photocopies of this form.

*KaloBios Pharmaceuticals, Inc. Securities Litigation*

**PROOF OF CLAIM**

***The Settlement Administrator must receive this form postmarked no later than _____, 2018.***

**C. CLAIMANT IDENTIFICATION** *(Please Type or Print)*

_____
Beneficial Owner's Name *(as it appears on your brokerage statement)*

_____
Joint Beneficial Owner's Name *(as it appears on your brokerage statement)*

_____
Street Address

_____        _____        _____
City                                                                                State                                    Zip Code

_____        _____
Foreign Province / Country                                        Social Security or Taxpayer Identification Number

Specify <u>one</u> of the following:

□ Individual(s)              □ Corporation              □ UGMA Custodian              □ IRA

□ Partnership              □ Estate              □ Trust              □ Other: _____

_____        _____ (Day) _____        _____(Evening)
Area Code              Telephone Number                                                Area Code              Telephone Number

_____        _____
Facsimile Number                                                        E-Mail Address

_____
Record Owner's Name and Address *(if different from beneficial owner listed above)*

_____

**D. SCHEDULE OF TRANSACTIONS IN KALOBIOS COMMON STOCK**

1. State the total number of shares of KaloBios common stock owned at the close of trading on November 18, 2015, long or short *(if none, enter "0"; if other than zero, must be documented):*

2. Separately list each and every **purchase** of KaloBios common stock during the period November 19, 2015 **through** December 16, 2015, inclusive, and provide the following information *(must be documented):*

| Purchase Date *(list chronologically)* Month/Day/Year | Number of Shares Purchased | Price Per Share *(excluding commissions, taxes, and other fees)* | Total Purchase Price *(excluding commissions, taxes, and other fees)* |
|---|---|---|---|
| ___ / ___ / ___ | | $ | $ |
| ___ / ___ / ___ | | $ | $ |
| ___ / ___ / ___ | | $ | $ |
| ___ / ___ / ___ | | $ | $ |

3. Separately list each and every **sale** of KaloBios common stock during the period November 19, 2015 **through** December 16, 2015, inclusive, and provide the following information *(must be documented):*

| Sale Date *(list chronologically)* Month/Day/Year | Number of Shares Sold | Price Per Share *(excluding commissions, taxes, and other fees)* | Total Sale Price *(excluding commissions, taxes, and other fees)* |
|---|---|---|---|
| ___ / ___ / ___ | | $ | $ |
| ___ / ___ / ___ | | $ | $ |
| ___ / ___ / ___ | | $ | $ |
| ___ / ___ / ___ | | $ | $ |

4. State the total number of shares of KaloBios common stock owned at the close of trading on December 16, 2015, long or short *(if none, enter "0"; if other than zero, must be documented):*

**If you need additional space, attach the required information on separate, numbered sheets in the same format as above and print your name and Social Security or Taxpayer Identification number at the top of each additional sheet.**

**YOU MUST ALSO READ THE RELEASE AND SIGN THE CERTIFICATION OR THE W-8 CERTIFICATION BELOW**

**E.  SUBMISSION TO JURISDICTION OF THE COURT**

By submitting this Proof of Claim Form and Release, I/we, and every Settlement Class Member I/we represent, submit to the jurisdiction of the United States District Court for the Northern District of California for purposes of this Action and the Settlement of the Action, as reflected in the Stipulation of Settlement (the "Stipulation"). I/We further agree to be bound by the orders of the Court, agree that this Proof of Claim Form, my/our status or the status of the Settlement Class member I/we represent as a Claimant, and the allowable amount of this claim will be subject to review and further inquiry, and that I/we will furnish such additional documentation with respect to this Proof of Claim as may be required.

**F.  RELEASE**

1.    By signing this Proof of Claim Form and Release, and in consideration of the establishment of the Settlement Consideration, as of the effective date thereof, the undersigned claimant ("Claimant") hereby releases and forever discharges (a) Settling Defendant Martin Shkreli; (b) Shkreli's immediate family members, his successors and assigns, and his insurers (altogether the "Released Parties"), from any and all claims, both known and Unknown Claims, alleged or which could have been alleged or pled or which could have been pled in the Action against the Settling Defendant or any of the Released Parties, for any alleged injury to a Settlement Class Member arising from the facts and circumstances at issue in the Action or related in any way to Shkreli's tenure at KaloBios, alleged misstatements or omissions made by Shkreli, and transactions by any Settlement Class Member in KaloBios stock, whether known or Unknown Claims, whether direct or for indemnification, contribution or otherwise, and whether arising under state, federal, or common law, and including any claim for recovery of liability to the Settlement Class or its members for any costs, expenses or attorneys' fees, but excepting claims to enforce this Settlement (the "Settlement Class Claims").

2.    Conversely, the Settling Defendant  hereby releases and forever discharges any and all actual and potential claims, counterclaims, and bases for relief, whether known or Unknown Claims, that the Settling Defendant could have raised in the Action against the Plaintiffs or Lead Counsel including but not limited to claims arising under Fed. R. Civ. P. 11 or any other claims seeking reimbursement of costs, expenses, or attorneys' fees, but excepting claims to enforce this Settlement. (the "Defendant Claims").

3.    For purposes of these release provisions, "Unknown Claims" means (i) any and all Settlement Class Claims that a Claimant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties and the Settling Defendant, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement; and (ii) and any and all Defendant Claims that theSettling Defendant does not know or suspect to exist in his favor, which if known by him might have affected his decision(s) with respect to the Settlement.  With respect to the Settled Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Plaintiffs and the Settling Defendant shall expressly waive, and each Settlement Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or principle of common law, that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Settling Parties acknowledge, and Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settlement Class Claims and Defendant Claims was separately bargained for and was a key element of the Settlement.

**G. REPRESENTATIONS**

I/We acknowledge that I/we have read the Notice of Proposed Settlement of Class, and that pursuant thereto I/we file this claim to participate in the Settlement.

I/We hereby warrant and represent that neither I/we, nor any person I/we represent, is a Defendant (as defined in the Notice) with respect to any of the claims asserted in the Litigation, a member of the immediate family of any of the Defendants, or anyone excluded from the Settlement Class as it is defined in the Stipulation, or a person or entity who has requested exclusion from the Class.

I/We hereby warrant and represent that I am/we are authorized to execute and deliver this Proof of Claim Form and Release.

**H. CERTIFICATION**

I/We certify that I am/we are not subject to backup withholding. **(If you have been notified by the IRS that you are subject to backup withholding, strike out the previous sentence.).**

**I/We certify that I/we purchased or otherwise acquired the KaloBios common stock listed in the above Schedule during the period between November 19, 2015 and December 16, 2015, inclusive.**

I/We declare and affirm under penalties of perjury that the foregoing information and the documents attached hereto, including the Social Security or Taxpayer Identification Number shown on this Proof of Claim, are true, correct and complete to the best of my/our knowledge, information and belief, and that this Proof of Claim was executed this _____ day of _____, 2018  in:

_____

(City)                                         (State/Country)


_____                    _____

Signature of Claimant                                Signature of Joint Claimant, if any


_____                    _____

(Print your name here)                               (Print your name here)


_____

Signature of Person signing on behalf of
Claimant


_____

(Print your name here)


_____

Capacity of person signing on behalf of
Claimant, if other than an individual,
(Executor, President, Custodian, etc.)

**SUBSTITUTE FORM W-8:** IF YOU ARE NOT A RESIDENT OR CITIZEN OF THE UNITED STATES, COMPLETE THE FOLLOWING:

Permanent residence (principal office if a corporation)

If your claim is connected with a trade or business conducted in the U.S., please provide the name and address of your U.S. business, the type of business, and the Federal Tax Identification Number of the U.S. business.

_____
Name of U.S. Business

_____
Address of U.S. Business

_____     _____
Type of Business                                         Tax Identification Number

    **W-8 Certification:** Under the penalties of perjury, I certify that the information provided above is true, correct and complete.

    Signature(s) _____     Date: _____

                _____     Date: _____

_____


**THIS SPACE INTENTIONALLY LEFT BLANK**

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT
AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**


**Reminder Checklist:**

1.  Remember to sign the above Release and Certification (or W-8 Certification).

2.  Remember to attach only **copies** of acceptable supporting documentation, a complete list of which can be found on the Claims Administrator's website at www.strategicclaims.net.

3.  Do not send originals of securities certificates.

4.  Keep copies of the completed claim form and documentation for your own records.

5.  If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested, or its equivalent. **You will bear all risks of delay or non-delivery of your claim.**

6.  If your address changes in the future, or if these documents were sent to an old or incorrect address, please send us **written** notification of your new address.

If you have questions or concerns regarding your claim, please contact the Claims Administrator at:


*KaloBios Pharmaceuticals, Inc. Securities Litigation*
c/o Strategic Claims Services
600 North Jackson Street, Suite 3
Media, PA  19063
Tel:  866-274-4004

# EXHIBIT E

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE KALOBIOS PHARMACEUTICALS, INC. SECURITIES LITIGATION _____ THIS DOCUMENT RELATES TO ALL ACTIONS | Case No.  5:15-cv-05841-EJD **<u>Class Action</u>** **[PROPOSED]  ORDER AND FINAL JUDGMENT** Hon. Edward J. Davila |

On the _____ day of _____, 2018, a hearing having been held before this Court to determine, among other things: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated March 21, 2018 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against Martin Shkreli ("Shkreli") (the "Settling Defendant") as a settlement of the remaining claims of this litigation (the "Settlement"); and (2) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among the Settlement Class Members; and

The Court having considered all matters submitted to it at the hearing and otherwise; and It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing For Notice ("Preliminary Approval Order") was mailed to all reasonably identifiable potential Settlement Class Members; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED

THAT:

1.    Unless indicated otherwise, capitalized terms used herein have the same meanings defined in the Stipulation.

2.    The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members, and the Settling Defendant.

3.    In the Preliminary Approval Order the Court certified, for purposes of the Settlement only, the Action as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of the Settlement Class consisting of all Persons who purchased or otherwise acquired KaloBios Pharmaceuticals, Inc. ("KaloBios") common shares between November 19, 2015 and December 16, 2015, inclusive (the "Settlement Class Period").   Excluded from the Settlement Class are Settling Defendant and his immediate family members; the other Released Parties, who are Shkreli's successors and assigns, and his insurers; former Defendant KaloBios and its successors, assigns, officers, directors, subsidiaries, affiliates, and employees during the Settlement Class Period, including, but not limited to, Ted W. Love, Denise Gilbert, Laurie Smaldone Alsup, Gary Lyons, Robert A. Baffi, Raymond M. Withy, Charles Democko, Don Joseph, Geoffrey Yarranton, Judy Alaura, Priyanka Ankola, Deborah Brown, Mark Camarena, Blair Evans, Jennifer Fernando, Morgan Lam, Wendy Lin, Tom Selph, Ted Shih, and Mirella Villa del Toro; former Defendants Ronald Martell and Herb Cross and their immediate family members; Shkreli's affiliates and the other members of his investor group who acquired roughly 70% of KaloBios stock as announced by KaloBios: David Moradi ("Moradi"), Anthion Partners II LLC, Marek Biestek; and those individuals who otherwise acquired KaloBios stock and/or were appointed as KaloBios officers and directors in conjunction with Shkreli's takeover of the company, including Moradi, Tony Chase, Tom Fernandez, and Michael Harrison.   Per the terms of the Stipulation, the Settling Defendant shall assist in identifying the members of his immediate

- 2 -

family who will be excluded from the Settlement Class.  Also excluded are those persons who filed valid and timely requests for exclusion in accordance with this Order, as set forth in Exhibit A hereto.

4.     The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process and Fed. R. Civ. P. 23 and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the  Settlement and Plan of Allocation, to all Persons entitled to such notice.  No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed.  Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment, except those persons listed on Exhibit A to this Order and Final Judgment.

5.     The Settlement, whereby Settling Defendant shall cause to be paid per the terms of the Stipulation an aggregate of one million five hundred thousand dollars $1,500,000.00, is approved as fair, reasonable and adequate, and in the best interests of the Settlement Class. Plaintiffs and the Settling Defendant are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6.      Except with respect to persons who have validly and timely requested exclusion from the Settlement Class (listed on Exhibit A), this Action is dismissed with prejudice as to the Settling Defendant.

7.      Plaintiffs and the Settlement Class Members hereby release and forever discharge the Settling Defendant and Released Parties from any and all Settlement Class Claims, whether or not such Plaintiff or Settlement Class Member returns the Claim Form or shares in the Settlement Fund.  Plaintiffs and the Settlement Class Members are hereby permanently and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Settlement Class Claims against the Settling Defendant and the Released Parties, as set forth in the Stipulation.  For purposes of this Order and Final Judgment:

a.    "Settlement Class Claims" means any and all claims, both known and Unknown Claims, alleged or which could have been alleged or pled or which could have been pled in the Action against the Settling Defendant or any of the Released Parties, for any alleged injury to a Settlement Class Member arising from the facts and circumstances at issue in the Action or related in any way to Shkreli's tenure at KaloBios, alleged misstatements or omissions made by Shkreli, and transactions by any Settlement Class Member in KaloBios stock, whether known or Unknown Claims, whether direct or for indemnification, contribution or otherwise, and whether arising under state, federal, or common law, and including any claim for recovery of liability to the Settlement Class or its members for any costs, expenses or attorneys' fees, but excepting claims to enforce this Settlement.

b.    "Released Parties" means Defendant Shkreli, his immediate family members, his successors and assigns, and his insurers.

- 4 -

8.      The Settling Defendant, including any and all of his successors in interest or assigns, hereby releases and forever discharges any and all Defendants Claims against the Plaintiffs or any Settlement Class Member, and any of their counsel including Lead Counsel.  For purposes of this Order and Final Judgment:

> Defendant Claims" means any and all actual and potential claims, counterclaims, and bases for relief, whether known or Unknown Claims, that the Settling Defendant could have raised in the Action against the Plaintiffs or Lead Counsel including but not limited to claims arising under Fed. R. Civ. P. 11 or any other claims seeking reimbursement of costs, expenses, or attorneys' fees, but excepting claims to enforce this Settlement.

9.      <u>Bar Order</u>:  all Persons are barred from commencing, prosecuting, or asserting any Barred Claims.   All Barred Claims are hereby extinguished, discharged, satisfied, and unenforceable.  If any term of this Bar Order is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all Released Parties the fullest protection permitted by law from any Barred Claim.  For purposes of this Order and Final Judgment:

a.  "Barred Claim" means any claim, if any, however styled, whether for indemnification, contribution, or otherwise and whether arising under state, federal or common law, against the Settling Defendant or Released Parties where the claim is or arises from a Settled Claim and the alleged injury to such Person arises from that Person's alleged liability to the Settlement Class or any Settlement Class Member, including any claim in which a Person seeks to recover from any of the Released Parties (i) any amounts such person or entity has or might become liable to pay to the Settlement Class or any Settlement Class Member and/or (ii) any costs, expenses, or attorneys' fees from defending any claim by the Settlement Class or any Settlement Class Member.

10.     Notwithstanding the foregoing, nothing in this Order and Final Judgment:

    a.   will bar the Released Parties from pursuing claims that are outside the scope of or independent of the Settled Claims;

    b.   will bar or constitute a release of any claim by any of the Released Parties for insurance or reinsurance coverage arising out of, related to, or in connection with this Action or the Released Claims; or

    c.   shall prevent any Person listed on Exhibit A hereto from pursuing any claim against any Released Party; if any such Person pursues any such claim against any Released Party, nothing in this Order and Final Judgment or in the Stipulation shall operate to preclude such Released Party from (i) asserting any claim of any kind against such Person, including any Defendant Claim (ii) or seeking contribution or indemnity from any Person, including any other Released Party, in respect of the claim made by a Person listed on Exhibit A.

11.   Plaintiffs' counsel are awarded attorneys' fees in the amount of $_____, and expenses in the amount of $_____, such amounts to be paid from out of the Gross Settlement Fund ten (10) calendar days following the entry of this Order. Lead Counsel shall thereafter be solely responsible for allocating the attorneys' fees and expenses among other Plaintiffs' counsel in a manner in which Lead Counsel in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action.  In the event that this Judgment does not become Final, and any portion of the Fee and Expense Award has already been paid from the Settlement Fund, Lead Counsel and all other plaintiffs' counsel to whom Lead Counsel has distributed payments shall within ten (10) business days from the event which precludes the Effective Date from occurring or the termination of the Stipulation, refund the Settlement Fund the Fee and Expense Award paid to Lead Counsel and, if applicable, distributed to other counsel.

12.     Plaintiffs are each awarded the sum of $_____, as reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Gross Settlement Fund upon the Effective Date of the Settlement.

13.     The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members.

14.     The Court finds that all parties and their counsel have complied with each requirement of Fed. R. Civ. P. 11 as to all proceedings herein.

15.     Neither this Order and Final Judgment, the Preliminary Approval Order, the Stipulation (including the exhibits thereto), the Memorandum Of Understanding ("MOU"), nor any of the negotiations, documents or proceedings connected with them shall be:

     a.   referred to or used against the Released Parties or against the Plaintiffs or the Settlement Class as evidence of wrongdoing by anyone;

     b.   construed against the Released Parties or against the Plaintiffs or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

     c.   construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or

     d.   used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against any of the Released Parties in

any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation.

16.     Notwithstanding the foregoing Paragraph 15, the Settling Parties and other Released Parties may file or refer to this Order and Final Judgment, the Stipulation, Preliminary Approval Order, and/or any Claim Form: (a) to effectuate the liability protections granted hereunder or thereunder, including without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to obtain a judgment reduction under applicable law; (c) to enforce any applicable insurance policies and any agreements relating thereto; or (d) to enforce the terms of the Stipulation and/or this Order and Final Judgment.

17.     Exclusive jurisdiction is hereby retained over the Settling Parties for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulations, or Settlement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

18.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions in the Stipulation.

19.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Fed. R. Civ. P. 54(b).

20.     The finality of this Order and Final Judgment shall not be affected, in any manner, by any appeals concerning the Attorneys' Fees and Expenses awarded herein, the award Plaintiffs, or the Plan of Allocation.

21.     In the event that the Settlement does not become Final and effective in accordance

with the terms and conditions set forth in the Stipulation, then the Stipulation, except as otherwise provided in paragraph 41 therein, including any amendment(s) thereto, the Preliminary Approval Order, as set forth in paragraph 32 thereof, and this Order and Final Judgment, except for paragraphs 15, and 21-23 shall be rendered null and void of no further force or effect, and all Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective status prior to the execution of the MOU, and the Settling Parties shall proceed in all respects as if the MOU and the Stipulation had not been executed and the related orders had not been entered, without prejudice in any way from the negotiation, fact, or terms of the Settlement, and preserving all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action.  In such circumstances, the parties shall jointly ask the Court to reschedule the oral argument on Defendant Shkreli's second motion to dismiss, which they had asked the Court to vacate in light of the Settlement.

22.     In the event the Settlement does not become Final and effective in accordance with the terms and conditions set forth in the Stipulation, the Escrow Agent shall refund the Gross Settlement Fund, less amounts already expended for Notice and Administration Expenses pursuant to the terms of the Stipulation (provided that any deductions from the refund for expenses and costs related to Notice and Administration Expenses shall be deducted from the settlement consideration paid by XL Specialty Insurance Company ("XL") on behalf of the Settling Defendant to XL within ten (10) business days thereafter.  Under those circumstances, Lead Counsel and its partners shall undertake to return those amounts by taking all steps necessary to cause the Escrow Agent to make the foregoing repayments.  Plaintiffs and the Settlement Class shall have no responsibility for the return of such consideration.

23.     The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

Dated: _____, 2018

_____
HON. EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE