UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Case No.  5:15-cv-05841-EJD

IN RE KALOBIOS
PHARMACEUTICALS, INC.
SECURITIES LITIGATION

_____

THIS DOCUMENT RELATES TO
ALL ACTIONS

**[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL
OF SETTLEMENT**

WHEREAS,

(A)    This Action began with the filing of multiple initial securities class action complaints in the United States District Court for the Northern District of California: (1) by Plaintiff Kang Li on December 18, 2015; (2) by Plaintiff Matthew Sciabacucchi on December 23, 2015; and (3) by Plaintiff Austin Isensee on December 31, 2015.  These initial complaints named Defendants KaloBios, Shkreli, and Chris Thorn ("Thorn").  Each asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b), and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. § 240.10b-5, alleging that Defendants made material misstatements and omissions concerning KaloBios's business operations and prospects between November 18, 2015 and December 16, 2015.

(B)    On December 30, 2015, KaloBios filed for Chapter 11 bankruptcy, its case proceeding as Case No. 15-12628 (LSS) (the "Bankruptcy Case") pending in the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

(C)     On February 16, 2016, multiple movants, including Kaniz Fatema, Zeke Ingram, Bhaskar R. Gudlavenkatasiva and Abuhena M. Saifulislam (together, the "KaloBios Investor Group" or "Lead Plaintiffs"), filed motions and supporting papers seeking to consolidate these cases and seeking appointment by the Court to serve as lead plaintiffs.

(D)     On March 29, 2016, the KaloBios Investor Group and Plaintiff Isensee (together "Plaintiffs") filed a proof of claim in KaloBios's Bankruptcy Case on their own behalf and on behalf of the putative class at issue in the Action, which estimated class-wide damages at over $20 million.

(E)     On April 18, 2016, Plaintiff Isensee filed his First Amended Complaint for Violation of the Federal Securities Laws.  Plaintiff Isensee's Amended Complaint removed Thorn as a named Defendant in the Action, again named KaloBios and Shkreli as Defendants, and also named Ronald Martell ("Martell") and Herb Cross ("Cross") for the first time as Defendants in the Action.  This Amended Complaint included allegations by certain confidential witnesses and also asserted claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5, alleging that Defendants made material misstatements and omissions concerning KaloBios's business operations and prospects between November 18, 2015 and December 16, 2015.

(F)     On April 28, 2016, the Court entered an Order appointing the KaloBios Investor Group to serve as Lead Plaintiffs and appointing their choice of counsel, Pomerantz LLP (also counsel for Plaintiff Isensee) to serve as Lead Counsel.

(G)     On June 23, 2017, the Court granted final approval of a partial settlement (the "Partial Settlement") with former Defendants KaloBios, Martell, and Cross, in an order that it revised on July 24, 2017.  The Court's Orders preserved Plaintiffs' ability to continue litigating against Defendant Shkreli.

(H)     On June 23, 2017, the Court also entered an Order granting Shkreli's motion to

dismiss the First Amended Complaint, without prejudice.  Plaintiffs filed their Second Consolidated Amended Complaint on August 25, 2017, which Shkreli moved to dismiss on September 29, 2017.

(I)     While briefing was ongoing, Plaintiffs and Shkreli discussed the possibility of mediation, and they agreed to mediate on January 30, 2018, which resulted in a verbal agreement to settle the Action as to Shkreli.  Plaintiffs, on their own behalf and on behalf of a proposed Settlement Class, and Shkreli entered into a Memorandum of Understanding on February 6, 2018 and a Stipulation of Settlement on March 21, 2018 (the "Settlement").

(J)     Plaintiffs have applied to the Court pursuant to Fed. R. Civ. P. 23(e) for an order approving the Settlement in accordance with the terms of the Stipulation and for complete dismissal of this Action as to the Settling Defendant.

(K)     The Court having reviewed and considered Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Notice to the Settlement Class (the "Motion"), as well as all papers submitted in support thereof; the terms and conditions of the proposed Settlement as set forth in the Stipulation, a copy of which has been submitted with the Motion and the terms of which are incorporated herewith; and all other prior proceedings in this Action, and good cause for this Order having been shown:

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1.     The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as through fully set forth herein.  All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

2.     This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including Settlement Class Members.

3.     The Court preliminarily approves the Settlement and the proposed Plan of Allocation described in the Notice as fair, reasonable and adequate, pending a final settlement and

fairness hearing (the "Settlement Hearing").   The Court preliminarily finds that the proposed

Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive

negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no

obvious deficiencies; (iv) not improperly granting preferential treatment to the Plaintiffs or

segments of the Settlement Class; and (v) warranting notice of the proposed  Settlement at the

Settlement Hearing described below.

**Conditional Certification of the Class**

4.      For purposes of settlement only, and pursuant to Fed. R. Civ. P. 23(a) and (b)(3),

this Action is conditionally certified as a class action on behalf of the following persons (the

"Settlement Class" or the "Class"):

> All persons or entities who purchased or otherwise acquired the common stock
> of KaloBios between November 19, 2015 and December 16, 2015, both dates
> inclusive, seeking to recover damages caused by the Settling Defendant's
> alleged violations of the federal securities laws.  Excluded from the Settlement
> Class are Settling Defendant; his immediate family members, his successors and
> assigns, and his insurers (the "Released Parties"); KaloBios and its successors,
> assigns, officers, directors, subsidiaries, affiliates, and employees during the
> Settlement Class Period, including, but not limited to, Ted W. Love, Denise
> Gilbert, Laurie Smaldone Alsup, Gary Lyons, Robert A. Baffi, Raymond M.
> Withy, Charles Democko, Don Joseph, Geoffrey Yarranton, Judy Alaura,
> Priyanka Ankola, Deborah Brown, Mark Camarena, Blair Evans, Jennifer
> Fernando, Morgan Lam, Wendy Lin, Tom Selph, Ted Shih, and Mirella Villa
> del Toro; former Defendants Martell and Cross and their immediate family
> members; Shkreli's affiliates and the other members of his investor group who
> acquired roughly 70% of KaloBios stock as announced by KaloBios: David
> Moradi ("Moradi"), Anthion Partners II LLC, Marek Biestek ("Biestek"); and
> those individuals who otherwise acquired KaloBios stock and/or were appointed
> as KaloBios officers and directors in conjunction with Shkreli's takeover of the
> company, including Moradi, Biestek, Tony Chase, Tom Fernandez, and Michael
> Harrison

5.      The Court preliminarily finds that the prerequisites for a class action under Fed. R.

Civ. P. 23 (a) and (b)(3) have been satisfied, and certifies a class solely for purposes of this

Settlement, finding that: (a) the number of Settlement Class Members is so numerous that joinder

of all members thereof is impracticable; (b) there are questions of law and fact common to the

Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6.     Based on the finding that Plaintiffs have fairly and adequately represented the interests of the Settlement Class, the Court conditionally appoints Plaintiffs as the class representatives for the Settlement Class.  The Court finds that Lead Counsel has fairly and adequately represented the interests of the Settlement Class, and conditionally appoints Lead Counsel as class counsel pursuant to Fed. R. Civ. P. 23(g).  These conditional appointments are solely for purposes of effectuating the Settlement.

7.     If the Stipulation is terminated or is not consummated for any reason, the foregoing conditional certification of the Class and appointment of the Class Plaintiffs and class counsel shall be void and of no further effect and the parties to the Stipulation shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Stipulation might have asserted in the Action.

8.     The Court approves the appointment of The Huntington National Bank as the Escrow Agent to manage the Settlement Fund for the benefit of the Settlement Class.

9.     The Court approves the appointment of Strategic Claims Services as the Settlement Administrator to supervise and administer the notice procedure and the processing of claims.

### Stay Order

10.    The Court orders the stay of any pending litigation and enjoins the initiation of any new litigation by any Settlement Class Member in any court, arbitration, or other tribunal that includes any Settlement Class Claims against the Released Parties generally and the above-named

Settling Defendant specifically.

**Form and Timing of Notice**

11.     The Court hereby approves, as to form and content, the proposed short-form Notice, substantially in the form of Exhibit B2  to the Stipulation, and directs that as soon as practicable after entry of this Order, but no later than twenty-one (21) days after entry of this Order granting preliminary approval, the Settlement Administrator shall provide the Notice to each known Settlement Class Member via U.S. mail, postage pre-paid guided by efforts to locate class members already undertaken as regards to the Partial Settlement, which comprises of a substantially similar class period as this Settlement.  The Settlement Administrator shall also post the proposed long-form Notice, substantially in the form of Exhibit B1 to the Stipulation, on its website.  Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice. The parties shall modify Exhibits B1 and B2 to add the deadlines proposed by Plaintiffs.

12.     Banks, brokerage firms, institutions, and other persons who are nominees who purchased or otherwise acquired KaloBios common stock for the beneficial interest of other persons during the Settlement Class Period are directed to, within ten (10) days after receipt of the Notice: either (a) send the Notice and the Proof of Claim form to all beneficial owners of KaloBios common stock purchased or otherwise acquired during the Settlement Class Period; or (b) send a list of the names and addresses of such beneficial owners to the Settlement Administrator.  The Settlement Administrator shall provide the Notice to each Settlement Class Member identified through point (b) of this Paragraph via U.S. mail, postage pre-paid, no later than sixty (60) days prior to the Settlement Hearing.

13.     The cost of providing the Notice to the Settlement Class as specified in this Order shall be paid as set forth in the Stipulation.

14.     The Court hereby approves, as to form and content, the proposed form Publication

Notice, substantially in the form of Exhibit C to the Stipulation, and directs that no more than twenty-one (21) days after entry of this Order granting preliminary approval Lead Counsel shall cause such Publication Notice to be published on a national business Internet newswire.  Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Publication Notice.  The parties shall modify Exhibit C to add the deadlines proposed by Plaintiffs.

15.     The Court approves the proposed Proof of Claim substantially in the form of Exhibit D to the Stipulation.  The Settlement Administrator shall post the Proof of Claim on its website for Settlement Class Members to view and download.  The parties shall modify Exhibit D to add the deadlines proposed by Plaintiffs.

16.     This Court preliminarily finds that the distribution of the Notice and the publication of the Publication Notice, and the notice methodology, contemplated by the Stipulation and this Order:

(a)     Constitute the best practicable notice to Settlement Class Members under the circumstances of this Action;

(b)     Are reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons not excluded from the Settlement Class;

(c)     Is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d)     Fully satisfies all applicable requirements of the Federal Rules of Civil

Procedure (including Fed. R. Civ. P. 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

## **Participation and Opt Out**

17.     For Settlement Class Members who previously submitted a valid and timely Proof of Claim for the Partial Settlement, they will not be required to re-submit their claims, and the Settlement Administrator shall use the prior Proofs of Claim for this Settlement while reviewing them to exclude any damages based on KaloBios stock purchases on November 18, 2015 (the one date at issue in the prior Partial Settlement that is not within the Settlement Class Period for the instant Settlement).  Settlement Class Members who did not already submit a valid and timely Proof of Claim for the Partial Settlement and who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained in the Notice.  Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked no later than  April 19    , 2018.  Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court.  Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Settlement Administrator for this Settlement only so long as distribution of the Net Settlement Fund is not materially delayed thereby.

18.     Any person falling within the definition of the Settlement Class may seek to be excluded from the Settlement Class by submitting to the Settlement Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements set forth in the Notice

and is postmarked no later than twenty-one (21) days prior to the date of the Settlement Hearing. All persons who submit valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Stipulation or the Judgment. However, a Settlement Class Member may submit a written revocation of a Request for Exclusion up until five (5) days prior to the date of the Settlement Hearing and still be eligible to receive payments pursuant to the Stipulation provided the Settlement Class Member also submits a valid Proof of Claim prior to the Settlement Hearing (the "Bar Date").

19.    The Request for Exclusion submitted by Anastasia M. Dorrius for the Partial Settlement will be honored for this Settlement per the terms of the request which sought exclusion from future class actions involving KaloBios, unless Ms. Dorrius submits a written revocation of the Request for Exclusion up until five (5) days prior to the date of the Settlement Hearing.

**Settlement Hearing; Right to Appear and Object**

20.    The Settlement Hearing shall take place before the undersigned, United States District Judge Edward J. Davila, in Courtroom 4, 5th Floor, San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, on  August 2  , 2018, at        9 :00 a.m./p.m., to determine:

(a)    Whether the Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable, and adequate;

(b)    Whether the Action should be dismissed on the merits and with prejudice as to the Settling Defendant;

(c)    Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action;

(d)    Whether the application for attorneys' fees and expenses to be submitted by Lead Counsel should be approved;

(e)     Whether the Plan of Allocation is fair and reasonable to the Settlement Class;

(f)     Whether the application for a compensatory award to be submitted by Plaintiffs should be approved; and

(g)     Such other matters as the Court may deem necessary or appropriate.

21.     The Court may finally approve the Stipulation at or after the Settlement Hearing with any modifications agreed to by the parties and without further notice to the Settlement Class Members.

22.     Any Settlement Class Member and any other interested person may appear at the Settlement Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection to such matters, unless no later than twenty one (21) days before the Settlement Hearing, such person files with the Court a statement of objection setting forth: (i) whether the person is a Settlement Class Member; (ii) to which part of the Stipulation the Settlement Class Member objects; (iii) the specific reason(s), if any, for such objection including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of such objection.  Such Settlement Class Member shall also provide documentation sufficient to establish the amount of publicly traded KaloBios common stock purchased and sold during the Class Period on the NASDAQ, or by other means involving transactions in the United States, and the prices and dates of such transactions.  Objection materials must be sent to the following:

*for* Lead Counsel:                              *for* Defendant's Counsel:
Matthew L. Tuccillo                              Scott L. Vernick
Pomerantz LLP                                    William H. Stassen
600 Third Avenue                                 Peter C. Buckley
New York, NY 10016                               FOX ROTHSCHILD LLP

2000 Market Street, 20th Floor
Philadelphia, PA 19103

Court:
Clerk of the Court
United States District Court
Robert F. Peckham Federal Building
280 South 1st Street
Room 2112
San Jose, CA 95113

23.     Lead Counsel shall file all papers, including memoranda or briefs in support of the Stipulation, no later than twenty-eight (28) days prior to the Settlement Hearing.

24.     Lead Counsel shall file any motion for an award of attorneys' fees and reimbursement of expenses no later than twenty-eight (28) days prior to the Settlement Hearing.

25.     Lead Counsel shall file any response to objections (if any are received) by no later than fourteen (14) days prior to the Settlement Hearing.

26.     The Court may adjourn the Settlement Hearing, including the consideration of the motion for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Settlement Hearing or any adjournment thereof.

27.     If the Settlement is approved, all Settlement Class Members will be bound by the terms of the Settlement as set forth in the Stipulation, and by any judgment or determination of the Court affecting the Settlement Class, regardless of whether or not a Class Member submits a Proof of Claim. Any member of the Settlement Class who fails to opt out of the Settlement Class or who fails to object in the manner prescribed therein shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, or which otherwise were at issue in the Action.

## Other Provisions

28.     Upon payment of the Settlement Consideration to the Escrow Account by XL

Specialty Insurance Company on behalf of the Settling Defendant, the Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed pursuant to the Stipulation and/or further order of this Court.  There shall be no distribution of any part of the Net Settlement Fund to the Settlement Class until the Plan of Allocation is finally approved and the Court issues the Settlement Fund Distribution Order and until the Order and Final Judgment becomes Final.

29.     Except for the obligation to cooperate in identifying the members of his immediate family who are to be excluded from the Settlement Class per the terms of the Stipulation, in no event shall the Settling Defendant or any of the Released Parties have any responsibility for the administration of the Settlement, and neither the Settling Defendant nor any of the Released Parties shall have any obligation or liability to the Plaintiffs, Lead Counsel, or the Settlement Class in connection with such administration.

30.     No Person shall have any claim against Plaintiffs, Lead Counsel, other plaintiffs' counsel who worked on the Action, the Settlement Class Members, the Settlement Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct.  No person shall have any claim under any circumstances against the Released Parties, based on any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.

31.     The Settling Defendant has denied, and continues to deny, any and all allegations and claims asserted in the Action and have represented that he entered into the Settlement solely in order to eliminate the burden, expense, and uncertainties of further litigation.  This Order and the Stipulation, whether the Settlement contemplated by the Stipulation is consummated or not, and

any statements made or proceedings taken pursuant to them are not, shall not be deemed to be, and may not be argued to be or offered or received:

(a)     Against the Settling Defendant as evidence of, or construed as evidence of any presumption, concession, or admission by the Settling Defendant with respect to the truth of any fact alleged by the Plaintiffs in this Action or the validity of any claim that has been or could have been asserted against any the Settling Defendant in this Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by the Settling Defendant.

(b)     Against the Settling Defendant as evidence of, or construed as evidence of any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Settling Defendant, or against the Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of any infirmity of the claims alleged by the Plaintiffs in the Action.

(c)     Against the Settling Defendant, the Plaintiffs, or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by the Settling Defendant, the Plaintiffs, or any Settlement Class Member with respect to any liability, negligence, fault, or wrongdoing as against the Settling Defendant, the Plaintiffs, or any Settlement Class Member in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, the Settling Defendant, the Plaintiffs, and any Settlement Class Member may refer to it to effectuate the liability protection granted them hereunder;

(d)     Against the Settling Defendant as evidence of, or construed as evidence of any presumption, concession, or admission by him that the Settlement Consideration represents the

amount which could or would have been received after trial of the Action against him;

        (e)     Against the Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by Defendant Shkreli, or any former defendants in the Action have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund; and

        (f)     As evidence of, or construed as evidence of any presumption, concession, or admission that class certification is appropriate in this Action, except for purposes of this Settlement.

      32.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the Settlement, and without prejudice to the rights of the parties to the Stipulation before it was executed.

      **SO ORDERED** in the Northern District of California on   March 29  , 2018.

                               THE HON. EDWARD J. DAVILA
                               UNITED STATES DISTRICT JUDGE

# EXHIBIT B-1

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE KALOBIOS PHARMACEUTICALS, INC. SECURITIES LITIGATION | Case No. 5:15-cv-05841-EJD |
| ———————————————— | **NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND SETTLEMENT FAIRNESS HEARING** |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

**IF YOU PURCHASED OR OTHERWISE ACQUIRED SHARES OF KALOBIOS PHARMACEUTICALS, INC. ("KALOBIOS") COMMON STOCK BETWEEN NOVEMBER 19, 2015, AND DECEMBER 16, 2015, INCLUSIVE, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

Your legal rights are affected whether you act or don't act.  Read this Notice carefully.

### SUMMARY OF KEY PROVISIONS AND REASONS FOR SETTLEMENT

- The Settlement will provide for a new gross settlement fund of one million five hundred thousand dollars ($1,500,000.00) (the "Settlement Fund").  If approved by the Court, the Settlement will settle claims, as against Defendant Martin Shkreli ("Shkreli" or "Settling Defendant"), from investors who bought or otherwise acquired KaloBios shares between November 19, 2015, and December 16, 2015 (the "Settlement Class Period').

- The Settlement resolves all remaining claims in the securities fraud class action lawsuit (the "Action") over allegations that KaloBios and certain of its officers and directors misled its shareholders during the Settlement Class Period about KaloBios's operations and business prospects, as well as prior alleged misconduct by Defendant Shkreli, who assumed control of KaloBios at the outset of the Settlement Class Period and was arrested the day after it ended.

- Claims against former Defendants KaloBios, Ronald Martell ("Martell") (its former Executive Chairman), and Herb Cross ("Cross") (its former Chief Financial Officer) were already resolved as part of a partial settlement (the "Partial Settlement") for one million five hundred thousand dollars ($1,500,000.00) and three hundred thousand (300,000) shares in the reorganized, bankruptcy post-exit KaloBios.  This new Settlement with Shkreli will resolve all remaining claims pled in the Action, and together with the Partial

Settlement, represents a total aggregate gross recovery of three million dollars ($3,000,000.00) cash plus an additional two hundred fifty-four thousand seven hundred twenty-two dollars and seventy-three cents ($254,722.73) in proceeds derived from the sale of the three hundred thousand (300,000) shares of stock received as part of the prior Partial Settlement.

- The Court did not ultimately decide the Action in favor of the Plaintiffs or the Settling Defendant. Instead, both sides agreed to aSettlement at an interim point in the litigation. This permits these settling parties to avoid the cost, delay, and uncertainty of a trial, and permits eligible Settlement Class Members who submit valid claims to receive some compensation rather than risk ultimately receiving nothing. Both the Plaintiffs and the Settling Defendants have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as the Action. The Plaintiffs and their attorneys believe theSettlement is best for all Settlement Class Members. The Settling Defendant, while denying the allegations and maintaining he did nothing wrong, has concluded that further defense of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation of Settlement (the "Stipulation"). The two sides disagree on how much money could have been won if the investors won at trial.

- Lead Counsel for the Class will ask the Court for up to 25% of the Settlement Fund in attorneys' fees, and reimbursement of up to fifty thousand dollars ($50,000.00) for litigation costs. Lead Counsel will also ask the Court to pay Lead Plaintiffs Kaniz Fatema, Zeke Ingram, Bhaskar R. Gudlavenkatasiva and Abuhena M. Saifulislam, and initial Plaintiff Austin Isensee (altogether "Plaintiffs") up to five hundred dollars ($500.00) each for their contributions to this lawsuit.

- The Court in charge of this case still has to decide whether to approve the Settlement. The Court has set a Settlement Hearing for _____, 2018 at __:__ a.m/p.m. to consider whether to approve the Settlement. Payments will be made if the Court approves the Settlement, orders distribution of such monies, and all appeals are resolved. Please be patient.

- If the proposed Settlement is approved after the Settlement Hearing, the Court will enter a Judgment and Order of Final Approval (the "Judgment"). The Judgment will dismiss with prejudice, release, and forever discharge both the Settlement Class Claims against the Settling Defendants and the Released Parties and the Defendant Claims against the Plaintiffs, Lead Counsel and other Plaintiffs' counsel, and any Settlement Class Members. The terms of the releases, including the meaning of the terms "Settlement Class Claims" and "Defendant Claims" are set forth in the Proof of Claim and Release form that can be viewed and downloaded from the Settlement Administrator's website described in question #23 below.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS PARTIAL SETTLEMENT | | |
|---|---|---|
| ACTION | DEADLINE | SIGNIFICANCE |
| SUBMIT A PROOF OF | Postmarked no later than _____, 2018 [45 DAYS | The only way to get a payment.If you have not already submitted a valid and |

| CLAIM FORM IF NOT PREVIOUSLY SUBMITTED FOR THE PARTIAL SETTLEMENT | PRIOR TO SETTLEMENT HEARING] | timely Proof of Claim and Release Form ("Proof of Claim") as part of the Partial Settlement, you must do so now in order to be eligible to receive a distribution from this Settlement.<br><br>If you previously submitted a valid and timely Proof of Claim for the Partial Settlement, you do not need to do so again.  Your prior valid and timely Proof of Claim will be used again unless you opt out of this Settlement as described below.  If you are unsure whether you previously submitted a timely and valid, Proof of Claim, please contact the **Settlement Administrator**. |
|---|---|---|
| EXCLUDE YOURSELF | Postmarked no later than _____, 2018 [21 DAYS PRIOR TO SETTLEMENT HEARING] | Get no Payment. This is the only option that allows you to ever be part of any other lawsuit against Shkreli and other Released Parties about the legal claims that were at issue in this case. |
| OBJECT | Filed and served no later than _____, 2018 [21 DAYS PRIOR TO SETTLEMENT HEARING] | Write to the Court about why you do not like the Settlement. |
| GO TO A HEARING | _____, 2018 | Ask to speak in Court about the fairness of the Settlement. |
| DO NOTHING | | If you have already submitted a valid and timely Proof of Claim for the prior Partial Settlement and do nothing, the claim form will be used again to determine whether you receive a payment from this Settlement.<br><br>If you have never submitted a claim form for the Partial Settlement or did not submit a claim form that was valid and timely and do nothing now, you will get no payment, while giving up your rights to bring an individual action. |

- You may submit a claim if you have not previously submitted a valid and timely claim form or object, or do both, or do nothing.

- If you have already submitted a valid and timely claim as part of the Partial Settlement, you do not need to submit any further information to participate in the Settlement.  If you are unsure whether you previously submitted a timely and valid, Proof of Claim, please

contact the **Settlement Administrator**. If you submit a Proof of Claim for this Settlement now, it will only be used for this Settlement and not for the prior Partial Settlement because the claim submission deadline for the Partial Settlement has already passed.

- You may also exclude yourself.  However, if you timely exclude yourself that is the **only** thing you can do: you cannot then also object in writing, appear at the Settlement Hearing to state any objections, or submit a claim.

- If you object rather than request exclusion, you will remain a Settlement Class Member, and if the Court approves the Settlement, you will be bound by the terms of the Settlement in the same way as Settlement Class Members who do not object.

- Unless you timely request exclusion from the Settlement Class, or unless the Court rejects the proposed Settlement, you are bound by the Stipulation, whether or not you submit a claim or object.

- These rights and options are explained in this Notice.  ***Please take careful note of the deadlines to exercise them, set forth above.***

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION

1.    Why Did I Receive This Notice Package?
2.    What Is This Lawsuit About?
3.    Why Is This A Class Action?
4.    Why Is There A Settlement?

WHO IS IN THE SETTLEMENT

5.    How Do I Know if I Am Part of the Settlement?
6.    What Are the Exceptions to Being Included?
7.    I Am Still Not Sure if I Am Included.

THE SETTLEMENT BENEFITS – WHAT YOU GET

8.    What Does the Settlement Provide?
9.    How Much Will My Payment Be?

HOW YOU GET A PAYMENT

10.    How Can I Obtain A Payment?
11.    When Will I Receive My Payment?
12.    What Am I Giving Up to Receive A Payment?

EXCLUDING YOURSELF FROM THE SETTLEMENT

    13.     How Do I Get Out of the Settlement Class?
    14.     If I Do Not Exclude Myself, Can I Sue the Settling Defendant or the Released
Parties for the Same Thing Later?
    15.     If I Exclude Myself, Can I Receive Money from the Net Settlement Fund?

THE LAWYERS REPRESENTING YOU

    16.     Do I Have A Lawyer in This Case?
    17.     How Will the Lawyers Be Paid?

OBJECTING TO THE SETTLEMENT

    18.     How Do I Tell the Court that I Do Not Like the Settlement?

THE COURT'S SETTLEMENT HEARING

    19.     When and Where Will the Court Decide Whether to Approve the Settlement?
    20.     Do I Have to Come to the Hearing?
    21.     May I Speak at the Hearing?

IF YOU DO NOTHING

    22.     What Happens if I Do Nothing at All?

GETTING MORE INFORMATION

    23.     Are There More Details About the Settlement?

UNDERSTANDING YOUR PAYMENT

## BASIC INFORMATION

### 1.    Why Did I Receive This Notice Package?

You or someone in your family may have purchased or otherwise acquired KaloBios Pharmaceuticals, Inc. ("KaloBios") common stock between November 19, 2015, and December 16, 2015, inclusive, and incurred damages.

This Notice was sent because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, after any objections or appeals are resolved, the Settlement Administrator appointed by the Court will make the payments to those persons who timely submit claims in the manner described below.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, U.S. District Judge Edward J. Davila presiding, and the case is known as *In re KaloBios Pharmaceuticals, Inc. Securities Litigation*, Case No. 5:15-cv-05841. Kaniz Fatema, Zeke Ingram, Bhaskar R. Gudlavenkatasiva and Abuhena M. Saifulislam are called the Lead Plaintiffs, and they along with original Plaintiff Austin Isensee (altogether, "Plaintiffs") oversaw the litigation to this point. The Settling Defendant is Martin Shkreli, KaloBios's former Chief Executive Officer., The Lead Plaintiffs, Plaintiff Isensee, and the Settling Defendant are referred to together as the "Settling Parties."

## 2.     What Is This Lawsuit About?

This Action alleges violations of the Federal Securities Laws (specifically Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §78j(b) and 78(t)(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5) against the Defendants.

KaloBios is a publicly-traded pharmaceuticals company which, during the Settlement Class Period, traded on the NASDAQ under the ticker symbol "KBIO." In mid-November 2015, an investor group led by Defendant Shkreli purchased 70% of KaloBios's outstanding shares. Shortly thereafter, KaloBios received Defendant Shkreli's proposal to assume operational control.

Plaintiffs allege that Defendants made material misrepresentations and omissions, knowingly and recklessly, concerning KaloBios business operations and prospects and prior alleged misconduct by Defendant Shkreli at other companies. On November 18, 2015, KaloBios issued a press release listing Mr. Cross as the company contact stating that KaloBios was "in discussions with Mr. Shkreli regarding possible direction for the company to continue in operation." It also quoted Mr. Martell as saying, "We received communications from Mr. Shkreli informing us of his group's ownership position, and a proposal to continue the company's operations. Our board of directors is prepared to entertain any constructive proposal, which we will act upon promptly." Plaintiffs allege that these statements were knowingly or recklessly false or misleading by misrepresenting that KaloBios and its Board were vetting Defendant Shkreli's leadership proposals and making an informed decision about whether to hand him operational control.

By November 19, 2015, Defendant Shkreli had been appointed CEO of KaloBios and elected as Chairman of its Board of Directors, after which Mr. Cross and Mr. Martell were no longer associated with the Company. Plaintiffs allege that over the ensuing weeks, KaloBios and Defendant Shkreli issued a series of public statements touting Defendant Shkreli's qualifications and those of his business associates to lead KaloBios, the financing options he was lining up, and the "permanent access to capital and M&A deal flow" that his leadership would provide. Plaintiffs allege that these statements were knowingly or recklessly false and misleading by misrepresenting these facts and simultaneously failing to disclose Defendant Shkreli's alleged misconduct at his prior companies and business ventures.

The Settlement Class Period ends on December 16, 2015. The next day, Defendant Shkreli was arrested and charged in a federal indictment and a Securities and Exchange Commission complaint alleging misconduct at his prior companies and business ventures.

Trading in KaloBios's stock was immediately halted, its stock was delisted, and when trading resumed over-the-counter, it did so at steeply reduced prices. As a result, Plaintiffs allege that the Defendants' conduct at issue in this litigation had inflated KaloBios's stock price and that, when the truth was revealed, investors suffered injury. The Settling Defendant denies all of these allegations.

### 3.   Why Is This A Class Action?

Classes are generally used in lawsuits that affect a large number of individuals. The class action consolidates into a single action all of the claims of individuals allegedly harmed by the same conduct or course of conduct in the same period of time, thus removing the need for members of the class to file their own individual lawsuits to separately seek to recover for the harm alleged. Once the class is certified, the Court is empowered to resolve all issues on behalf of members of the class, except for those members of the class, if any, who specifically choose to exclude themselves from the class.

As part of the preliminary approval process, Plaintiffs will ask the Court to certify a class for settlement purposes only. The proposed Settlement Class will consist of all persons or entities that purchased or otherwise acquired KaloBios common stock between November 19, 2015 and December 16, 2015 (both dates inclusive).

Excluded from the Settlement Class are the Settling Defendant and his immediate family members, his successors and assigns, and his insurers (the "Released Parties"); former Defendant KaloBios and its successors, assigns, officers, directors, subsidiaries, affiliates, and employees, including, but not limited to, Ted W. Love, Denise Gilbert, Laurie Smaldone Alsup, Gary Lyons, Robert A. Baffi, Raymond M. Withy, Charles Democko, Don Joseph, Geoffrey Yarranton, Judy Alaura, Priyanka Ankola, Deborah Brown, Mark Camarena, Blair Evans, Jennifer Fernando, Morgan Lam, Wendy Lin, Tom Selph, Ted Shih, and Mirella Villa del Toro; former Defendants Martell and Cross and their immediate family members; Shkreli's affiliates and the other members of his investor group who acquired roughly 70% of KaloBios stock as announced by KaloBios: David Moradi, Anthion Partners II LLC, and Marek Biestek; and those individuals who otherwise acquired KaloBios stock and/or were appointed as KaloBios officers and directors in conjunction with Shkreli's takeover of the company, including Tony Chase, Tom Fernandez, and Michael Harrison. Per the terms of the Stipulation, the Settling Defendant shall assist in identifying the persons and entities to be excluded from the Settlement Class.

### 4.   Why Is There A Settlement?

The Court has not decided in favor of Plaintiffs or the Settling Defendant. Rather, Plaintiffs and the Settling Defendant have chosen to enter into the Settlement.

Plaintiffs and Lead Counsel believe that the Settlement is in the Settlement Class Members' best interest and provides the Settlement Class Members with a substantial benefit now, in lieu of engaging in years of further litigation against the Settling Defendant – including the second motion to dismiss, summary judgment motions, a contested class certification motion, a contested trial and likely appeals, and attempts to enforce any judgment – all with the

possibility of no recovery at all.  Moreover, by settling with Defendant Shkreli now, Plaintiffs and the Settlement Class avoid the risk of securing no recovery at all from Shkreli, due to potential subordination and/or extinguishment of their claims and/or the diminishment of Defendant Shkreli's insurance or other resources.  By settling the Action with the Settling Defendant at this point, Plaintiffs are not admitting that the Action lacked merit, or that the Settlement Class's ultimate recovery would not have been greater than the Settlement Consideration.  Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Plaintiffs or the Settlement Class Members that any of their claims are without merit; that any defenses asserted by Defendant Shkreli have any merit; or that damages recoverable in the Action would not have exceeded the Settlement Fund.

The Settling Defendant denies all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, by Plaintiffs. Nonetheless, the Settling Defendant has concluded that further conduct of the Action could be protracted and expensive, and that it is desirable that the Action, to the extent brought  against him, be fully and finally settled in the manner and upon the terms and conditions set forth in the parties' Stipulation in order to limit further expense, inconvenience and distraction, and to dispose of the burden of protracted litigation.  The Settling Defendant has also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Action. The Settling Defendant has, therefore, determined that it is desirable and beneficial that the Action be settled, as regards claims against him, in the manner and upon the terms and conditions set forth in the Stipulation.  The Settling Defendant entered into the Stipulation without in any way admitting to or acknowledging any fault, liability, or wrongdoing of any kind, nor has he admitted that the Action has merit or that Settlement Class Members ultimately would have recovered any damages.  There has been no adverse determination by any court against the Settling Defendant or anyone else on the merits of the claims asserted in the Action. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Settling Defendant of the merit or truth of any of the allegations or wrongdoing of any kind on his part, nor shall they be offered as evidence in the Action or in any pending or future civil, criminal, or administrative action against the Settling Defendant, except as expressly set forth in the Stipulation.

The Settlement must be compared to the risk of no recovery after contested dispositive motions, trial, and likely appeals.  A trial is a risky proposition.  The claims in the Action involve numerous complex legal and factual issues, many of which would require expert testimony.  The Settling Parties disagree on both liability and damages, and do not agree on the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to have prevailed on each claim alleged against the Settling Defendant.  Among their many other disagreements are: (1) whether the Settling Defendant violated the securities laws or otherwise engaged in wrongdoing; (2) whether the misrepresentations and omissions alleged by the Plaintiffs were material, false, misleading or otherwise actionable; (3) the extent (if any) that the alleged misrepresentations and omissions influenced KaloBios's common stock price during the Settlement Class Period; and (4) the method for determining whether, and the extent to which, purchasers of KaloBios stock suffered injury and damages that could be recovered at trial.

## WHO IS IN THE SETTLEMENT

To see if you will receive money and stock from this Settlement, you first have to determine if you are a possible Settlement Class Member.

### 5.  How Do I Know if I Am Part of the Settlement?

The potential Settlement Class includes all persons or entities that purchased or otherwise acquired KaloBios common stock between November 19, 2015, and December 16, 2015, inclusive.

### 6.  What Are the Exceptions to Being Included?

You are not a member of the Settlement Class if you did not purchase KaloBios common stock on or between the dates listed above.  If you purchased KaloBios stock some other time, or did not purchase it at all, you are not included within the Settlement Class.

You are also not a member of the Settlement Class if you are one of the list of persons and entities that are specifically excluded from it, per question 3 above.

### 7.  I Am Still Not Sure if I Am Included.

If you are still not sure whether you are included, you can ask for free help.  You can contact the Settlement Administrator at Strategic Claims Services, 600 North Jackson Street, Suite 3, Media, PA 19063, Tel:  866-274-4004, for more information.  Or you can fill out and return the claim form described in question 10 to see if you qualify.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

### 8.  What Does the Settlement Provide?

The Settlement will result in a gross fund of one million five hundred thousand dollars ($1,500,000.00).  The balance of this fund, after payment of Court-approved attorneys' fees and expenses; the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing notice; and any compensatory award granted to the Plaintiffs (the "Net Settlement Fund"), will be divided among all eligible Settlement Class Members who send in or have previously submitted valid and timely claim forms according to the Plan of Allocation set forth herein.

### 9.  How Much Will My Payment Be?

Your share of the Net Settlement Fund will depend on the number of valid claim forms that Settlement Class Members send in, the number of shares of KaloBios common stock you purchased during the Settlement Class Period, and the timing of your purchases and sales.  You will not receive a payment, however, if your proportionate share of the Net Settlement Fund is

less than ten dollars ($10.00).

You can calculate your Recognized Loss in accordance with the formula shown below in the Plan of Allocation. After all Settlement Class Members have sent in their Proof of Claim and Release forms, the payment you receive will reflect your Recognized Loss in relation to the Recognized Losses of all persons submitting valid Proof of Claim forms. The Recognized Loss is not the amount of the payment that you can expect, but is used to determine how the Net Settlement Fund is to be allocated among all persons submitting claims.

## HOW YOU OBTAIN A PAYMENT

**10.    How Can I Obtain A Payment?**

Settlement Class Members who have not already submitted a valid and timely Proof of Claim and Release Form as part of the Partial Settlement, must timely send in a valid Proof of Claim and Release form by the deadline, and properly document your claim as requested in the Claim Form.  You may obtain a Proof of Claim and Release form on the internet at www.strategicclaims.net/kalobios.  Read the instructions carefully, fill out the Proof of Claim and Release form, include the documents required by that form, sign it, and mail it so that it is postmarked no later than _____, 2018.

**11.    When Will I Receive My Payment?**

The Court will hold a hearing on _____, 2018, to decide whether to approve the Settlement.  If the Court approves the Settlement, there may be an appeal of such approval. It is always uncertain whether there will be an appeal and when any appeal will be resolved, and resolving an appeal can take time, perhaps more than a year.  Even if no appeals are filed, it will take several months for the Settlement Administrator to process all of the Proof of Claim and Release forms and determine the ultimate distribution amounts.  Please be patient.

**12.    What Am I Giving Up to Receive A Payment?**

As a Settlement Class Member, you will be giving up certain rights that you currently have if the Court approves the Settlement.  Unless you timely exclude yourself from the Settlement Class by the _____, 2018 deadline, you are a Settlement Class Member and will be bound by the Release of claims against the Settling Defendant and the Released Parties. That means that you cannot sue, continue to sue, or be part of any other lawsuit against the Released Parties about the Settlement Class Claims in this Action.  It also means that all of the Court's orders will apply to you and legally bind you, and you will release your claims in this Action against the Settling Defendant and the Released Parties.  The terms of the Release are included in the Proof of Claim and Release form that can be found on the Settlement Administrator website indicated in question 10.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from the Settlement, but you want to keep the right to sue or continue to sue the Settling Defendant on your own for the Settlement Class Claims, then you must take steps to get out of the Settlement Class.  This is called excluding yourself, or is sometimes referred to as "opting out" of the class.

### 13.    How Do I Get Out of the Settlement Class?

You cannot exclude yourself on the phone or by e-mail.  To exclude yourself from the Settlement Class, you must send a letter by mail stating that you want to be excluded from *In re KaloBios Pharmaceuticals, Inc. Securities Litigation*, Case No. 5:15-cv-05841 (EJD). You must include your name; address; telephone number; your signature; the number of shares of NASDAQ-listed KaloBios common stock you purchased or acquired between November 19, 2015 and December 16, 2015, inclusive; the number of shares of KaloBios common stock sold during this same time period, if any; the dates of such purchases and/or sales; and the price paid or received per share for each purchase or sale.  You must mail your exclusion request postmarked no later than _____, 2018 to:

*KaloBios Pharmaceuticals, Inc. Securities Litigation*
c/o Strategic Claims Services
600 North Jackson Street, Suite 3
Media, PA 19063
Tel:  866-274-4004

If you ask to be excluded, and your request is processed, you are not eligible to receive any settlement payment, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in the Action.

### 14.    If I Do Not Exclude Myself, Can I Sue the Settling Defendant or the Released Parties for the Same Thing Later?

No.  Unless you exclude yourself from the Settlement Class, you give up any right to sue the Settling Defendant or the Released Parties for the Settlement Class Claims in the Settlement. If you have a pending lawsuit against the Settling Defendant, speak to your lawyer in that case immediately.  Remember, the exclusion deadline is _____, 2018. [21 days prior to the Settlement Hearing]

### 15.    If I Exclude Myself, Can I Receive Money from the Net Settlement Fund?

No.  If you exclude yourself, do not send in a Proof of Claim and Release form.

## THE LAWYERS REPRESENTING YOU

### 16.    Do I Have A Lawyer in This Case?

11

The Court appointed the law firm Pomerantz LLP to represent you and other Settlement Class Members. These lawyers are called Lead Counsel. They can be reached by contacting Matthew L. Tuccillo, Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016, (212) 661-1100. You will not be personally liable for the fees and expenses incurred by these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17.    How Will the Lawyers Be Paid?

Lead Counsel will ask the Court for attorneys' fees of up to 25% of the Settlement Fund and for reimbursement of expenses up to $50,000.00 which were advanced in connection with the Action up to the point of the Settlement. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

Lead Counsel shall file a formal motion with the District Court for approval of the Settlement, the Plan of Allocation, the request for attorneys' fees and reimbursement of expenses, and the request for compensatory awards to the Plaintiffs of up to $500.00 per Plaintiff no later than _____, 2018. [28 days prior to the Settlement Hearing]

Lead Counsel believes that the requested attorney fees are warranted in light of its efforts, and those of other plaintiffs' counsel in support, on a wholly contingent basis, to investigate the underlying claims, to work with a private investigator and a damages analyst, to file initial and amended complaints, defend against multiple motions by Defendants to dismiss the Action, to reach the Settlement, and to seek its approval by the court overseeing this class action. Lead Counsel's motion will argue that the requested fees are well within the range of fees awarded to class counsel under similar circumstances in other cases of this type. The Court determines what counsel should receive from the Settlement Fund for fees and expenses, and may award less than this amount.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 18.    How Do I Tell the Court that I Do Not Like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it, including the Plan of Allocation or the request for attorneys' fees. You can state the reasons why you think the Court should not approve it, and the Court will consider your views. To object, you must send a letter saying that you object to the Settlement in *In re KaloBios Pharmaceuticals, Inc. Securities Litigation*, Case No. 5:15-cv-05841 (EJD). Be sure to include your name; address; telephone number; your signature; the number of shares of KaloBios common stock purchased between November 19, 2015 and December 16, 2015, inclusive; the precise dates and prices of any such transactions; and the reasons you object. If you object to either the Settlement, requested attorneys' fees, or Plaintiffs' compensatory award, you subject yourself to the jurisdiction of the Court in this matter and Plaintiffs will have the right to take

your deposition prior to the Settlement Hearing. If you refuse to have your deposition testimony taken upon Plaintiffs' request, your objection will be deemed invalid. The motions in support of the Settlement and the request for attorneys' fees will be filed no later than _____, 2018 [28 days prior to the Settlement Hearing], and they will be available from Lead Counsel, the Settlement Administrator or the Court.  (The Settlement Administrator's contact information is listed in Section 23, below.)  Any objection must be mailed or delivered such that it is received by **each** of the following no later than _____, 2018 [21 days prior to the Settlement Hearing]:

> *Court*:
> Clerk of the Court
> United States District Court
> Northern District of California
> Robert F. Peckham Federal Building
> 280 South 1st Street
> Room 2112
> San Jose, CA  95113
>
> *Lead Counsel:*
> Matthew L. Tuccillo, Esq.
> Pomerantz LLP
> 600 Third Avenue, 20th Floor
> New York, NY 10016
>
> *Counsel for Settling Defendant Martin Shkreli*
> Scott L. Vernick
> William H. Stassen
> Peter C. Buckley
> FOX ROTHSCHILD LLP
> 2000 Market Street, 20th Floor
> Philadelphia, PA 19103

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the Settlement.  You may attend and you may ask to speak, but you do not have to do so.

### 19.    When and Where Will the Court Decide Whether to Approve the Partial Settlement?

The Court will hold a Settlement Hearing at __:__ a.m./p.m. on _____, 2018, at the courthouse for the United States District Court, Northern District of California, Courtroom 4, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will also consider how much money will be

allocated to pay Lead Counsel and other plaintiffs' counsel for their work on the Action and to reimburse their expenses, up to the point of the Settlement; whether to grant a compensatory award to Plaintiffs; and whether the Plan of Allocation is fair, reasonable and adequate.  The Court may decide these issues at the hearing or take them under consideration for a later decision.

**20.    Do I Have to Come to the Hearing?**

No.  Lead Counsel will answer questions the Court may have.  But you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it, though you are welcome to do so.  You may also pay your own lawyer to attend, but it is not necessary.

**21.    May I Speak at the Hearing?**

You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must send a letter saying that it is your intention to appear in *In re KaloBios Pharmaceuticals, Inc. Securities Litigation*, Case No. 5:15-cv-05841 (EJD).  Be sure to include your name, address, telephone number, your signature, and the number of NASDAQ-listed shares of KaloBios common stock you purchased between November 19, 2015 and December 16, 2015, inclusive, and the precise dates and prices of any such transactions.  Your notice of intention to appear must be received no later than _____, 2018, by the Clerk of the Court, Lead Counsel and the Settling Defendant's Counsel, at the addresses listed in question 18.

**IF YOU DO NOTHING**

**22.    What Happens if I Do Nothing at All?**

If you have not already submitted a valid and timely Proof of Claim for the Partial Settlement and do nothing, all of your claims against the Settling Defendant and the Released Parties will be released, but you will not receive any money from this Settlement, because it is necessary to submit a Proof of Claim and Release form to share in the Settlement proceeds.

**GETTING MORE INFORMATION**

**23.    Are There More Details About the Partial Settlement?**

This Notice summarizes the proposed Settlement.  More details are in the Stipulation dated as of March 21, 2018.  You can obtain a copy of the Stipulation or more information about the Settlement by contacting the Settlement Administrator:

*KaloBios Pharmaceuticals, Inc. Securities Litigation*
c/o Strategic Claims Services
600 North Jackson Street, Suite 3
Media, PA  19063
Tel: 866-274-4004

or by visiting www.strategicclaims.net/kalobios.

## UNDERSTANDING YOUR PAYMENT

The Net Settlement Fund shall be distributed to Settlement Class Members who submit acceptable Proofs of Claim and Release forms ("Authorized Claimants") in the following manner:

The Settlement Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below.  The Recognized Loss formula is intended to equitably apportion the Net Settlement Fund among Authorized Claimants.  The Recognized Loss formula is not an estimate of what an Authorized Claimant would have recovered after trial; nor is it the amount that the Authorized Claimant will be paid pursuant to the Settlement.

An Authorized Claimant's actual share of the Net Settlement Fund will be determined by the ratio of the Authorized Claimant's Recognized Loss to the aggregate of the Recognized Loss of all Authorized Claimants.

The Settlement Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.  If there is any balance remaining in the Net Settlement Fund after the initial distribution of the Net Settlement Fund, such remaining balance shall then be donated to an appropriate non-profit organization selected by Lead Counsel, in which Lead Counsel shall not have any financial interest or other affiliation.

This Plan of Allocation is based on the following principles:

(1)  If you purchased KaloBios stock during the Settlement Class Period, held it as of close of markets on December 16, 2015, and sold it on December 17, 2015, your Recognized Loss will be the difference between the price you paid for your stock and the price you received for it by selling it on December 17, 2015.

(2)  If you purchased KaloBios stock during the Settlement Class Period, held it as of close of markets on December 16, 2015, and also held it until January 13, 2016, your Recognized Loss will be the difference between the price you paid for your stock and either (a) the price you received for it by selling it on January 13, 2016, or (b) if you did not sell your stock on January 13, 2016, the closing price on January 13, 2016.

(3)  As regards the prior-submitted valid and timely Proofs of Claim in the Partial Settlement, they will be re-examined now only to verify that no portion of your Recognized Loss for the current Settlement is based on trades made on November 18, 2015 (the one non-overlapping Settlement Class Period date between the prior Partial Settlement and this Settlement) and, if necessary, to exclude stock purchases made on November 18, 2015 from consideration of the Recognized Loss for this Settlement.

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

1.  The payment you receive will reflect your proportionate share of the Net Settlement Fund.  Such payment will depend on the number of eligible shares of common stock that participate in the Settlement, and when those securities were purchased and sold.  The number of claimants who send in claims varies widely from case to case.

2.  A purchase or sale of KaloBios common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

3.  Acquisition by Gift, Inheritance, or Operation of Law: If a Class Member acquired KaloBios common stock during the Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer.  To the extent that KaloBios common stock was originally purchased prior to commencement of the Settlement Class Period, the Recognized Loss for that acquisition shall be deemed to be zero dollars ($0.00).

4.  Notwithstanding any of the above, receipt of KaloBios common stock during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of KaloBios common stock.

5.  The first-in-first-out ("FIFO") basis will be applied to purchases and sales.  Sales will be matched in chronological order, by trade date, first against the common stock held as of the close of trading on November 18, 2015 (the last day before the Settlement Class Period begins) and then against the purchases during the Settlement Class Period.

6.  The Recognized Loss with respect to a purchase or acquisition of KaloBios common stock is calculated by multiplying the number of shares by the appropriate Recognized Loss per share, as described above.

7.  No Authorized Claimant whose proportionate share of cash distributions from the Net Settlement Fund is less than $10.00 shall receive a distribution from the Settlement Fund.

8.  Settlement Class Members who do not submit a timely request for exclusion and do not submit an acceptable Proof of Claim by the deadline for submitting claims will not share in the recovery, but nevertheless will be bound by the Settlement and the Judgment of the Court dismissing this Action.

9.  Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.

### *DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE*

### SPECIAL NOTICE TO NOMINEES

The Court has ordered that if you held any KaloBios common stock purchased or acquired between November 18, 2015, and December 16, 2015, inclusive, as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such beneficial owners; or (2) provide a list of

the names and addresses of such beneficial owners to the Settlement Administrator:

> *KaloBios Pharmaceuticals, Inc. Securities Litigation*
> c/o Strategic Claims Services
> 600 North Jackson Street, Suite 3
> Media, PA  19063
> Tel:  866-274-4004

If you choose to mail the Notice and Proof of Claim and Release form yourself, you may obtain from the Settlement Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for administrative costs actually incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Settlement Administrator.

DATED: _____, 2018


_____
BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT B-2

*A federal court has authorized this notice. This is not a solicitation from a lawyer.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE KALOBIOS PHARMACEUTICALS, INC. SECURITIES LITIGATION | Case No. 5:15-cv-05841-EJD |
| THIS DOCUMENT RELATES TO ALL ACTIONS | **NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND SETTLEMENT FAIRNESS HEARING** |

## NOTICE OF PENDENCY OF CLASS ACTION

**PLEASE READ THIS NOTICE CAREFULLY.  IF YOU PURCHASED OR OTHERWISE ACQUIRED KALOBIOS PHARMACEUTICALS, INC. ("KALOBIOS") STOCK BETWEEN NOVEMBER 19, 2015 AND DECEMBER 16, 2015, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THIS CASE.**

**YOU ARE HEREBY NOTIFIED** that a proposed settlement (the "Settlement") has been reached in this action (the "Class Action" or "Action"). A hearing will be held on _____, 2018, at __:__ a.m., before the Honorable Edward J. Davila, United States District Judge, at the courthouse for the United States District Court, Northern District of California Courtroom 4, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113.

The purpose of the hearing will be to determine, among other things: (1) whether the proposed Partial Settlement of the Class claims against the Settling Defendant Martin Shkreli for total gross settlement consideration of one million five hundred thousand dollars ($1,500,000.00) (the "Settlement Fund") should be approved as fair, reasonable and adequate; (2) whether the Plan of Allocation is fair and reasonable and should be approved; (3) whether Plaintiffs' application for reimbursement of costs and expenses, Plaintiffs' request for compensatory awards, and Lead Counsel's application for an award of attorneys' fees, all to be paid from the Settlement Fund, should be granted; and (4) whether the Action should be dismissed with prejudice against the Settling Defendant as set forth in the Stipulation of Settlement (the "Stipulation") filed with the Court.

| **Why Am I Receiving this Notice?** |
|---|

This Notice is issued pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California (the "Court"), entered _____, 2018.  The Court has certified a class of investors for settlement purposes only (the "Settlement Class" or "Class").  You are receiving this Notice because you may be a member of the certified Class (a "Settlement Class Member").  If you are a Settlement Class Member, your rights will be affected by this lawsuit. The purpose of this Notice is to inform you of: (a) the existence of this Class Action; (b) the certification of the Settlement Class; and (c) your right to be excluded from the Settlement Class.  If you do not fall within the Settlement Class described below, this Notice does not apply to you.

## Who Is a Class Member?

The proposed Settlement Class will consist of all persons or entities that purchased or otherwise acquired KaloBios common stock between November 19, 2015 and December 16, 2015, both dates inclusive (the "Settlement Class Period"). The Settlement Class excludes the Settling Defendant and his immediate family; the other Released Parties; KaloBios; past and present KaloBios directors, officers, and employees, including former Defendants Ronald Martell ("Martell") and Herb Cross ("Cross"); KaloBios's subsidiaries and affiliates; and members of Shkreli's investor group, who acquired 70% of KaloBios stock entering the Settlement Class Period, and others who acquired KaloBios stock and/or were appointed as KaloBios officers and directors in conjunction with Mr. Shkreli's takeover of the company. Additional details are listed within the Notice, which can be obtained upon request.

## Overview And Status Of The Class Action, Lead Counsel

The case has been litigated since December 18, 2015. Plaintiffs allege that, in violation of the U.S. federal securities laws, KaloBios's stock price was inflated during the Settlement Class Period. Plaintiffs allege that, after an investor group led by Mr. Shkreli assumed control over KaloBios, Defendants made material misrepresentations and omissions, knowingly and recklessly, concerning KaloBios's business operations and prospects and prior misconduct by Defendant Shkreli at other companies. Plaintiffs allege that investors suffered substantial injury after the truth was revealed by Defendant Shkreli's arrest on December 17, 2015. The Settling Defendant denies all of these allegations and all liability arising out of the conduct alleged. Claims against former Defendants KaloBios, Martell, and Cross were already resolved as part of a prior partial settlement of the Action (the "Partial Settlement"). This Settlement with Defendant Shkreli will resolve all remaining claims alleged in the Action. Plaintiffs and the Settlement Class are represented by Lead Counsel in the Class Action: Matthew L. Tuccillo, Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016, (212) 661-1100.

## HOW YOU CAN LEARN MORE ABOUT YOUR RIGHTS

If you purchased or otherwise acquired KaloBios common stock during the Settlement Class Period, your rights may be affected by this Action and the Settlement thereof. You may obtain the detailed Notice of Proposed Settlement of Class Action, Motion For Attorneys' Fees and Expenses, and Settlement Fairness Hearing (the "Notice") and Proof of Claim and Release Form free of charge by contacting the Settlement Administrator via the information set forth below.

If you are a member of the Settlement Class and wish to share in the Settlement proceeds, you must submit a Proof of Claim, postmarked no later than _____, 2018, establishing that you are entitled to recovery. If you have already submitted a valid and timely Proof of Claim as part of the prior Partial Settlement, you do not need to submit any further information to participate in this Settlement. Your prior claim, as long as it was valid and timely, will be used again unless you ask to be excluded from this Settlement. As further described in the Notice, you will be bound by any Judgment entered in the Action, regardless of whether you submit a Proof of Claim, unless you exclude yourself from the Class, in accordance with the procedures set forth in the Notice, postmarked no later than _____, 2018. Any objections to the Settlement, Plan of Allocation or Lead Counsel's application for attorneys' fees and expenses must be filed and served, in accordance with the procedures set forth in the Notice, no later than _____, 2018.

**The Notice, Stipulation of Settlement, and Proof of Claim form can be accessed and downloaded**

**at** www.strategicclaims.net/kalobios**.**

| **The Settlement Administrator** |
|---|

The name and contact information for the Settlement Administrator, from whom you can obtain a copy of the Notice, the Stipulation of Settlement, and the Proof of Claim form, are as follows:

*KaloBios Pharmaceuticals, Inc. Securities Litigation*
c/o Strategic Claims Services
600 North Jackson Street, Suite 3
Media, PA  19063
Telephone (Toll-Free): 866-274-4004
Email: info@strategicclaims.net

Website: www.strategicclaims.net/kalobios

| **Please Retain Your Records And Keep Your Address Current** |
|---|

Settlement Class Members seeking payment pursuant to the Settlement will be required to document their trades in KaloBios common shares during the Settlement Class Period. *For this reason, please be sure to keep all records of your transactions in these securities.*

To ensure you receive any further notices, please inform the Settlement Administrator of any address change.  If this Notice was not sent to your current address, please provide it to the Settlement Administrator now.

| **Notice To Banks, Brokers And Other Nominees** |
|---|

The Court has ordered that if, for the beneficial interest of any other person, you held any KaloBios common shares that were purchased during the Settlement Class Period, then, within ten (10) days after you receive this Notice, you must either:

(A) provide a list of the names and addresses of such beneficial owners to the Settlement Administrator, preferably in an MS Excel data file, or printed on physical mailing labels; or

(B) request sufficient copies of this Notice to send copies to all such beneficial owners, send such Notices by first class mail within ten (10) days after receipt of such copies, and confirm in writing to the Settlement Administrator that such notice has been sent. If you elect this option, you must also retain your mailing records for use in connection with any further notices that may be provided in this Class Action.

Under either option, upon full and timely compliance and submission of appropriate documentation to the Settlement Administrator, per the contact information set forth above, you may obtain reimbursement for the reasonable administrative costs of complying with the obligations above.

Dated: _____, 2018                **By Order of the Court**
                                                     **United States District Court, Northern District of California**


**PLEASE NOTE: INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT, THE
CLERK'S OFFICE, THE DEFENDANTS, OR DEFENDANTS' COUNSEL.**

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE KALOBIOS PHARMACEUTICALS, INC. SECURITIES LITIGATION | : |
| _____ | : Case No. 5:15-cv-05841-EJD |
| THIS DOCUMENT RELATES TO ALL ACTIONS | : |

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF <u>CLASS ACTION AND SETTLEMENT HEARING</u>**

**TO:    ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED KALOBIOS PHARMACEUTICALS, INC. ("KALOBIOS") COMMON STOCK (STOCK SYMBOL: KBIO) BETWEEN NOVEMBER 19, 2015 AND DECEMBER 16, 2015, INCLUSIVE (THE "SETTLEMENT CLASS PERIOD").**

**YOU ARE HEREBY NOTIFIED,** pursuant to Federal Rule of Civil Procedure 23 and an Order of the United States District Court for the Northern District of California, that a proposed settlement has been reached in this action.  A hearing will be held on _____, 2018, at __:__ a.m./p.m., before the Honorable Edward J. Davila, United States District Judge, at the courthouse for the United States District Court, Northern District of California Courtroom 4, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113.

The purpose of the hearing is to determine, among other things: (1) whether the proposed Settlement of the Class' claims against the Settling Defendant Martin Shkreli KaloBios Pharmaceuticals, Inc.'s ("KaloBios") former Chief Executive Officer for a total of consideration of one million five hundred thousand dollars ($1,500,000.00) should be approved as fair, reasonable and adequate; (2) whether the Plan of Allocation is fair and reasonable and should be approved; (3) whether the application by Lead Counsel for an award of attorneys' fees and expenses should be approved; (4) whether Plaintiffs' application for reimbursement of costs and expenses should be granted; (5) whether Plaintiffs' request for a compensatory award should be granted; and (6) whether the Action should be dismissed with prejudice against the Settling Defendant as set forth in the Stipulation and Agreement of Settlement (the "Stipulation") filed with the Court.

Claims against former Defendants KaloBios, Ronald Martell, and Herb Cross were already resolved as part of a partial settlement (the "Partial Settlement") for one million five hundred thousand dollars ($1,500,000.00) and three hundred thousand (300,000) shares in the reorganized, bankruptcy post-exit KaloBios.  Lead Counsel representing Plaintiffs and the Settlement Class is Matthew L. Tuccillo, Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016, (212) 661-1100.

If you purchased or otherwise acquired KaloBios common stock between November 19, 2015 and December 16, 2015, both dates inclusive (the "Settlement Class Period"), your rights may be affected by this Action and the Settlement thereof.  You may obtain the detailed Notice of Proposed Settlement of Class Action, Motion For Attorneys' Fees and Expenses, and Settlement Fairness Hearing (the "Notice") and the Proof of Claim and Release Form free of charge by contacting the Settlement Administrator via the information set forth below.

If you previously submitted a valid and timely Proof of Claim in the Partial Settlement, you do not need to do so again.  Your prior valid and timely Proof of Claim will be used again.  If you are a member of the Settlement Class, have not already submitted a valid and timely Proof of Claim as part of the Partial Settlement, and wish to share in this Settlement proceeds, you must submit a Proof of Claim, postmarked no later than _____, 2018, establishing that you are entitled to recovery.  As further described in the Notice, you will be bound by any Judgment entered in the Action, regardless of whether you submit a Proof of Claim, unless you exclude yourself from the Class, in accordance with the procedures set forth in the Notice, postmarked no later than _____, 2018.  Any objections to the Settlement, Plan of Allocation or Lead Counsel's application for attorneys' fees and expenses must be filed and served, in accordance with the procedures set forth in the Notice, no later than _____, 2018.

The Settlement Class excludes the Settling Defendant and immediate family; Released Parties; past and present KaloBios directors, officers, and employees; KaloBios subsidiaries and affiliates; Defendant Shkreli's investor group who acquired 70% of KaloBios stock entering the Settlement Class Period, and others who acquired KaloBios stock and/or were appointed as KaloBios officers and directors in conjunction with Mr. Shkreli's takeover of the company.  Additional details are listed in the Notice and the Stipulation, which can be obtained upon request.

Please direct inquiries, including requests for copies of the Notice, the Stipulation, and the Proof of Claim, to the Settlement Administrator:

*KaloBios Pharmaceuticals, Inc. Securities Litigation*
c/o Strategic Claims Services
600 North Jackson Street, Suite 3
Media, PA  19063
Tel:  866-274-4004
Email:  info@strategicclaims.net
www.strategicclaims.net/kalobios

**INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT, THE CLERK'S OFFICE, THE DEFENDANT, OR DEFENDANT'S COUNSEL**

DATED:  , 2018                    BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

|  |  |  |
|---|---|---|
| | **:** | |
| | **:** | |
| IN RE KALOBIOS PHARMACEUTICALS, | **:** | Case No. 5:15-cv-05841-EJD |
| INC. SECURITIES LITIGATION | **:** | |
| _____ | **:** | **CLASS ACTION** |
| | **:** | |
| THIS DOCUMENT RELATES TO ALL | **:** | |
| ACTIONS | **:** | |
| | **:** | |
| | **:** | |

**PROOF OF CLAIM AND RELEASE FORM**

**A. GENERAL INSTRUCTIONS & INFORMATION**

    1.    You are urged to read carefully the accompanying Notice of Pendency and Settlement of Class Action (the "Notice").  All capitalized terms used herein shall have the same meaning as defined in the Notice.

    2.    If you have already submitted a valid and timely Proof of Claim and Release Form ("Proof of Claim") for the prior Partial Settlement in this Action with former Defendants KaloBios, Ronald Martell, and Herb Cross, you need not submit this form and your previous Proof of Claim will be used.  If you have not previously submitted a valid and timely Proof of Claim in this Action, and you wish to file a claim and recover under the Settlement of this Action, you must submit this Proof of Claim.  However, filing a Proof of Claim is not a guarantee that you will share in the proceeds of the Settlement in the Action.

    **3.    You must mail your completed and signed Proof Of Claim postmarked on or before _____, 2018, addressed to the Settlement Administrator at:**

***KaloBios Pharmaceuticals, Inc. Securities Litigation***
c/o Strategic Claims Services
600 North Jackson Street, Suite 3
Media, PA  19063
Tel:  866-274-4004
Email:  info@strategicclaims.net

    4.    If you are a member of the Settlement Class and you do not timely request exclusion, you will be bound by the terms of any judgment entered in the Action.

    5.    If you are **not** a member of the Settlement Class, **do not** submit a Proof of Claim.

    **6.    For help completing this Proof of Claim, please contact the Settlement Administrator.**

**B. INSTRUCTIONS FOR FILLING OUT THE PROOF OF CLAIM FORM**

**Important additional information regarding the Settlement and this Proof of Claim is contained in the Notice posted on the Settlement Administrator's website, www.strategicclaims.net/kalobios.  Please refer to the Plan of Allocation set forth in the Notice for a detailed explanation of how a Claimant's Recognized Loss will be calculated.**

1.   In order to be eligible to participate in the distribution of the Net Settlement Fund, a claimant ("Claimant") must have purchased or otherwise acquired KaloBios Pharmaceuticals, Inc. ("KaloBios") common stock during the period between November 19, 2015 and December 16, 2015, inclusive (the "Settlement Class Period").

2.   The submission of a Proof of Claim does not ensure that your claim will be upheld or that you will share in any recovery. All claims are subject to verification and investigation. You may be requested to provide further information.

3.   All claims must be made by persons or entities who were beneficial owners (as opposed to record holders or nominees) of shares of KaloBios common stock. (Brokerage firms, banks and other nominees are requested to transmit copies of the Notice and Proof of Claim to their present or former customers who were such beneficial owners.) If shares of KaloBios common stock were owned jointly, all joint owners must complete and sign the Proof of Claim.

4.   Executors, administrators, guardians, conservators and trustees may complete and sign the Proof of Claim on behalf of persons or entities represented by them, but they must identify such persons or entities and provide proof of their authority (*e.g.,* powers of attorney or currently effective letters testamentary or letters of administration) to do so.

5. You must file a separate Proof of Claim for each differently named account or ownership, such as an individual account, an IRA account, a joint account, or a custodial account, etc. Joint tenants, co-owners, or custodians UGMA should file a single claim. Claimants who file one or more claims (*e.g.,* one in Claimant's name and one for an IRA or joint ownership) must identify the other claims filed.

6.   The date of purchase and/or sale of shares of KaloBios common stock is the "trade" date and not the "settlement" date.

7.   The first-in, first-out basis ("FIFO") will be applied to both purchases and sales.

8.   Exercise of option contracts will be considered to be purchases or sales of common stock. Option premiums will be incorporated into the purchase/sale price of the common stock accordingly.

9.   The date of covering a "short sale" is deemed to be the date of purchase of KaloBios common stock; and the date of a "share sale" is deemed to be the date of sale of KaloBios common stock. Shares originally sold short will have a Recognized Loss of zero.

10. No cash payment will be made on a claim where the potential distribution is less than ten dollars ($10.00).

11. You must attach to your claim form **copies** of brokerage confirmations, monthly statements or other documentation of your transactions in KaloBios common stock in order for your claim to be valid. If such documents are not available, a complete list of acceptable supporting documentation can be found on the Settlement Administrator's website: www.strategicclaims.net (click on "Cases" and then click on "KaloBios Pharmaceuticals, Inc. Securities Litigation").  Failure to provide this documentation could delay verification of your claim or could result in rejection of your claim.

12. If your trading activity during the Settlement Class Period exceeds 50 transactions, you must provide all purchase and sale information required in the Schedule of Transactions in an electronic file. For a copy of instructions and the parameters concerning an electronic submission, contact the Settlement Administrator by phone: 866-274-4004; or via the website: www.strategicclaims.net.

14. If you have questions or need additional Proofs of Claim, contact the Settlement Administrator via the information in the preceding paragraph.  You may make photocopies of this form.

*KaloBios Pharmaceuticals, Inc. Securities Litigation*

## <u>PROOF OF CLAIM</u>

***The Settlement Administrator must receive this form postmarked no later than _____, 2018.***

### <u>C</u>. <u>CLAIMANT IDENTIFICATION</u> *(Please Type or Print)*

_____
Beneficial Owner's Name *(as it appears on your brokerage statement)*

_____
Joint Beneficial Owner's Name *(as it appears on your brokerage statement)*

_____
Street Address

_____     _____     _____
City                                                                State                            Zip Code

_____     _____
Foreign Province / Country                          Social Security or Taxpayer Identification Number

Specify <u>one</u> of the following:

□ Individual(s)          □ Corporation          □ UGMA Custodian          □ IRA

□ Partnership          □ Estate          □ Trust          □ Other: _____

_____     _____ (Day) _____     _____(Evening)
Area Code          Telephone Number                          Area Code          Telephone Number

_____     _____
Facsimile Number                                      E-Mail Address

_____
Record Owner's Name and Address *(if different from beneficial owner listed above)*

_____

**D. SCHEDULE OF TRANSACTIONS IN KALOBIOS COMMON STOCK**

1. State the total number of shares of KaloBios common stock owned at the close of trading on November 18, 2015, long or short *(if none, enter "0"; if other than zero, must be documented)*:

2. Separately list each and every **purchase** of KaloBios common stock during the period November 19, 2015 **through** December 16, 2015, inclusive, and provide the following information *(must be documented)*:

| Purchase Date *(list chronologically)* Month/Day/Year | Number of Shares Purchased | Price Per Share *(excluding commissions, taxes, and other fees)* | Total Purchase Price *(excluding commissions, taxes, and other fees)* |
|---|---|---|---|
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |

3. Separately list each and every **sale** of KaloBios common stock during the period November 19, 2015 **through** December 16, 2015, inclusive, and provide the following information *(must be documented)*:

| Sale Date *(list chronologically)* Month/Day/Year | Number of Shares Sold | Price Per Share *(excluding commissions, taxes, and other fees)* | Total Sale Price *(excluding commissions, taxes, and other fees)* |
|---|---|---|---|
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |

4. State the total number of shares of KaloBios common stock owned at the close of trading on December 16, 2015, long or short *(if none, enter "0"; if other than zero, must be documented)*:

**If you need additional space, attach the required information on separate, numbered sheets in the same format as above and print your name and Social Security or Taxpayer Identification number at the top of each additional sheet.**

**YOU MUST ALSO READ THE RELEASE AND SIGN THE CERTIFICATION OR THE W-8 CERTIFICATION BELOW**

## E.  SUBMISSION TO JURISDICTION OF THE COURT

By submitting this Proof of Claim Form and Release, I/we, and every Settlement Class Member I/we represent, submit to the jurisdiction of the United States District Court for the Northern District of California for purposes of this Action and the Settlement of the Action, as reflected in the Stipulation of Settlement (the "Stipulation"). I/We further agree to be bound by the orders of the Court, agree that this Proof of Claim Form, my/our status or the status of the Settlement Class member I/we represent as a Claimant, and the allowable amount of this claim will be subject to review and further inquiry, and that I/we will furnish such additional documentation with respect to this Proof of Claim as may be required.


## F.  RELEASE

1.      By signing this Proof of Claim Form and Release, and in consideration of the establishment of the Settlement Consideration, as of the effective date thereof, the undersigned claimant ("Claimant") hereby releases and forever discharges (a) Settling Defendant Martin Shkreli; (b) Shkreli's immediate family members, his successors and assigns, and his insurers (altogether the "Released Parties"), from any and all claims, both known and Unknown Claims, alleged or which could have been alleged or pled or which could have been pled in the Action against the Settling Defendant or any of the Released Parties, for any alleged injury to a Settlement Class Member arising from the facts and circumstances at issue in the Action or related in any way to Shkreli's tenure at KaloBios, alleged misstatements or omissions made by Shkreli, and transactions by any Settlement Class Member in KaloBios stock, whether known or Unknown Claims, whether direct or for indemnification, contribution or otherwise, and whether arising under state, federal, or common law, and including any claim for recovery of liability to the Settlement Class or its members for any costs, expenses or attorneys' fees, but excepting claims to enforce this Settlement (the "Settlement Class Claims").

2.      Conversely, the Settling Defendant  hereby releases and forever discharges any and all actual and potential claims, counterclaims, and bases for relief, whether known or Unknown Claims, that the Settling Defendant could have raised in the Action against the Plaintiffs or Lead Counsel including but not limited to claims arising under Fed. R. Civ. P. 11 or any other claims seeking reimbursement of costs, expenses, or attorneys' fees, but excepting claims to enforce this Settlement. (the "Defendant Claims").

3.      For purposes of these release provisions, "Unknown Claims" means (i) any and all Settlement Class Claims that a Claimant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties and the Settling Defendant, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement; and (ii) and any and all Defendant Claims that theSettling Defendant does not know or suspect to exist in his favor, which if known by him might have affected his decision(s) with respect to the Settlement.  With respect to the Settled Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Plaintiffs and the Settling Defendant shall expressly waive, and each Settlement Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or principle of common law, that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Settling Parties acknowledge, and Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settlement Class Claims and Defendant Claims was separately bargained for and was a key element of the Settlement.

**G. REPRESENTATIONS**

I/We acknowledge that I/we have read the Notice of Proposed Settlement of Class, and that pursuant thereto I/we file this claim to participate in the Settlement.

I/We hereby warrant and represent that neither I/we, nor any person I/we represent, is a Defendant (as defined in the Notice) with respect to any of the claims asserted in the Litigation, a member of the immediate family of any of the Defendants, or anyone excluded from the Settlement Class as it is defined in the Stipulation, or a person or entity who has requested exclusion from the Class.

I/We hereby warrant and represent that I am/we are authorized to execute and deliver this Proof of Claim Form and Release.

**H. CERTIFICATION**

I/We certify that I am/we are not subject to backup withholding. **(If you have been notified by the IRS that you are subject to backup withholding, strike out the previous sentence.).**

**I/We certify that I/we purchased or otherwise acquired the KaloBios common stock listed in the above Schedule during the period between November 19, 2015 and December 16, 2015, inclusive.**

I/We declare and affirm under penalties of perjury that the foregoing information and the documents attached hereto, including the Social Security or Taxpayer Identification Number shown on this Proof of Claim, are true, correct and complete to the best of my/our knowledge, information and belief, and that this Proof of Claim was executed this _____ day of _____, 2018  in:

_____

(City)                             (State/Country)


_____          _____

Signature of Claimant                              Signature of Joint Claimant, if any


_____          _____

(Print your name here)                             (Print your name here)


_____

Signature of Person signing on behalf of
Claimant


_____

(Print your name here)


_____

Capacity of person signing on behalf of
Claimant, if other than an individual,
(Executor, President, Custodian, etc.)

**SUBSTITUTE FORM W-8:** IF YOU ARE NOT A RESIDENT OR CITIZEN OF THE UNITED STATES, COMPLETE THE FOLLOWING:

Permanent residence (principal office if a corporation)

If your claim is connected with a trade or business conducted in the U.S., please provide the name and address of your U.S. business, the type of business, and the Federal Tax Identification Number of the U.S. business.

_____
Name of U.S. Business

_____
Address of U.S. Business

_____        _____
Type of Business                                                    Tax Identification Number

    **W-8 Certification:** Under the penalties of perjury, I certify that the information provided above is true, correct and complete.

    Signature(s) _____        Date: _____

                  _____        Date: _____

_____


**THIS SPACE INTENTIONALLY LEFT BLANK**

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT
AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

**Reminder Checklist:**

1.  Remember to sign the above Release and Certification (or W-8 Certification).

2.  Remember to attach only **copies** of acceptable supporting documentation, a complete list of which can be found on the Claims Administrator's website at www.strategicclaims.net.

3.  Do not send originals of securities certificates.

4.  Keep copies of the completed claim form and documentation for your own records.

5.  If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested, or its equivalent. **You will bear all risks of delay or non-delivery of your claim.**

6.  If your address changes in the future, or if these documents were sent to an old or incorrect address, please send us **written** notification of your new address.

If you have questions or concerns regarding your claim, please contact the Claims Administrator at:

*KaloBios Pharmaceuticals, Inc. Securities Litigation*
c/o Strategic Claims Services
600 North Jackson Street, Suite 3
Media, PA  19063
Tel:  866-274-4004