Jennifer Pafiti (SBN 282790)
**POMERANTZ LLP**
468 North Camden Drive
Beverly Hills, CA 90210
Telephone:  (818) 532-6449
Email:  jpafiti@pomlaw.com

Marc I. Gross
Jeremy A. Lieberman
Matthew L. Tuccillo
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: migross@pomlaw.com
jalieberman@pomlaw.com
mltuccillo@pomlaw.com

*Counsel for Plaintiffs and*
*Proposed Lead Counsel for the Settlement Class*
[Additional Counsel Listed On Signature Page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE KALOBIOS PHARMACEUTICALS, INC. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 5:15-cv-05841-EJD<br><br>CLASS ACTION<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS FOR PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    August 2, 2018<br>Time:    9:00 a.m.<br>Ctrm:    4, 5th Floor<br>Judge:   Hon. Edward J. Davila |

## NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS

**PLEASE TAKE NOTICE** that, pursuant to the Court's April 2, 2018 Amended Order Granting Preliminary Approval of Settlement (Dkt. No. 129) ("Preliminary Approval Order"), on August 2, 2018 at 9:00 a.m., at the United States Court, Northern District of California, Courtroom 4, 5th Floor, San Jose Courthouse, 280 South 1st Street, San Jose, California 95113, before the Honorable Edward J. Davila, Lead Plaintiffs Kaniz Fatema, Zeke Ingram, Bhaskar R. Gudlavenkatasiva, and Abuhena M. Saifulislam and Plaintiff Austin Isensee (altogether, "Plaintiffs") will move for an order awarding attorneys' fees and authorizing reimbursement of expenses, payable to Lead Counsel for distribution, in Lead Counsel's discretion, among Lead Counsel and other Plaintiffs' Counsel, and for compensatory awards to the Plaintiffs.[1]

The requested award of attorneys' fees, reimbursement of expenses, and Plaintiff compensatory awards are warranted under the criteria applicable to common fund and PSLRA settlements. This Motion is supported by the papers submitted herewith, including: Plaintiffs' Memorandum of Points and Authorities, *infra*; the Declaration of Matthew L. Tuccillo, Esq. ("Tuccillo Dec.") and supporting exhibits; the Declaration of Lionel Z. Glancy, Esq. ("Glancy Dec.") and supporting exhibits; the Declaration of William B. Federman, Esq. ("Federman Dec.") and supporting exhibits; Declaration of Sarah Evans ("Evans Dec.") and supporting exhibits; the Declarations of Kaniz Fatema ("Fatema Dec."), Zeke Ingram ("Ingram Dec."), Bhaskar R. Gudlavenkatasiva ("Gudlavenkatasiva Dec."), Abuhena M. Saifulislam ("Saifulislam Dec."), and Austin Isensee ("Isensee Dec."); the Stipulation and Agreement of Settlement dated March 21, 2018 (Dkt. No. 125-1) ("Stipulation") and its exhibits; the other filings in this Action; and such other and further representations as Lead Counsel may make during the hearing on this matter.

---

[1] Along with Lead Counsel Pomerantz LLP ("Pomerantz" or "Lead Counsel"), the other Plaintiffs' counsel that worked on this matter, under the supervision of Lead Counsel, were Glancy Prongay & Murray LLP ("Glancy") and Federman & Sherwood ("Federman"). Together, Lead Counsel, Glancy, and Federman are referred to herein as "Counsel" or "Plaintiffs' Counsel."

MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS FOR PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – Case No. 5:15-cv-05841-EJD

i

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether Lead Counsel's request for an award of attorneys' fees and expenses, payable to Lead Counsel from the settlement fund for distribution in Lead Counsel's discretion among Plaintiffs' Counsel, should be granted.

2.      Whether Plaintiffs' Counsel's expenses were reasonable and necessarily incurred to achieve the benefit obtained and should be reimbursed from the settlement fund.

3.      Whether Plaintiffs' requests for $500.00 each ($2,500.00 total) in reimbursement for their time, costs, and expenses directly relating to their representation of the Settlement Class should be granted and paid from the settlement fund.

MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS FOR PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – Case No. 5:15-cv-05841-EJD

ii

# TABLE OF CONTENTS

**Page(s)**

I.    INTRODUCTION ................................................................................................ 1

II.   BACKGROUND ................................................................................................. 3

    A.   Factual Allegations, Procedural History, And Settlement Negotiations ................... 3

    B.   Lead Counsel's Specific Efforts ................................................................. 3

III.  ARGUMENT ...................................................................................................... 4

    A.   Reasonable Percentage Of The "Common Fund" Recovered Is An Appropriate Approach To Awarding Attorneys' Fees ................................................................. 4

    B.   The Ninth Circuit's 25% Benchmark Award Is Reasonable In This Action ........... 6

        1.   Lead Counsel Achieved A Favorable Result For The Settlement Class ....... 7

        2.   This Action Entailed Significant Risks ......................................................... 9

        3.   Counsel's Fee Was Contingent And Carried A Financial Burden ............. 10

        4.   Plaintiffs' Counsel Devoted Exceptional Skill And Quality Of Work ....... 11

        5.   The Negative Lodestar Multiple Amply Supports The Fee Request .......... 13

        6.   The Reaction To The Fee Request Was Overwhelmingly Positive ........... 14

    C.   Plaintiffs' Counsel's Expenses Were Reasonable And Necessary ......................... 15

    D.   The Requested Compensatory Awards To Plaintiffs Should Be Approved ........... 16

IV.   CONCLUSION ................................................................................................. 17

MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY
AWARDS FOR PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
– Case No. 5:15-cv-05841-EJD

iii

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Alvarado v. Nederend,*
No. 08-cv-01099 OWW DLB, 2011 WL 1883188 (E.D. Cal. Jan. May 17,
2011)..................................................................................................................15

*Anixter v. Home-Stake Prod. Co.,*
77 F.3d 1215 (10th Cir. 1996)...........................................................................11

*Backman v. Polaroid Corp.,*
910 F.2d 10 (1st Cir. 1990).  ..............................................................................11

*Bateman Eichler, Hill Richards, Inc., v. Berner,*
472 U.S. 299 (1985) ..............................................................................................6

*Behrens v. Wometco Enters., Inc.,*
118 F.R.D. 534 (S.D. Fla. 1988), *aff'd,* 899 F.2d 21 (11th Cir. 1990)....................12

*Bellinghausen v. Tractor Supply Co.,*
306 F.R.D. 245 (N.D. Cal. 2015) .........................................................................6

*Berkey Photo, Inc. v. Eastman Kodak Co.,*
603 F.2d 263 (2d Cir. 1979)...............................................................................11

*Blum v. Stenson,*
465 U.S. 886 (1984). ............................................................................................4

*Boeing Co. v. Van Gemert,*
444 U.S. 472 (1980) ..............................................................................................4

*Bond v. Ferguson Enters., Inc.,*
No. 09-cv-1662 OWW MJS, 2011 WL 2648879 (E.D. Cal. June 30, 2011).............8

*Buccellato v. AT&T Operations, Inc.,*
No. C10-00463-LHK, 2011 WL 4526673 (N.D. Cal. June 30, 2011) ....................17

*Craft v. Cty. of San Bernardino,*
624 F. Supp. 2d 1113 (C.D. Cal. 2008)................................................................8

*Cullen v. Whitman Med. Corp.,*
197 F.R.D. 136 (E.D. Pa. 2000) ........................................................................15

*Destefano v. Zynga, Inc.,*
No. 12-CV-04007-JSC, 2016 WL 537946 (N.D. Cal. Feb. 11, 2016)...................14

MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY
AWARDS FOR PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
– Case No. 5:15-cv-05841-EJD

iv

*Gunter v. Ridgewood Energy Corp.*,
   223 F.3d 190 (3d Cir. 2000) ...................................................................................12

*Harris v. Marhoefer*,
   24 F.3d 16 (9th Cir. 1994) .....................................................................................15

*Hubbard v. BankAtlantic Bancorp, Inc.*,
   688 F.3d 713 (11th Cir. 2012) ...............................................................................11

*In re Activision Sec. Litig.*,
   723 F. Supp. 1373 (N.D. Cal. 1989) ....................................................................5, 6

*In re Am. Apparel, Inc. S'holder Litig.*,
   No. 10-cv-06352-MMM-JCGx, 2014 WL 10212865 (C.D. Cal. July 28, 2014) .................5, 12

*In re Bluetooth Headset Prods. Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011) ...............................................................................5, 6

*In re BP p.l.c. Sec. Litig.*,
   852 F. Supp. 2d 767 (S.D. Tex. 2012) ....................................................................9

*In re Businessland Sec. Litig.*,
   No. C-90-20476-RFP, 1991 WL 427887 (N.D. Cal. June 14, 1991).........................15

*In re Equity Funding Corp. of Am. Sec. Litig.*,
   438 F. Supp. 1303 (C.D. Cal. 1977)........................................................................13

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
   No. 02-cv-3400 (CM) (PED), 2010 WL 4537550 (S.D.N.Y. Nov. 8, 2010).............................9

*In re Gen. Instrument Sec. Litig.*,
   209 F. Supp. 2d 423 (E.D. Pa. 2001) .....................................................................12

*In re Giant Interactive Grp., Inc. Sec. Litig.*,
   279 F.R.D. 151 (S.D.N.Y. 2011)..............................................................................17

*In re Heritage Bond Litig.*,
   233 F. App'x 627 (9th Cir. 2007)........................................................................4, 12

*In re Heritage Bond Litig.*,
   No. 02-ML-1475 DT, 2005 WL 1594403 (C.D. Cal. June 10, 2005)...................8, 11

*In re Heritage Bond Litig.*,
   No. 02-ML-1475-DT, 2005 WL 1594389 (C.D. Cal. June 10, 2005) ..................9, 15

*In re Ikon Office Solutions, Inc. Sec. Litig.*,
   194 F.R.D. 166 (E.D. Pa. 2000) ...............................................................................9

*In re Immune Response Sec. Litig.*,
   497 F. Supp. 2d 1166 (S.D. Cal. 2007) .................................................................7, 11

MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY
AWARDS FOR PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
– Case No. 5:15-cv-05841-EJD

v

*In re JDS Uniphase Corp. Sec. Litig.*,
  No. C-02-1486-CW-EDL, 2007 WL 4788556 (N.D. Cal. Nov. 27, 2007)..............................11

*In re Linkedin User Privacy Litig.*,
  309 F.R.D. 573 (N.D. Cal. 2015) ..................................................................................16

*In re Magsafe Apple Power Adapter Litig.*,
  No. 09-CV-01911-EJD, 2015 WL 428105 (N.D. Cal. Jan. 30, 2015) ...............................15

*In re Mego Fin. Corp. Sec. Litig.*,
  213 F.3d 454 (9th Cir. 2000)..........................................................................................16

*In re OmniVision Techs., Inc.*,
  559 F. Supp. 2d 1036 (N.D. Cal. 2008) ..............................................................5, 8, 9, 11

*In re Pac. Enters. Sec. Litig.*,
  47 F.3d 373 (9th Cir. 1995).............................................................................................8

*In re Pub. Serv. Co. of N. M.*,
  No. 91-0536M, 1992 WL 278452 (S.D. Cal. July 28, 1992)..........................................12

*In re Rite Aid Corp. Sec. Litig.*,
  396 F.3d 294 (3d Cir. 2005), *as amended* (Feb. 25, 2005) ............................................5

*In re Veritas Software Corp. Sec. Litig.*,
  396 F. App'x 815 (3d Cir. 2010)....................................................................................17

*In re Warner Commc'ns Sec. Litig.*,
  618 F. Supp. 735 (S.D.N.Y. 1985), *aff'd,* 798 F.2d 35 (2d. Cir. 1986) ........................13

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
  19 F.3d 1291 (9th Cir. 1994)...................................................................................5, 9, 10

*In re Xcel Energy, Inc., Sec., Derivative & ''ERISA'' Litig.*,
  364 F. Supp. 2d 980 (D. Minn. 2005) ............................................................................17

*Knight v. Red Door Salons, Inc.*,
  No. 08-01520 SC, 2009 WL 248367 (N.D. Cal. Feb. 2, 2009)..................................6, 11

*Milligan v. Toyota Motor Sales, U.S.A., Inc.*,
  No. C 09-05418 RS, 2012 WL 10277179 (N.D. Cal. Jan. 6, 2012)...............................15

*Patel v. Axesstel, Inc.*,
  No. 14-CV-1037-CAB-BGS, 2015 WL 6458073 (S.D. Cal. Oct. 23, 2015)....................8

*Paul, Johnson, Alston & Hunt v. Graulty*,
  886 F.2d 268 (9th Cir. 1989)...........................................................................................5

*Powers v. Eichen*,
  229 F.3d 1249 (9th Cir. 2000)..........................................................................................6

MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY
AWARDS FOR PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
– Case No. 5:15-cv-05841-EJD

vi

*Six (6) Mexican Workers v. Ariz. Citrus Growers*,
    904 F.2d 1301 (9th Cir. 1990) ........................................................................5

*Stanger v. China Elec. Motor, Inc.*,
    812 F.3d 734 (9th Cir. 2016) ...................................................................10, 13

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ......................................................................16

*Tellabs, Inc., v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007) ..................................................................................6

*Torrisi v. Tucson Elec. Power Co.*,
    8 F.3d 1370 (9th Cir. 1993) ........................................................................5

*Van Vranken v. Atl. Richfield Co.*,
    901 F. Supp. 294 (N.D. Cal. 1995) ..........................................................8, 14

*Vincent v. Hughes Air W., Inc.*,
    557 F.2d 759 (9th Cir. 1977) ......................................................................4

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) ..............................................5, 6, 7, 9, 10, 11, 13, 14

**Statutes**

15 U.S.C.A. § 77z-1(a)(6) ...............................................................................5

15 U.S.C.A. § 78u-4 ...................................................................................4, 5

**Rules**

Fed. R. Civ. P. 23 ......................................................................................1, 4

**Other Authorities**

Richard Posner, *Economic Analysis of Law*, § 21.9 (3d ed. 1986) .................................10

NERA Economic Consulting, *Recent Trends in Securities Class Action Litigation:*
    *2017 Full-Year Review* (Jan. 29, 2018) ....................................................7, 8

MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY
AWARDS FOR PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
– Case No. 5:15-cv-05841-EJD

vii

### MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Fed. R. Civ. P. 23(e), Plaintiffs, individually and on behalf of all other Settlement Class Members, respectfully move this Court for an Order awarding the following: (1) 25% of the $1,500,000.00 Settlement Fund as attorneys' fees, or attorneys' fees of $375,000.00; (2) reimbursement of $19,041.70 in reasonable and necessary expenses incurred in prosecuting this Action; and (3) compensatory awards of $500.00 for each Plaintiff, or $2,500.00 in total.[2]

## I.     INTRODUCTION

Under the direction of Lead Counsel Pomerantz LLP, all Plaintiffs' Counsel undertook the prosecution of this Action on a wholly contingency-fee basis, and since the litigation's inception, have spent 1,757.05 hours in the aggregate, worth a total of $1,176,579.50 in lodestar, while fronting out-of-pocket expenses totaling $45,165.72.  Their efforts resulted in the present Settlement of $1,500,000.00 in cash to resolve all remaining claims in this Action as to the last remaining Defendant, Martin Shkreli ("Shkreli").  This Settlement is in addition to the previous partial settlement (the "Partial Settlement") of $1,500,000.00 in cash plus 300,000 shares in the reorganized, post-bankruptcy-exit company secured from Defendants KaloBios Pharmaceuticals, Inc. ("KaloBios"), Ronald Martell, and Herb Cross, which this Court approved on July 24, 2017 in a Revised Order and Final Judgment (Dkt. No. 101) ("First Final Approval Order").  Altogether, both settlements represent an aggregate gross recovery of $3,254,722.73 (inclusive of $254,722.73 in proceeds from the sale of the 300,000 shares from the prior partial settlement).  This total recovery represents 16.3% of the $20 million proof of claim that Plaintiffs filed in KaloBios's bankruptcy, an outstanding recovery rate given the substantial recoverability risks posed by both company's bankruptcy and Shkreli's criminal conviction.

In its First Final Approval Order approving the Partial Settlement, the Court awarded attorneys' fees of $375,000.00 plus 75,000 company shares (later sold for $63,680.68), granted

---

[2]     Unless otherwise stated, all capitalized terms used herein have the same definitions as assigned in the Stipulation and Agreement of Settlement, dated March 21, 2018 (Docket ("Dkt.") No. 125-1) ("Stipulation").    All "Dkt." references are to the docket in *In re KaloBios Pharmaceuticals, Inc.*, No. 5:15-cv-05841-EJD (N.D. Cal.) ("Action").

MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS FOR PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – Case No. 5:15-cv-05841-EJD

1

1  reimbursement of $26,124.02 in expenses, and awarded the Plaintiffs $500 apiece in compensation

2  for their work on the litigation to that point.

3      However, the litigation against Defendant Shkreli continued, including, *inter alia*, the

4  preparation and filing of multiple amended complaints, the briefing of multiple motions to dismiss

5  and the conduct of oral argument on one of them, and the conduct of a mediation session with an

6  experienced mediator.   Plaintiffs' Counsel have incurred a total of 596.5 hours in previously

7  unreported, additional time, worth a total of $377,634.50 in lodestar, while fronting additional,

8  previously unreported, out-of-pocket expenses totaling $19,041.70.   For that reason, Plaintiffs and

9  Lead Counsel are pursuing this Motion.   As reasonable additional compensation, Lead Counsel

10  respectfully requests an award of 25% of the current $1.5 million Settlement Fund, or $375,000 in

11  attorneys' fees.   This award is within the typical range for similar cases in the Ninth Circuit and

12  represents the benchmark often invoked.   The lode-star cross-check also supports the award, as a

13  negative multiplier results either when the post-Partial-Settlement-only lodestar ($377,634.50) is

14  compared against the currently-requested $375,000 award or when the total aggregate lodestar to

15  date ($1,176,579.50) is compared against the total fee awards from both settlements assuming this

16  Fee Motion is granted ($813,680.68).   Lead Counsel also respectfully requests reimbursement of

17  those out-of-pocket expenses as-yet unsubmitted and unreimbursed, totaling $19,041.70, much of

18  which were the costs of the mediation with Defendant Shkreli and all of which were reasonable,

19  necessary, and the kind of expenses regularly reimbursed by courts.    Plaintiffs also seek

20  supplemental compensatory awards of $500 each ($2,500 total) for their personal time and effort

21  dedicated to prosecuting and resolving this Action against Defendant Shkreli.

22      Pursuant to the Court's Preliminary Approval Order, copies of the Court-approved Short-

23  Form Notice were sent to 21,491 potential Settlement Class Members and nominees directing

24  recipients to the Claims Administrator's website, which posted the Long-Form Notice disclosing

25  that Lead Counsel would seek an award of 25% of the Settlement Fund in attorneys' fees, litigation

26  expenses not to exceed $50,000 (significantly higher than the actual request), and Plaintiff

27  compensatory awards of $500 each.   *See* Evans Dec. ¶¶7, 10.   To date, ***zero*** Settlement Class

28  Members objected to any of these requests or sought to be excluded from the Settlement.   This

favorable response by the Settlement Class also strongly supports the reasonableness of the requested attorneys' fee award, reimbursement of expenses, and Plaintiff compensatory awards.

For all these reasons, as discussed in greater detail below, Plaintiffs and Lead Counsel respectfully request that the Court grant this Motion.

## II.   BACKGROUND

### A.   Factual Allegations, Procedural History, And Settlement Negotiations

A recitation of relevant facts, procedural history, and the settlement process is detailed in Plaintiffs' Memorandum in support of final approval of the Settlement, filed concurrently herewith ("Final Approval Memo") and the accompanying Tuccillo Dec.  *See* Final Approval Memo, at 1-4; Tuccillo Dec. ¶¶4-18, 24.

### B.   Lead Counsel's Specific Efforts

To successfully prosecute this Action to the point of the Settlement, Lead Counsel expended substantial time and resources on the following necessary steps, among others:

- Analyzing KaloBios's public filings, annual reports, press releases, transcripts of earnings calls and industry and investment conferences, and other public statements;

- Collecting and reviewing a comprehensive compilation of analyst reports and major financial news service reports on KaloBios;

- Reviewing and analyzing stock trading data relating to KaloBios;

- Investigating Shkreli's practices and histories at previous companies;

- Analyzing the indictments and SEC complaints against Defendant Shkreli regarding his allegedly fraudulent conduct at his prior business ventures;

- Monitoring news coverage and reviewing and analyzing trial transcripts, witness statements, and other evidence presented during Shkreli's criminal trial;

- Hiring a private investigator to locate and interview numerous confidential witnesses with knowledge of the events relevant to the allegations in the Action;

- Analyzing the law applicable to the parties' claims and defenses;

- Drafting initial and multiple amended complaints;

- Briefing multiple motions to dismiss and presenting oral argument on one of them;

- Consulting with a damages consultant in the areas of loss causation, market efficiency, and damages;

MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS FOR PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – Case No. 5:15-cv-05841-EJD

3

- Participating in a mediation session with Shkreli's counsel, including preparing and submitting a detailed mediation statement;

- Negotiating and memorializing the terms of the MOU;

- Negotiating and memorializing the terms of the Stipulation and its exhibits;

- Preparing the Settlement motion papers and related documents necessary to provide notice of the Settlement to Settlement Class Members and to obtain preliminary and final approval of the Settlement;

- Obtaining competing bids for claims-administration work related to the Settlement before selecting the most competitive bidder to serve as Claims Administrator;

- Securing the services of the Escrow Agent, executing a contract for such service, and creating the Settlement Escrow Account;

- Participating in approval hearings regarding the sufficiency of the Settlement; and

- Handling inquiries from Settlement Class Members regarding the Settlement.

*See* Tuccillo Dec. ¶24.

## III.    ARGUMENT

### A.    Reasonable Percentage Of The "Common Fund" Recovered Is An Appropriate Approach To Awarding Attorneys' Fees

It is well-settled that "a private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees." *Vincent v. Hughes Air W., Inc.,* 557 F.2d 759, 769 (9th Cir. 1977); *see also Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("[The Supreme Court] has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.").  The PSLRA, the Federal Rules of Civil Procedure, and Ninth Circuit precedent all contemplate an award of "reasonable" attorneys' fees.  *See* 15 U.S.C. § 78u-4(b); Fed. R. Civ. P. 23(h); *In re Heritage Bond Litig.*, 233 F. App'x 627, 631 (9th Cir. 2007).

Binding precedent clearly supports Plaintiffs' request for a percentage of the settlement fund. In *Blum v. Stenson*, the Supreme Court recognized that under the "common fund doctrine[,]" a reasonable fee may be based "on a percentage of the fund bestowed on the class."  465 U.S. 886, 900 n.16 (1984).  The doctrine's intent is that "those who benefit from the creation of a fund should

MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS FOR PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – Case No. 5:15-cv-05841-EJD

4

1  share the wealth with the lawyers whose skill and effort helped create it." *In re Wash. Pub. Power*

2  *Supply Sys. Sec. Litig.* ("*WPPSS*"), 19 F.3d 1291, 1300 (9th Cir. 1994).

3        While courts in the Ninth Circuit have discretion to choose whether to use either the

4  percentage-of-the-fund or the lodestar-plus-a-risk-multiplier method to determine whether a request

5  for attorneys' fees is reasonable, courts in this district often prefer a percentage-of-the-fund

6  approach in common-fund cases.  *See*, *e.g.*, *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935,

7  942 (9th Cir. 2011) ("Because the benefit to the class is easily quantified in common fund settlements,

8  we have allowed courts to award attorneys a percentage of the common fund in lieu of the often more

9  time-consuming task of calculating the lodestar."); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047

10  (9th Cir. 2002).  *See also Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268 (9th Cir. 1989);

11  *Six (6) Mexican Workers v. Ariz. Citrus Growers,* 904 F.2d 1301, 1311 (9th Cir. 1990); *Torrisi v.*

12  *Tucson Elec. Power Co.,* 8 F.3d 1370, 1376 (9th Cir. 1993).  Indeed, use of the percentage method

13  "appears to be dominant." *In re OmniVision Techs., Inc.,* 559 F. Supp. 2d 1036, 1046 (N.D. Cal.

14  2008); *see also In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1378-79 (N.D. Cal. 1989) (use of the

15  percentage method decreases burden on courts by eliminating full-blown, time-consuming

16  "lodestar" analyses, while assuring beneficiaries do not experience undue delay in receiving their

17  share of the settlement).

18        It is also well-established that using the percentage method is proper in securities-fraud

19  cases.  The plain language of the PSLRA states that class counsel is entitled to attorneys' fees that

20  represent a "reasonable percentage" of the damages recovered by the class.  *See* 15 U.S.C.A. § 78u-

21  4(a)(6); 15 U.S.C.A. § 77z-1(a)(6).  "By using this language, 'Congress plainly contemplated that

22  percentage-of-recovery would be the primary measure of attorneys' fees awards in federal securities

23  class actions.'" *In re Am. Apparel, Inc. S'holder Litig.*, No. 10-cv-06352-MMM-JCGx, 2014 WL

24  10212865, at *20 (C.D. Cal. July 28, 2014) (quoting *In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d

25  570, 586 (S.D.N.Y. 2008)); *see also In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 300 (3d Cir.

26  2005), *as amended* (Feb. 25, 2005) ("Consistent with past jurisprudence, the percentage-of-recovery

27  method was incorporated in the Private Securities Litigation Reform Act of 1995.").

28

MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS FOR PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – Case No. 5:15-cv-05841-EJD

5

In addition to providing just compensation, awards of attorneys' fees from a common fund also serve to encourage skilled counsel to represent those who seek redress for damages inflicted on entire classes of persons and to discourage future similar misconduct.  Indeed, the Supreme Court has emphasized that private securities actions, such as the instant Action, are an effective weapon in the enforcement of the securities laws.  *See generally, Bateman Eichler, Hill Richards, Inc., v. Berner*, 472 U.S. 299, 310 (1985); *see also Tellabs, Inc., v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 313 (2007) ("This Court has long recognized that meritorious private actions to enforce federal antifraud securities laws are an essential supplement to criminal prosecutions and civil enforcement actions brought, respectively, by the Department of Justice and the [SEC]").

**B.      The Ninth Circuit's 25% Benchmark Award Is Reasonable In This Action**

The instant request for 25% of the $1,500,000.00 Settlement Fund, or $375,000.00, is clearly within the range of attorneys' fees awarded under similar circumstances and is within the range of fees awarded in this District.  The typical range of attorneys' fees in the Ninth Circuit is 20% to $33^{1/3}$% of the total settlement value, with 25% considered the benchmark.  *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000); *see also Bluetooth*, 654 F.3d at 943 (reaffirming 25% benchmark in a common fund case).  However, while this Circuit considers 25% to be a benchmark for fee awards, in "most common fund cases, the award exceeds that benchmark."  *Knight v. Red Door Salons, Inc.*, No. 08-01520 SC, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009); *see also Activision*, 723 F. Supp. at 1377-78 ("[N]early all common fund awards range around 30%.").

Courts "may adjust [the 25% benchmark] figure upwards or downwards if the record shows special circumstances justifying a departure."  *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 260 (N.D. Cal. 2015) (internal citations and quotations omitted).  Relevant factors in assessing whether the requested percentage of the fee is appropriate include, *inter alia*: (1) the results for the class; (2) the risks for its counsel, (3) whether the fee is within the range typically associated with cases of this kind; (4) the burden on plaintiffs' counsel of prosecuting the case; and (5) the difficulty of the questions presented.  *See Vizcaino*, 290 F.3d at 1048-50.

Here, the requested fee percentage is reasonable, considering the relevant factors in the Ninth Circuit and a lodestar cross-check.  Lead Counsel aggressively prosecuted this Action with no

MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS FOR PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – Case No. 5:15-cv-05841-EJD

6

1   guarantee of receiving any remuneration and with full awareness of the potential difficulties of

2   obtaining a recovery from a company in bankruptcy and a primary individual defendant facing

3   criminal charges on which he was later convicted.  *See* Tuccillo Dec. ¶25.  Throughout this litigation,

4   Lead Counsel has been aware of the numerous risks presented by this Action against Shkreli,

5   including difficulties in satisfying the PSLRA's heightened pleading standards for securities-fraud

6   claims, surviving a motion to dismiss, achieving class certification, obtaining discovery given the

7   incarceration of Shkreli and his corporate lawyer, surviving summary judgment, and winning at trial

8   and on appeal.  Even if those difficulties were surmounted, there was still a large recoverability risk,

9   due to Shkreli's limited insurance coverage, his rapidly evaporating personal resources, and his

10  incarceration following his criminal conviction.  *See* Tuccillo Dec. ¶13.  Despite these challenges,

11  Plaintiffs' Counsel expended over 1,757.05 hours in professional services, worth $1,176,579.50 in

12  lodestar, and incurred over $45,165.72 in out-of-pocket expenses.  *See* Tuccillo Dec., ¶¶26, 30;

13  Glancy Dec., ¶¶4, 8; Federman Dec., ¶¶4, 8.

### 1.   Lead Counsel Achieved A Favorable Result For The Settlement Class

15  The result achieved is an important factor to be considered in making a fee award.  *See*

16  *Vizcaino*, 290 F.3d at 1048; *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1175 (S.D.

17  Cal. 2007).  Here, the two settlements achieved for the Class totaled $3,254,722.73, which represents

18  a return of approximately 16.3% of total ***possible*** damages recoverable, based on the $20 million

19  class-wide proof of claim that Plaintiffs filed in KaloBios's bankruptcy proceeding, No. 15-12628

20  (LSS) in the U.S. Bankruptcy Court for the District of Delaware.

21  This recovery is ***notably larger*** than comparable securities-class-action-settlement

22  recoveries as a percentage of estimated damages.  For example, the median recovery in settlements

23  of securities class actions with damages estimated to be between $20 million and $49 million was

24  8.4% for the period 1996 to 2017.  *See* Tuccillo Dec., Exh. 5, NERA Economic Consulting, *Recent*

25  *Trends in Securities Class Action Litigation: 2017 Full-Year Review* (Jan. 29, 2018), at 37.  Indeed,

26  courts in the Ninth Circuit have recognized that recoveries of ***less than 10%*** of estimated damages

27  are normal for securities class actions.  *See Omnivision*, 559 F. Supp. 2d at 1042 (noting that the

28  average recovery in securities class actions is less than 3% of possible damages and approving

settlement representing 6% of recoverable maximum damages); *In re Heritage Bond Litig.,* No. 02-ML-1475 DT, 2005 WL 1594403, at *8-*9 (C.D. Cal. June 10, 2005) (recognizing average recovery of between 2% to 3% of maximum damages).

Notably, the combined settlements are roughly 16.3% of total potential damages (nearly twice the median observed in the two-decade NERA study), the recovery of which was ***entirely*** dependent on Plaintiffs' ability to survive Shkreli's second motion to dismiss, certify the class in its entirety, conduct discovery with Shkreli and his corporate lawyer incarcerated, successfully defend against summary judgment, prevail on all of their claims against Shkreli at trial and on appeal, prove entitlement to 100% of the estimated total damages, and then collect from Shkreli who, according to his criminal trial counsel, "doesn't have any cash," has no bank accounts, and has a net worth comprised mostly of an illiquid stake in a privately-held company.  *See* SAC ¶52(c).  By resolving this Action against Shkreli at this juncture, Lead Counsel was able to secure a certain and substantial recovery for the Settlement Class, while avoiding the aforementioned risks.  Under any measure, this result is noteworthy and supports the requested fee award.

Indeed, fees representing a higher percentage than that requested here have been awarded by courts within the Ninth Circuit in comparably sized securities-class-action settlements.  *See, e.g.*, *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (fee award equal to 33% of $12 million settlement fund); *Craft v. Cty. of San Bernardino*, 624 F. Supp. 2d 1113, 1127 (C.D. Cal. 2008) ("Cases of under $10 million will often result in fees ***above*** 25%.") (emphasis added); *Patel v. Axesstel, Inc.*, No. 14-CV-1037-CAB-BGS, 2015 WL 6458073, at *8 (S.D. Cal. Oct. 23, 2015) (awarding 30% fees in a securities class action, where settlement fund was $1.25 million); *Bond v. Ferguson Enters.*, *Inc.,* No. 09-cv-1662 OWW MJS, 2011 WL 2648879, at *15 (E.D. Cal. June 30, 2011) (awarding fees of 30% of common fund of $2.25 million); *see also Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 297-98 (N.D. Cal. 1995) (finding that higher percentages, including between 30-50 percent of the fund, tend to be awarded when the funds are less than $10 million) (collecting cases).

MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS FOR PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – Case No. 5:15-cv-05841-EJD

8

**2.  This Action Entailed Significant Risks**

That Lead Counsel undertook this litigation with substantial risk of no recovery is a significant factor in the award of fees. *See Omnivision*, 559 F. Supp. 2d at 1047; *WPPSS*, 19 F.3d at 1299-1301. This is an important factor in determining the attorneys' percentage fee award. *See Vizcaino*, 290 F.3d at 1048-49 (that the case is "fraught with risk and recovery was far from certain" is "a relevant circumstance" that courts must take into account when awarding fees).

Courts have long recognized that the risk of no recovery is substantially increased in securities class actions, which are notoriously complex and difficult to both plead and prove. *See In re Heritage Bond Litig.*, No. 02-ML-1475-DT, 2005 WL 1594389, at *6 (C.D. Cal. June 10, 2005) (emphasizing that class actions, and particularly securities class actions, typically involve substantial complexity); *In re BP p.l.c. Sec. Litig.*, 852 F. Supp. 2d 767, 820 (S.D. Tex. 2012) ("[F]ederal legislation and authoritative precedents have created for plaintiffs in all securities actions formidable challenges to successful pleading."); *In re Ikon Office Solutions, Inc. Sec. Litig.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000) (noting that "securities actions have become more difficult from a plaintiff's perspective in the wake of the PSLRA"); *In re Flag Telecom Holdings*, *Ltd. Sec. Litig.*, No. 02-cv-3400 (CM) (PED), 2010 WL 4537550, at *27 (S.D.N.Y. Nov. 8, 2010) (recognizing that securities class litigation is "notably difficult and notoriously uncertain") (internal citation omitted).

This litigation was no different. As detailed herein and in the accompanying Final Approval Brief and supporting declaration, this Action involved difficult and complex legal and factual matters. Lead Counsel navigated the challenging terrain of the PSLRA by engaging in a thorough investigation of potential claims on behalf of KaloBios's investors. Lead Counsel then prepared and filed highly detailed and particularized initial and amended complaints. In response, Shkreli adamantly maintained that he had no liability, arguing that he never made a material misrepresentation, that the truth was on the market, that Plaintiffs did not sufficiently allege and would not be able to prove fraudulent intent, and that Plaintiffs would be unable to show they had any recoverable damages. *See, e.g.*, Shkreli's Motion to Dismiss the FAC, dated August 16, 2016 (Dkt. No. 61) ("First MTD"), at 16-25; Shkreli's Motion to Dismiss the SAC, dated September 29, 2017 (Dkt. No. 107) ("Second MTD"), at 20-25. Had this Action progressed to a determination of

MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS FOR PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – Case No. 5:15-cv-05841-EJD

9

Shkreli's then-pending motion to dismiss, it is far from certain that the Court would have accepted Plaintiffs' allegations and legal theories over Shkreli's defenses, especially considering that the Court granted Shkreli's first motion to dismiss. *See* Dkt. No. 94. Even if they survived Shkreli's second motion to dismiss, Plaintiffs anticipated that a certification motion would be highly contested, with Shkreli attacking the fraud-on-the-market presumption. Plaintiffs faced a difficult path through discovery, with both Shkreli and his corporate lawyer incarcerated, after which they would have had to survive Shkreli's motion for summary judgment, prove their claims at trial, and successfully overcome likely appeals. The risk of continuing litigation against Shkreli was exacerbated by the possibility that his insurance policy and personal assets would be depleted before a judgment could be secured, especially considering his criminal conviction.

### 3.    Counsel's Fee Was Contingent And Carried A Financial Burden

A determination of a fair fee must consider its contingent nature: it is "an established practice in the private legal market" to reward attorneys for taking the risk of nonpayment by paying them a premium over their normal hourly rates for winning contingency cases. *WPPSS*, 19 F.3d at 1299 (citing Richard Posner, *Economic Analysis of Law*, § 21.9, at 534-35 (3d ed. 1986)). In fact, contingent fees far exceeding the market value of the services if rendered on a non-contingent basis are accepted in the legal profession as a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on an hourly basis, regardless of whether they win or lose. *Id.*; *see also Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 741 (9th Cir. 2016) ("Risk multipliers incentivize attorneys to represent class clients, who might otherwise be denied access to counsel, on a contingency basis."). Courts have consistently recognized that the risk of receiving little or no recovery is a factor in considering an award of attorneys' fees. *Vizcaino*, 290 F.3d at 1050.

The contingent nature of the fee supports a 25% award. Counsel made a substantial outlay of both time and money, all while facing the very real risk of recovering nothing. It is hardly uncommon for a plaintiff's counsel to remain unpaid in cases such as this one after having expended

MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS FOR PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – Case No. 5:15-cv-05841-EJD

10

thousands of hours and large sums of money.[3]   Since the commencement of this Action more than two years ago, Plaintiffs' Counsel has received no compensation for the time and effort expended litigating the claims against Shkreli.   Additionally, although reimbursement was not assured, Plaintiffs' Counsel advanced $45,165.72 in expenses to date toward the prosecution of claims against Shkreli for the benefit of the Settlement Class.   *See* Tuccillo Dec. ¶30; Glancy Dec. ¶8; Federman Dec. ¶8.  Only a portion of those outlays were reimbursed as part of the Partial Settlement. *See* Dkt. No. 101.   In truth, any fee award or expense reimbursement to Plaintiffs' Counsel has always been at risk and completely contingent on the result achieved and on this Court's exercise of its discretion in making any award.

Thus, this factor militates in favor of the requested attorneys' fees and expenses.   *See Heritage Bond*, 2005 WL 1594403, at *21 (risk of non-payment or reimbursement of expenses was a factor weighing strongly in favor of counsel's requested fee award); *Vizcaino*, 290 F.3d at 1050 (counsel's representation of the class on a contingent basis was relevant in determining reasonable fees); *Omnivision*, 559, F. Supp. 2d at 1047 (counsel's substantial outlay of time without receiving compensation and advancement of expenses supported requested fee award); *Immune Response*, 497 F. Supp. 2d at 1175-76 (counsel's representation on contingency supported requested fee).

### 4.    Plaintiffs' Counsel Devoted Exceptional Skill And Quality Of Work

The "prosecution and management of a complex [ ] class action requires unique legal skills and abilities" that are to be considered when evaluating fees.  *Omnivision*, 559 F. Supp. 2d at 1047; *Knight,* 2009 WL 248367, at *6 (same).   "The difficulty of securities litigation generally –

---

[3] It bears noting that many securities cases have been lost at trial, on post-trial motions, or on appeal. *See, e.g.*, *Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215 (10th Cir. 1996) (overturning plaintiffs' verdict obtained after two decades of litigation); *Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263 (2d Cir. 1979) (reversing $87 million judgment after trial).  For example, in *In re JDS Uniphase Corp. Securities Litigation*, the jury issued a verdict in favor of defendants after five years of litigation. No. C-02-1486-CW-EDL, 2007 WL 4788556 (N.D. Cal. Nov. 27, 2007).  In *Hubbard v. BankAtlantic Bancorp, Inc.*, the jury issued a verdict on liability in favor of plaintiffs, but the Eleventh Circuit affirmed judgment as a matter of law against the plaintiffs for lack of proof of loss causation.  688 F.3d 713 (11th Cir. 2012).  In *Backman v. Polaroid Corp.*, the class won a $38 million jury verdict (exclusive of prejudgment interest), and a motion for judgment *n.o.v.* was denied; however, on appeal, the judgment was reversed and the case dismissed, inflicting a total loss after ten years of active litigation.  910 F.2d 10 (1st Cir. 1990).

MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS FOR PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – Case No. 5:15-cv-05841-EJD

11

1    particularly the challenges presented by the PSLRA's pleading requirements – requires skilled

2    counsel familiar with the relevant statutes and case law." *Am. Apparel,* 2014 WL 10212865, at *22.

3    It is important to reward skilled counsel for pursuing difficult cases because "the stated goal in

4    percentage fee-award cases [is] of 'ensuring that competent counsel continue to be willing to

5    undertake risky, complex, and novel litigation.'" *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190,

6    198 (3d Cir. 2000) (internal citation omitted).

7            Here, the quality of Lead Counsel's work in this case is reflected in the significant recovery

8    obtained. *See Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 547-48 (S.D. Fla. 1988) ("Perhaps

9    no better indicator of the quality of representation here exists than the result obtained."), *aff'd,* 899

10   F.2d 21 (11th Cir. 1990). Given the complexity of the pleading and proof of issues presented in this

11   Action, including falsity, scienter, reliance, loss causation, damages, and control of KaloBios, only

12   skilled, diligent counsel could have obtained such a favorable recovery.  From the outset, Lead

13   Counsel has aggressively sought to obtain factual support for Plaintiffs' claims from all available

14   sources, including, without limitation, from the criminal and civil proceedings against Shkreli and

15   from confidential witnesses with knowledge of the relevant events.  *See* Tuccillo Dec., ¶4.  Lead

16   Counsel also steadfastly researched, gathered, and argued the legal authorities supporting Plaintiffs'

17   claims against Shkreli.  *See, e.g.*, Plaintiffs' Opposition to Shkreli's First MTD (Dkt. No. 65);

18   Plaintiffs' Opposition to Shkreli's Second MTD (Dkt. No. 112).  Ultimately, the facts identified and

19   legal arguments raised proved valuable and were a major reason why Lead Counsel were able to

20   achieve this Settlement.  The skill demonstrated by Plaintiffs' Counsel supports the requested fee.

21           "The experience of counsel is also a factor in determining the appropriate fee award."

22   *Heritage*, WL 1594389, at *12 (citing *In re Gen. Instrument Sec. Litig.*, 209 F. Supp. 2d 423, 432-

23   33  (E.D. Pa. 2001) (where "the court justified its fee award of one-third of a common fund based

24   in part on the experience of counsel in litigating securities class actions."); *In re Pub. Serv. Co. of

25   N. M.*, No. 91-0536M, 1992 WL 278452, at *8 (S.D. Cal. July 28, 1992) (experience in complex

26   class actions weighed in favor of fee award of one-third of common fund).  All Counsel are

27   experienced and skilled practitioners in the securities litigation field.  *See* Tuccillo Dec., Exh. 4

28   (Firm Résumé); Glancy Dec., Exh. 4 (Firm Résumé); Federman Dec., Exh. 4 (Firm Résumé).

MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY
AWARDS FOR PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
– Case No. 5:15-cv-05841-EJD

12

1    Also, the quality and vigor of opposing counsel is relevant in evaluating the quality of the

2    services rendered by Lead Counsel. *See, e.g., In re Equity Funding Corp. of Am. Sec. Litig.,* 438 F.

3    Supp. 1303, 1337 (C.D. Cal. 1977) ("[P]laintiffs' attorneys in this class action have been up against

4    established and skillful defense lawyers, and should be compensated accordingly."); *In re Warner*

5    *Commc'ns Sec. Litig.*, 618 F. Supp. 735, 749 (S.D.N.Y. 1985) ("The quality of opposing counsel is

6    also important in evaluating the quality of plaintiffs' counsels' work."), *aff'd,* 798 F.2d 35 (2d. Cir.

7    1986). Defense counsel in this case are prominent attorneys from Fox Rothschild LLP, who have

8    substantial experience in defending securities class actions and who vigorously defended this Action

9    and persuaded the Court to grant Shkreli's first motion to dismiss.

10    **5.    The Negative Lodestar Multiple Amply Supports The Fee Request**

11    As a "cross-check" on the reasonableness of a requested fee award, courts often compare

12    counsel's "lodestar" — a compilation of the hours performed at the various rates charged by the

13    professionals providing the services herein — with the fee request made under the percentage-of-

14    the-fund method, and "the lodestar calculation can be helpful in suggesting a higher percentage

15    when litigation has been protracted . . . [and] may provide a useful perspective on the reasonableness

16    of a given percentage award." *Vizcaino*, 290 F.3d at 1050.

17    In securities class actions, it is common for lodestar figures to be adjusted upward by a

18    sizeable multiplier to reflect a variety of factors, including the complexity of the case and the risks

19    assumed by counsel. For example, the court in *Vizcaino* approved a fee representing a multiple of

20    3.65 times counsel's lodestar. *Id.* at 1051-52 (listing 23 shareholder settlements and the multipliers

21    for each, in which the average multiplier is 3.28 and stating that "courts have routinely enhanced

22    the lodestar to reflect the risk of non-payment in common fund cases"). Indeed, the Ninth Circuit

23    has recognized that the "[risk multiplier] incentive is especially important in securities cases."

24    *Stanger*, 812 F.3d at 741.

25    Here, the requested percentage fee actually amounts to a ***negative multiplier on Counsel's***

26    ***lodestar***, no matter how analyzed, and so the lodestar cross-check confirms that the fee requested

27    by Plaintiffs' Counsel is more fair and reasonable. The lodestar cross-check supports the award, as

28    a negative multiplier results either when the post-Partial-Settlement-only lodestar ($377,634.50) is

MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY
AWARDS FOR PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
– Case No. 5:15-cv-05841-EJD

1    compared against the currently-requested $375,000 award (a 0.99 multiplier) or when the total

2    aggregate lodestar to date ($1,176,579.50) is compared against the total fee awards from both

3    settlements ($813,680.68) assuming the instant Fee Motion is granted (a 0.69 multiplier).  *See*

4    Tuccillo Dec., ¶¶26-29, Exhs. 1 (Total Lodestar) and 2 (Post-Partial-Settlement Lodestar); Glancy

5    Dec., ¶¶4-7, Exhs. 1 (Total Lodestar) and 2 (Post-Partial-Settlement Lodestar); Federman Dec., ¶¶4-

6    7, Exhs. 1 (Total Lodestar) and 2 (Post-Partial-Settlement Lodestar).   Moreover, Plaintiffs'

7    Counsel's lodestar does not even include time and effort that they will continue to devote to the

8    Action on behalf of the Settlement Class by, for example, directing the claims-administration

9    process and final distribution.  Nor does the lodestar include the time spent on this fee application.

10    Thus, under any calculation, the lodestar cross-check demonstrates that the requested fee is

11    unquestionably reasonable compared to both the 3.65 multiplier approved in *Vizcaino* and the 1-4

12    range of frequently awarded multipliers discussed in *Vizcaino* and in other Ninth Circuit cases.  *See*

13    *Vizcaino*, 290 F.3d at 1051 n.6; *Van Vranken*, 901 F. Supp. at 298 ("Multipliers in the 3-4 range are

14    common in lodestar awards for lengthy and complex class action litigation."); *Destefano v. Zynga,*

15    *Inc.*, No. 12-CV-04007-JSC, 2016 WL 537946, at *21 (N.D. Cal. Feb. 11, 2016) ("In securities class

16    actions in particular, courts have applied multipliers ranging from 1.25 up to 4.") (collecting cases).

17    The scant negative multiplier represented here is especially reasonable, considering that the recovery

18    achieved for the Settlement Class, as a percentage of maximum damages, is substantially above the

19    median for comparable securities fraud class actions, as discussed herein.

20                    **6.        The Reaction To The Fee Request Was Overwhelmingly Positive**

21    The Summary Notice was published on *Globe Newswire* on April 19, 2018, and more than

22    21,400 Short-Form Notices were mailed to potential Settlement Class Members, both directing them

23    to the Claims Administrator's website, where they could obtain the Settlement papers, including the

24    Long-Form Notice, Claim Form, and Stipulation.  *See* Evans Dec. ¶¶7, 9-10.  This robust process

25    informed potential Settlement Class Members that Lead Counsel would request a fee award up to

26    25% of the Settlement Fund.  *See id.* ¶¶7,9-10, Exh. C (Long-Form Notice), at 2.  ***No objection to***

27    ***the fee has been filed to date nor has there been any request for exclusion.***  *Id.* ¶¶12-13.  This

28    overwhelmingly positive reaction supports Plaintiffs' Counsel's fee request: courts have recognized

MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY
AWARDS FOR PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
– Case No. 5:15-cv-05841-EJD

1   that "[t]he presence or absence of objections from the class is also a factor in determining the proper

2   fee award." *Heritage Bond*, 2005 WL 1594389, at *15-16 (holding that "the lack of significant

3   objections to the requested fees justifies an award of one-third of the Settlement Fund[,]" particularly

4   where the number of objections to the fee was "remarkably small given the wide dissemination of

5   notice"); *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 149 (E.D. Pa. 2000) (finding that only one

6   objection despite mailed notices to over 5,250 potential class members "weighs in favor of

7   approving the fee petition").

8          **C.     Plaintiffs' Counsel's Expenses Were Reasonable And Necessary**

9          Traditionally, Ninth Circuit "courts have awarded expenses from the litigation, in addition

10  to a percentage of the fund." *In re Businessland Sec. Litig.*, No. C-90-20476-RFP, 1991 WL 427887,

11  at *2 (N.D. Cal. June 14, 1991).  It is well established that counsel who create a common fund are

12  entitled to the reimbursement of expenses that they advanced for the benefit of the class.  *Harris v.*

13  *Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (plaintiff "may recover as part of the award of attorney's

14  fees those out-of-pocket expenses that 'would normally be charged to a fee paying client.'") (internal

15  citation omitted).  Courts grant such requests for reimbursement of expenses where "class counsel

16  incurred out-of-pocket costs including: (1) filing fees; (2) copying, mailing, faxing and serving

17  documents; (3) conducting depositions and obtaining deposition transcripts; (4) conducting

18  computer research; (5) travel to depositions, hearings, and mediation sessions; (6) expert fees; and

19  (7) mediation expenses." *Milligan v. Toyota Motor Sales, U.S.A., Inc.*, No. C 09-05418 RS, 2012

20  WL 10277179, at *9 (N.D. Cal. Jan. 6, 2012); *see also Alvarado v. Nederend*, No. 08-cv-01099

21  OWW DLB, 2011 WL 1883188, at *10 (E.D. Cal. Jan. May 17, 2011); *In re Magsafe Apple Power*

22  *Adapter Litig.*, No. 09-CV-01911-EJD, 2015 WL 428105, at *15 (N.D. Cal. Jan. 30, 2015)

23  (approving reimbursement of $100,000 in expenses that included "cost of experts and consultants,

24  computerized research such as the use of Lexis and Westlaw, travel expenses such as airfare, meals,

25  lodging and transportation, and costs such as photocopies, postage, filing fees, and telephone

26  charges.").

27         Counsel incurred additional unreimbursed out-of-pocket expenses of $19,041.70 in

28  prosecuting this Action, over and above those previously reimbursed via the earlier Partial

MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY
AWARDS FOR PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
– Case No. 5:15-cv-05841-EJD

1   Settlement with the non-Shkreli Defendants, a large portion of which were the costs of mediation

2   with Defendant Shkreli.  *See* Tuccillo Dec., ¶¶30-31, Exh. 3 (Expenses); Glancy Dec., ¶¶8-9, Exh.

3   3 (Expenses); Federman Dec., ¶¶8-9, Exh. 3 (Expenses).  Because these expenses were incurred

4   with no guarantee of recovery, Plaintiffs' Counsel had a strong incentive to keep them as low as

5   reasonably possible – and did.  Indeed, they are far below the $50,000 estimate contained in the

6   Notice, which generated ***no objections*** from the Settlement Class.  *See* Evans Dec. ¶13, Exh. C

7   (Long-Form Notice), at 2.  Each of the expenses for which Plaintiffs' Counsel seeks reimbursement

8   was necessary to the successful prosecution of this Action and is the type of expense that would

9   have been billed to a paying client.  Accordingly, their reimbursement is reasonable and appropriate.

10          **D.      The Requested Compensatory Awards To Plaintiffs Should Be Approved**

11          Plaintiffs also respectfully request that the Court award them $500 each (or $2,500 in total)

12   in connection with their representation of the Settlement Class.  "[N]amed plaintiffs, as opposed to

13   designated class members who are not named plaintiffs, are eligible for reasonable incentive

14   payments." *Staton v. Boeing Co.,* 327 F.3d 938, 977 (9th Cir. 2003).  Plaintiffs have devoted time

15   representing the Settlement Class throughout the Action and have fulfilled their oversight

16   obligations admirably.  Plaintiffs submitted declarations setting forth their participation in the

17   Action, including their time and efforts devoted to: (1) reviewing complaints and motion papers; (2)

18   overseeing the Action; (3) communicating with counsel about the Action; and (4) considering its

19   potential resolution, articulating settlement authority, and approving the Settlement.  *See* Fatema

20   Dec. ¶¶5, 7; Ingram Dec. ¶¶5, 7; Gudlavenkatasiva Dec. ¶¶5, 7; Saifulislam Dec. ¶¶5, 7; Isensee

21   Dec. ¶¶5, 7; Tuccillo Dec. ¶33.  Absent the participation and oversight of Plaintiffs, the Partial

22   Settlement would not have been achieved.

23          The requested incentive award of $500 each is fair and reasonable.  Indeed, courts routinely

24   approve incentive awards of substantially more.  *See, e.g., In re Mego Fin. Corp. Sec. Litig.,* 213

25   F.3d 454, 463 (9th Cir. 2000) (approving incentive awards of $5,000 each to two class

26   representatives in securities-class-action settlement of $1.725 million); *In re Linkedin User Privacy*

27   *Litig.*, 309 F.R.D. 573, 592 (N.D. Cal. 2015) (recognizing that "a $5,000 incentive award is

28   presumptively reasonable"); *Buccellato v. AT&T Operations, Inc.*, No. C10-00463-LHK, 2011 WL

MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY
AWARDS FOR PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
– Case No. 5:15-cv-05841-EJD

16

4526673, at *4 (N.D. Cal. June 30, 2011) (awarding $20,000 to lead plaintiff and $5,000 to class representatives).  *See also, e.g.*, *In re Veritas Software Corp. Sec. Litig.*, 396 F. App'x 815, 817 (3d Cir. 2010) (awarding $15,000 for each lead plaintiff); *In re Giant Interactive Grp., Inc. Sec. Litig.*, 279 F.R.D. 151, 166 (S.D.N.Y. 2011) (awarding $10,000 as an incentive and for lost time); *In re Xcel Energy, Inc., Sec., Derivative & ''ERISA'' Litig.*, 364 F. Supp. 2d 980, 1000 (D. Minn. 2005) (approving a $100,000 award to lead plaintiffs and noting that lead plaintiff awards are important because they further "the important policy role [lead plaintiffs] play in the enforcement of the federal securities laws on behalf of persons other than themselves").

## IV.    CONCLUSION

Lead Counsel, with the support and assistance of the other Plaintiffs' Counsel, and under the supervision of Plaintiffs, undertook substantial risk that no recovery would ever be achieved, incurred a sizeable **negative** lodestar in prosecuting this Action against Shkreli on behalf of the Settlement Class, and achieved a favorable recovery for Settlement Class Members, despite KaloBios's bankruptcy and Shkreli's conviction and incarceration.  Accordingly, Plaintiffs and their Counsel respectfully request that this Court award the requested fees.  Additionally, because the expenses that Plaintiffs' Counsel advanced for the benefit of the Settlement Class were reasonably necessary to prosecute this Action and were the type usually billed to clients outside of a contingency-payment arrangement, Plaintiffs and their Counsel also respectfully request that the Court grant reimbursement of the identified expenses.  Finally, Plaintiffs and their Counsel respectfully request that Plaintiffs be awarded $500 each for their efforts expended in this Action and without whose participation the Settlement with Defendant Shkreli would not have been achieved.

MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS FOR PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – Case No. 5:15-cv-05841-EJD

17

Dated: July 5, 2018

Respectfully submitted,

**POMERANTZ LLP**

By: _/s/Matthew L. Tuccillo_
Matthew L. Tuccillo
Marc I. Gross
Jeremy A. Lieberman
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: migross@pomlaw.com
jalieberman@pomlaw.com
mltuccillo@pomlaw.com

Jennifer Pafiti (SBN 282790)
**POMERANTZ LLP**
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (818) 532-6449
E-mail: jpafiti@pomlaw.com

Patrick V. Dahlstrom
**POMERANTZ LLP**
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

_Counsel for Plaintiffs and_
_Proposed Lead Counsel for the Settlement Class_

Lionel Z. Glancy
Robert V. Prongay
Ex Kano S. Sams II
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: lglancy@glancylaw.com
rprongay@glancylaw.com
esams@glancylaw.com

William B. Federman
A. Brooke Murphy

MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS FOR PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – Case No. 5:15-cv-05841-EJD

18

**FEDERMAN & SHERWOOD**
10205 North Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Telephone: (405) 235-1560
Facsimile:  (405) 239-2112

*Additional Counsel for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on July 5, 2018.

                                                    */s/ Matthew L. Tuccillo*
                                                    Matthew L. Tuccillo

MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS FOR PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – Case No. 5:15-cv-05841-EJD

20