UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE KALOBIOS PHARMACEUTICALS, INC. SECURITIES LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 5:15-cv-05841-EJD<br><br>**CLASS ACTION**<br><br>[~~PROPOSED~~] ORDER AND FINAL JUDGMENT<br><br>Hon. Edward J. Davila |

On August 2, 2018 the Court conducted a hearing to determine, among other things: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated March 21, 2018 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against Defendant Martin Shkreli ("Shkreli" or the "Settling Defendant") as a settlement of the remaining claims of this litigation (the "Settlement"); and (2) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among the Settlement Class Members; and

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that the Notice substantially in the form approved by the Court in the Court's April 2, 2018 Amended Order Granting Preliminary Approval of Settlement ("Preliminary Approval Order") was mailed to all reasonably identifiable potential Settlement Class Members; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Unless indicated otherwise, capitalized terms used herein have the same meanings as defined in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members, and the Settling Defendant.

3. In the Preliminary Approval Order the Court certified, for purposes of the Settlement only, the Action as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of the Settlement Class consisting of all Persons who purchased or otherwise acquired KaloBios Pharmaceuticals, Inc. ("KaloBios") common shares between November 19, 2015 and December 16, 2015, inclusive (the "Settlement Class Period"). Excluded from the Settlement Class are Settling Defendant and his immediate family members; the other Released Parties, who are Shkreli's successors and assigns, and his insurers; former Defendant KaloBios and its successors, assigns, officers, directors, subsidiaries, affiliates, and employees during the Settlement Class Period, including, but not limited to, Ted W. Love, Denise Gilbert, Laurie Smaldone Alsup, Gary Lyons, Robert A. Baffi, Raymond M. Withy, Charles Democko, Don Joseph, Geoffrey Yarranton, Judy Alaura, Priyanka Ankola, Deborah Brown, Mark Camarena, Blair Evans, Jennifer Fernando, Morgan Lam, Wendy Lin, Tom Selph, Ted Shih, and Mirella Villa del Toro; former Defendants Ronald Martell and Herb Cross and their immediate family members; Shkreli's affiliates and the other members of his investor group who acquired roughly 70% of KaloBios stock as announced by KaloBios: David Moradi ("Moradi"), Anthion Partners II LLC, and Marek Biestek; and those individuals who otherwise acquired KaloBios stock and/or were appointed as KaloBios officers and directors in conjunction with Shkreli's takeover of the company, including Moradi, Tony Chase, Tom Fernandez, and Michael Harrison. Per the terms of the Stipulation, the Settling Defendant shall assist in identifying the members of his immediate family who will be excluded from the Settlement Class. Also excluded are those persons or entities who filed valid and timely requests for exclusion in accordance with this Order. If any persons or entities have filed such valid and timely requests for exclusion, they are

set forth in Exhibit A hereto; if no person nor entity has filed such valid and timely requests for exclusion, there is no Exhibit A hereto.

4. With respect to the Settlement Class, and for purposes of this Settlement only, the Court finds and concludes that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) are satisfied as: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) Plaintiffs' claims are typical of the Settlement Class Members' claims; (d) Plaintiffs and Lead Counsel have fairly and adequately represented and protected the Settlement Class Members' interests; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the Settlement Class Members' interests in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Action.  Accordingly, for settlement purposes only, the Settlement Class is certified, Plaintiffs are appointed Class Representatives, and Lead Counsel are appointed Class Counsel.

5. The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Fed. R. Civ. P. 23, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all Persons entitled to such notice.  No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Settlement

Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Final Judgment.

6. The Settlement, whereby Settling Defendant caused to be paid per the terms of the Stipulation one million five hundred thousand dollars ($1,500,000.00) in cash is approved as fair, reasonable and adequate, and in the best interests of the Settlement Class. The Court finds that: there was no collusion in connection with the Stipulation; the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel representing the Settling Parties' interests; and the record is sufficiently developed and complete to have enabled the Plaintiffs, Lead Counsel, the Settling Defendant, and their counsel to have adequately evaluated and considered their positions.

7. Plaintiffs and the Settling Defendant are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation. This Action is dismissed with prejudice as to the Settling Defendant.

8. Plaintiffs and the Settlement Class Members hereby release and forever discharge the Settling Defendant and Released Parties from any and all Settlement Class Claims, whether or not such Plaintiffs or Settlement Class Members return the Claim Form or share in the Settlement Fund. Plaintiffs and the Settlement Class Members are hereby permanently and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Settlement Class Claims against the Settling Defendant and the Released Parties, as set forth in the Stipulation. For purposes of this Order and Final Judgment:

  a. "Settlement Class Claims" means any and all claims, both known and Unknown Claims, alleged or which could have been alleged or pled or which could have been pled in the Action against the Settling Defendant or any of the Released Parties, for any alleged injury to a Settlement Class Member arising from the facts and circumstances at issue in the Action or related in any way to Shkreli's tenure

at KaloBios, alleged misstatements or omissions made by Shkreli, and transactions by any Settlement Class Member in KaloBios stock, whether known or Unknown Claims, whether direct or for indemnification, contribution or otherwise, and whether arising under state, federal, or common law, and including any claim for recovery of liability to the Settlement Class or its members for any costs, expenses or attorneys' fees, but excepting claims to enforce this Settlement.

b.  "Released Parties" means Defendant Shkreli, his immediate family members, his successors and assigns, and his insurers.

9.  The Settling Defendant, including any and all of his successors in interest or assigns, hereby releases and forever discharges any and all Defendant Claims against the Plaintiffs or any Settlement Class Member, and any of their counsel including Lead Counsel. For purposes of this Order and Final Judgment:

a.  "Defendant Claims" means any and all actual and potential claims, counterclaims, and bases for relief, whether known or Unknown Claims, that the Settling Defendant could have raised in the Action against the Plaintiffs or Lead Counsel, including, without limitation, claims arising under Fed. R. Civ. P. 11 or any other claims seeking reimbursement of costs, expenses, attorneys' fees, but excepting claims to enforce the Settlement.

10.  **Bar Order**: All Persons are barred from commencing, prosecuting, or asserting any Barred Claims. All Barred Claims are hereby extinguished, discharged, satisfied, and unenforceable. If any term of this Bar Order is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all Released Parties the fullest protection permitted by law from any Barred Claim. For purposes of this Order and Final Judgment:

a.  "Barred Claim" means any claim, if any, however styled, whether for indemnification, contribution, or otherwise and whether arising under state, federal, or common law, against the Settling Defendant or Released Parties

(including claims asserted by Released Parties against other Released Parties) where the claim is or arises from a Settled Claim and the alleged injury to such Person arises from that Person's alleged liability to the Settlement Class or any Settlement Class Member, including any claim in which a Person seeks to recover from any of the Released Parties (i) any amounts such person or entity has or might become liable to pay to the Settlement Class or any Settlement Class Member and/or (ii) any costs, expenses, or attorneys' fees from defending any claim by the Settlement Class or any Settlement Class Member.

11. Notwithstanding the foregoing Paragraph 10, nothing in this Order and Final Judgment:

    a. will bar the Released Parties from pursuing claims that are outside the scope of or independent of the Settled Claims;

    b. will bar or constitute a release of any claim by any of the Released Parties for insurance or reinsurance coverage arising out of, related to, or in connection with this Action or the Released Claims; or

    c. shall prevent any Person listed on Exhibit A (if there is one) hereto from pursuing any claim against any Released Party; if any such Person pursues any such claim against any Released Party, nothing in this Order and Final Judgment or in the Stipulation shall operate to preclude such Released Party from (i) asserting any claim of any kind against such Person, including any Defendant Claim, (ii) or seeking contribution or indemnity from any Person, including any other Released Party, in respect of the claim made by a Person listed on Exhibit A (if there is one).

12. Plaintiffs' counsel are awarded attorneys' fees in the amount of 25% of the Settlement Fund, or $375,000.00, and expenses in the amount of $19,041.70, such amounts to be paid from out of the gross Settlement Fund within ten (10) calendar days following the entry of this Order. Lead Counsel shall thereafter be solely responsible for allocating the attorneys' fees

and expenses among other Plaintiffs' counsel in a manner in which Lead Counsel in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action. In the event that this Judgment does not become Final, and any portion of the Fee and Expense Award has already been paid from the Settlement Fund, Lead Counsel and all other plaintiffs' counsel to whom Lead Counsel has distributed payments shall within ten (10) business days from the event that precludes the Effective Date from occurring or the termination of the Stipulation, refund the Settlement Fund the Fee and Expense Award paid to Lead Counsel and, if applicable, distributed to other counsel.

13. Plaintiffs are each awarded the sum of $500.00 as reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Gross Settlement Fund upon the Effective Date of the Settlement.

14. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members.

15. The Court finds that all parties and their counsel have complied with each requirement of Fed. R. Civ. P. 11 as to all proceedings herein.

16. Neither this Order and Final Judgment, the Preliminary Approval Order, the Stipulation (including the exhibits thereto), the Memorandum Of Understanding ("MOU"), nor any of the negotiations, documents, or proceedings connected with them shall be:

 a. referred to or used against the Released Parties or against the Plaintiffs or the Settlement Class as evidence of wrongdoing by anyone;
 b. construed against the Released Parties or against the Plaintiffs or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;
 c. construed as, or received in evidence as, an admission, concession, or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the Second Consolidated

           Amended Complaint for Violation of the Federal Securities Laws would not have exceeded the Settlement Amount;

   d.   used or construed as an admission of any fault, liability, or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption, or inference against any of the Released Parties in any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation; or

   e.   shall be construed against the Released Parties, Settling Defendant's Counsel, Lead Counsel, Plaintiffs, or the other Settlement Class Members as an admission or concession that the consideration to be paid under the Stipulation represented the amount that could be or would have been recovered after trial or that any damages potentially recoverable in the Action would have exceeded or would have been less than the Settlement Amount.

17. Notwithstanding the foregoing Paragraph 15, the Settling Parties and other Released Parties may file or refer to this Order and Final Judgment, the Stipulation, Preliminary Approval Order, and/or any Claim Form: (a) to effectuate the liability protections granted hereunder or thereunder, including, without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to obtain a judgment reduction under applicable law; (c) to enforce any applicable insurance policies and any agreements relating thereto; or (d) to enforce the terms of the Stipulation and/or this Order and Final Judgment.

18. Exclusive jurisdiction is hereby retained over the Settling Parties for all matters relating to the Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation or Settlement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

19. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions in the Stipulation.

20. There is no just reason for delay in the entry of this Order and Final Judgment, and immediate entry by the Clerk of the Court is directed pursuant to Fed. R. Civ. P. 54(b).

21. The finality of this Order and Final Judgment shall not be affected, in any manner, by any appeals concerning the Attorneys' Fees and Expenses awarded herein, the award to Plaintiffs, or the Plan of Allocation.

22. In the event that the Settlement does not become Final and effective in accordance with the terms and conditions set forth in the Stipulation, then the Stipulation, except as otherwise provided in paragraph 41 therein, including any amendment(s) thereto, the Preliminary Approval Order, as set forth in paragraph 32 thereof, and this Order and Final Judgment, except for paragraphs 16 and 22-24 herein, shall be rendered null and void and of no further force or effect, and all Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective status prior to the execution of the MOU, and the Settling Parties shall proceed in all respects as if the MOU and the Stipulation had not been executed and the related orders had not been entered, without prejudice in any way from the negotiation, fact, or terms of the Settlement, and preserving all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action.  In such circumstances, the parties shall jointly ask the Court to reschedule the oral argument on Defendant Shkreli's second motion to dismiss, which they had asked the Court to vacate in light of the Settlement.

23. In the event the Settlement does not become Final and effective in accordance with the terms and conditions set forth in the Stipulation, the Escrow Agent shall refund the Gross Settlement Fund, less amounts already expended for Notice and Administration Expenses pursuant to the terms of the Stipulation (provided that any deductions from the refund for expenses and costs related to Notice and Administration Expenses shall be deducted from the settlement consideration paid by XL Specialty Insurance Company ("XL") on behalf of the Settling Defendant) to XL within ten (10) business days thereafter.  Under those circumstances,

1  Lead Counsel and its partners shall undertake to return those amounts by taking all steps
2  necessary to cause the Escrow Agent to make the foregoing repayments. Plaintiffs and the
3  Settlement Class shall have no responsibility for the return of such consideration.

4        24.    The Court's orders entered during this Action relating to the confidentiality of
5  information shall survive this Settlement.

**IT IS SO ORDERED.**

Dated: August 2, 2018

_____
HON. EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE